1
2
3
4

***HELLER & EDWARDS***
Lawrence E. Heller, Esq. State Bar No. 69770
9454 Wilshire Blvd., Suite 500
Beverly Hills, California 90212
Tel:    (310) 550-8833
Fax:    (310) 858-6637

5

Attorneys for Defendants C. Agriculture Group Corp., Jin Xia Wen and Mingju Xu

6

**UNITED STATES DISTRICT COURT**

7

**CENTRAL DISTRICT OF CALIFORNIA**

8

| | |
|---|---|
| 9  HARMONI INTERNATIONAL SPICE, INC., a California corporation, and ZHENGZHOU | Case No.: 2:16-cv-00614-BRO (ASx) |
| 10  HARMONI SPICE., LTD., a corporation, | |
| 11                                     Plaintiff, | **DEFENDANTS, C AGRICULTURE** |
| 12  vs. | **GROUP CORP., JIN XIA WEN, AND MINGJU XU'S, NOTICE OF MOTION AND MOTION TO** |
| 13  WENXUAN BAI, an individual, JICHENG YE, | **DISMISS AND/OR STRIKE THE COMPLAINT OF PLAINTIFFS,** |
| 14  an individual, RUOPENG WANG, an individual, | **HARMONI INTERNATIONAL** |
| 15  ROBERT T. HUME, an individual, JOEY C. MONTOYA, an individual, STANLEY | **SPICE, INC. AND ZHENGZHOU HARMONI SPICE CO., LTD.** |
| 16  CRAWFORD, an individual, AVRUM KATZ, an | **[Fed. R. Civ. P. Rule 12 (b) (6) and** |
| 17  individual, HUAMEI CONSULTING CO., INC., a corporation, HUAMEI CONSULTING CO., | **12(f)]]** |
| 18  LTD., a corporation, KWO LEE, INC., a | **Hearing Date:    April 8, 2016** |
| 19  corporation, SHUZHANG LI, an individual, C. | **Time:                1:30 p.m.** **Courtroom:       14** |
| 20  AGRICULTURE GROUP CORP., a corporation, HEIBEI GOLDEN BIRD TRADING CO., LTD., | **[Request to Take Judicial Notice** |
| 21  a corporation, QINGDAO TIANTAIXING | **filed concurrently; [Proposed] Order also lodged concurrently]** |
| 22  FOODS, CO., LTD., a corporation, JINXIANG HEJIA CO., | **Action Filed:    January 27, 2016** |
| 23  LTD., a corporation, QINGDAO LIANGHE | **Trial Date:       None Set** |
| 24  INTERNATIONAL TRADING CO., LTD., a corporation, CHEN HONGXIA, an individual, | |
| 25  JIN XIA WEN, an individual, MINGJU XU, an individual, CAI DU, an individual, QINGHUI | |
| 26  ZHANG, an individual, LUCY WANG, an | |
| 27  individual, | |
| 28                                     Defendants. | |

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on April 8, 2016, at 1:30 p.m., or as soon hereafter as the matter may be heard before the Honorable Beverly Reid O'Connell, of the United States District Court for the Central District of California, in Courtroom 14 of the United States Courthouse located at 312 N. Spring Street, Los Angeles, California 90012, Defendants, C Agriculture Group Corp., Jin Xia Wen and Minju Xu ("Moving Defendants") will and hereby do move to dismiss and/or strike the Complaint of Plaintiffs, Harmoni International Spice, Inc. and Zhengzhou Harmoni Spice Co., Ltd. (collectively "Plaintiffs"), pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f).

This Motion is made on the grounds that Plaintiff Complaint fails to state any claim upon which relief may be granted against Moving Defendants, and should be dismissed in its entirety, or the stricken. Specifically:

1.     Plaintiffs' First Through Sixth Claims for Relief fail to state any cognizable claim against the Moving Defendants whose alleged conduct is protected by California's litigation privilege.

2.     Plaintiffs' First Claim for Relief based on purported RICO violations fails to state a claim as to the Moving Defendants and should be dismissed with prejudice for the following reasons:

a.     Moving defendants' purported RICO violations, which are predicated on their pre-litigation demand letter to Plaintiffs, are not actionable due the  protection conferred by the Noerr–Pennington Doctrine; and

b.     Plaintiffs' factual allegations as to the Moving Defendants, are legally insufficient to state a claim for any RICO violation as against these defendants because Plaintiffs have failed to allege facts with the requisite specificity mandated by Rule 9 so as to establish the existence of an ongoing Enterprise involving the Moving Defendants; a Pattern of Racketeering Activity involving the Moving Defendants; or

the existence of a proximate injury to Plaintiffs cause by any RICO violation attributable to the Moving Defendants.

3.   Plaintiffs' Second Claim for Relief based Statutory Unfair Competition under California Business & Professions Code §17200, et seq, is barred by the Safe Harbor Doctrine and because it fails to allege the purportedly unfair or "unlawful conduct" with the requisite specificity.

4.   Plaintiffs' Third Claim for Relief based on common law Unfair Competition should be stricken or dismissed in that Plaintiff does not allege any facts which give rise to such a claim as a matter of law.

5.   Plaintiffs' Fourth Claim for Relief based on Trade Libel under California law fails to state a plausible claim against the Moving Defendants because the conclusory allegations asserted therein fail to identify any particular customers or transactions of which Plaintiffs were deprived as a result of the alleged libel, nor have Plaintiffs' established the existence of any pecuniary loss.

6.   Plaintiffs' Fifth Claim for Relief based on Interference with Contractual Relations fails to state a cognizable claim against the Moving Defendants in that such claim requires allegations of an actual breach or disruption of the contractual relationship and a resulting damage, both of which are missing from Plaintiffs' complaint.

7.   Plaintiffs' Sixth Claim for Relief based on Intentional Interference with Prospective Economic Advantage fails to state a cognizable claim against the Moving Defendants in that such claim requires allegations of an actual breach or disruption of the prospective relationship, a resulting damage, and an independent wrongful act, all of which are missing from Plaintiffs' complaint.

This Motion is based on this Notice; the attached Memorandum of Points and Authorities; any judicially noticed materials; all pleadings, files and records of this action; and such other argument as may be received by this Court at the hearing on this Motion.

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

8.     Plaintiffs' damage allegation in the Second Claim for Relief must be stricken in that damages are not recoverable in a statutory claim for unfair competition under California Business & Professions Code §17203.

This Motion is made following conference of counsel pursuant to Local Rule 7-3 which took place on February 24, 2016.

For each of these reasons, Moving Defendants respectfully requests that the Court grant this Motion, and dismiss or strike the First through Sixth Claims being asserted in the Complaint as against the Moving Defendants without leave to amend.

DATED: March 4, 2016          **_HELLER & EDWARDS_**

By:   /s/: Lawrence E. Heller          .
Lawrence E. Heller, Esq.
Attorneys for C Agriculture Group Corp.,
Jin  Xia Wen and Minju Xu

# **TABLE OF CONTENTS**

I.   INTRODUCTION AND FACTUAL ALLEGATIONS AGAINST THE MOVING DEFENDANTS.............................................................................1

II.  THE ISSUES PRESENTED IN THIS MOTION CAN AND SHOULD BE DECIDED AT THE PLEADING STAGE......................................................3

    A.   Dismissal is Appropriate Under Rule 12(b)(6) Where, As Here, the Alleged Facts, Even If Deemed True, Do Not Entitle the Plaintiffs to Legal Relief Against the Moving Defendants......................................4

    B.   Plaintiff's Redundant, Immaterial, or Scandalous Claims or Allegations Against the Moving Defendants, May Be Stricken under Rule 12(f)................................................................................................5

III. PLAINTIFF'S CLAIMS FAIL TO ALLEGE ANY COGNIZABLE THEORY OF RELIEF AGAINST MOVING DEFENDANTS WHOSE ALLEGED CONDUCT IS PROTECTEDBY THE LITIGATION PRIVILEGE................................................................................................6

IV.  PLAINTIFF'S FIRST CLAIM FOR RELIEF BASED ON PURPOTED RICO VIOLATIONS FAILS TO STATE A CLAIM AS TO THE MOVING DEFENDANTS AND SHOULD BE DISMISSED WITH PREJUDICE......8

    A.   Moving Defendants' Purpoted RICO Violations, Which Are Predicated on their Pre-litigation Demand Letter to Plaintiffs, Are Not Actionable Due to the Protection Conferred by the *Noerr-Pennington* Doctrine.............................................................................................8

    B.   Plaintiff's Factual Allegations as to the Moving Defendants, are Legally Insufficient to State a RICO Violation Claim Against These Defendants.......................................................................................11

        1.   Plaintiffs Have Not Sufficiently Alleged the Existence of an Ongoing Enterprise Involving the Moving Defendants......................11

2. Plaintiffs Have Not Sufficiently Alleged a "Pattern of Racketeering Activity" Involving the Moving Defendants................12

3. Plaintiffs Have Not Sufficiently Alleged the Existence of Proximate Injury Cause by the Purported RICO Violation Attributable to the Moving Defendants..................................................................13

V. PLAINTIFFS' CLAIMS FOR RELIEF BASED ON ALLEGATIONS OF STATUTORY AND COMMON LAW UNFAIR COMPETITION UNDER CALIFORNIA LAW FAIL TO STATE ANY CLAIM AS TO THE MOVING DEFENDANTS AND SHOULD BE DISMISSED WITH PREJUDICE..................................................................................15

A. Plaintiffs Fail to Allege a Viable Statutory Claim for Unfair Competition Under *California Business and Professions Code* §17200 et seq..................................................................................15

B. Plaintiff's Request for Damages in Their Second Claim for Relief Must be Stricken..................................................................17

C. Plaintiff's Cannot Plausibly Assert a Viable Claim for Common Law Unfair Competition Under California Law Based on the Facts at Bar ..................................................................................18

VI. PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD THEIR FOURTH CLAIM FOR TRADE LIBEL..................................................19

VII. PLAINTIFF'S HAVE NOT SUFFICIENTLY STATED THEIR INTERFERENCE CLAIMS BY FAILING TO ALLEGE THE NECESSARY ELEMENTS OF SUCH CLAIMS, THEREFORE WARRANTING A DISMISSAL WITH PREJUDICE OF THE FIFTH AND SIX CLAIMS IN THE COMPLAINT..................................21

A. A Claim Based on Intentional Interference with Contractual Relations Requires Allegations of an Actual Breach or Disruption of the Contractual

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

Relationship and a Resulting Damage, Both of Which Are Missing from Plaintiffs' Fifth Claim for Relief..................................................................21

B.      A Claim Based on Intentional Interference with Prospective Economic Advantage Requires an Allegation of an Actual breach or Disruption of the Prospective Relationship, a Resulting Damage, and an Independent Wrongful Act , All of Which Are Missing from Plaintiff's Sixth Claim for Relief.........................................................................................................22

VIII.   CONCLUSION...............................................................................24

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

# TABLE OF AUTHORITIES

## Federal Cases

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.,*
   No. CV 11-02243 CW, 2012 WL 3877783 (N.D. Cal. 2012) .............................7

*Alvarez v. Chevron Corp.,*
   656 F.3d 925 (9th Cir.2011)........................................................ 16, 17

*Alvarez v. Hill,*
   518 F.3d 1152 (9th Cir. 2008).........................................................4

*Anza v. Ideal Steel Supply Corp.,*
   547 U.S. 451 (2006) ............................................................. 13, 14

*Ashcroft v. Iqbal,*
   566 U.S. 662 (2009) ...............................................................4,15

*Associated Gen. Contractors, Inc. v. California State Council of Carpenters,*
   459 U.S. 519 (1983) ................................................................14

*Auvil v. CBS 60 Minutes,*
   67 F.3d 816 (9th Cir.1995)..........................................................19

*Balistreri v. Pacifica Police Dep't,*
   901 F.2d 696 (9th Cir. 1988)..........................................................4

*BE & K,*
   536 U.S., 122 S.Ct. 2390...............................................................9

*Bell Atl. V. Twombly,*
   550 U.S. 544 (2007) ............................................................. 4, 15

*Bergman v. Bank of America,*
   2013 WL 5863057 (N.D. Cal. 2013)...................................................12

*Bronson v. Johnson & Johnson, Inc.,*
   2013 WL 1629191 (N.D. Cal. Apr. 16, 2013) .........................................17

*Canyon County v. Syngenta Seeds, Inc.,*
   519 F.3d 969(9th Cir. 2008)..........................................................14

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

*Chulick-Perez v. CarMax Auto Superstores, LLC,*
  2015 WL 4393895 (E.D. Cal., July 15, 2015) .....................................17

*Clegg v. Cult Awareness Network,*
  18 F.3d 752 (9th Cir. 1994) ...................................................................4

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*
  (9th Cir. 2007) 479 F.3d 1099 ............................................................19

*De La Torre v. CashCall, Inc.,*
  56 F. Supp.3d 1105 (2014) .................................................................17

*Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.),*
  42 F.3d 1541 (9th Cir.1994) ..................................................................5

*Edwards v. Marin Park, Inc.,*
  356 F.3d 1058 (9th Cir. 2004) ...............................................................5

*Fisher v. Monster Beverage Corporation*
  , 2013 WL 10945131 (C.D. Cal., Nov. 12, 2013) .................................5

*Freeman v. Lasky, Haas & Cohler,*
  410 F.3d 1180 (9th Cir.2005) ..........................................................9, 10

*Gamboa v. Trustee Corps.,*
  2009 WL 656285 (N.D. Cal.2009) .......................................................13

*H.J. Inc. v. Northwestern Bell Telephone Co.,*
  492 U.S. 229 (1989) ............................................................................13

*Heflebower v. JPMorgan Chase Bank, NA,*
  2014 WL 897352 (E.D. Cal., Mar. 6, 2014) .......................................14

*Kearns v. Ford Motor Co.,*
  567 F.3d 1120 (9th Cir.2009) ................................................................5

*Koenig v. Snapple Beverage Corp.,*
  713 F. Supp.2d 1066 (E.D. Cal. 2010) ...............................................17

*Kottle v. NW. Kidney Ctrs.,*
  146 F.3d 1056 (9th Cir.1998) ..............................................................10

*Lauter v. Anoufrieva*,
    642 F.Supp.2d 1060 (2009) ....................................................................17

*Living Designs, Inc. v. E.I. DuPont de Nemours Co.*,
    431 F.3d 353 (9th Cir. 2005) .................................................................11

*Madlaing v. JPMorgan Chase Bank, N.A.*,
    2013 WL 2403379 (E.D. Cal., May 31, 2013) ......................................12

*NPK Industries v. Hunter*,
    2015 WL 5461667 (N.D. Cal. 2015) ......................................................19

*Philip Morris USA Inc. v. Banh*
    , 2005 WL 5758392 (C.D. Cal., Jan. 14, 2005) ....................................18

*PRE II*,
    508 U.S., 113 S.Ct. 1920 ......................................................................10

*Robinson v. HSBC Bank USA*,
    732 F. Supp. 2d 976 (N.D. Cal. 2010) ..................................................20

*Sosa v. Direct TV, Inc.*,
    437 F.3d 923 (9th Cir. 2006) ...................................................... 8, 9, 10, 12

*UMG Recording*
    *s, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092 (C.D. Cal. 2015) ...........7

*United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*,
    766 F.3d 1002 (9th Cir. 2014) ...............................................................21

*United States v. Turkette*,
    452 U.S. 576(1981) ...............................................................................11

*Vasquez v. L.A. Cnty.*,
    487 F.3d 1246 (9th Cir. 2007) .................................................................4

*Vess v. Ciba–Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir.2003) ..................................................................5

*Visto Corp. v. Sproqit Techs., Inc.*,
    360 F. Supp. 2d 1064 (N.D. Cal. 2005) ...................................... 6, 7, 23

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Whittlestone, Inc. v. Handi-Craft Co.*,
   618 F.3d 970 (9th Cir. 2010) ...................................................................6

**State Cases**

*Action Apartment Ass'n, Inc. v. City of Santa Monica*,
   41 Cal. 4th 1232 (2007)...............................................................7, 8

*Bank of the West v. Superior Court*,
   2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992) ...................18

*Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*
   (1999) 20 C4th 163 ........................................................ 15, 16, 17

*Della Penna v. Toyota Motor Sales, USA, Inc.*,
   11 Cal.4th 376 (1995)........................................................ 22, 23

*KGB, Inc. v. Giannoulas*
   (1980) 104 CA3d 844 ................................................................18

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal.4th 1134, 131 Cal.Rptr.2d 29, 63 P.3d 937 (2003) ...................17

*Leonardini v. Shell Oil Co.*,
   216 Cal.App.3d 547 (1989)........................................................19

*Lerette v. Dean Witter Org'n, Inc.*,
   60 Cal. App.3d 573 (1976)........................................................6, 7

*Mann v. Quality Old Time Serv., Inc.*,
   120 Cal.App. 4th 90 (2004)........................................................19

*Mansell v. Otto*,
   108 Cal. App.4th 265 (2003)........................................................7

*Pac. Gas & Elec. Co. v. Bear Stearns & Co.*,
   50 Cal.3d 1118 (1990)........................................................21

*People ex rel. Gallegos v. Pacific Lumber Co.*
   (2008) 158 Cal. App.4th 950........................................ 8, 10, 11

*People v. Casa Blanca Convalescent Homes, Inc.*
   (1984) 159 CA3d 509........................................................15

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

*Rubin v. Green,*
    4 Cal.4th 1187 (1993)..................................................................................6

*San Francisco Design Center Associates v. Portman Companies*
    (1995) 41 Cal.App.4th 29.........................................................................23

*Silberg v. Anderson,*
    50 Cal.3d 205, 266 Cal.Rptr. 638, 786 P.2d 365 (1990)......................6, 7

**Federal Statutes**

15 U.S.C. § 15(a) ...........................................................................................9

18 U.S.C. § 1951(5) ......................................................................................12

18 U.S.C. § 1961(4) ......................................................................................11

18 U.S.C. § 1964(c) (RICO) ...........................................................................9

**State Statutes**

California Civil Code § 48a...........................................................................20

California Civil Code § 47(b) ...........................................................6, 17, 24

California Business & Professions Code §17200 ............................... passim

California Business & Professions Code §17203 ............................... iv, 18

**Federal Rules**

Federal Rules of Civil Procedure Rule 9(b).................................................5

Federal Rules of Civil Procedure Rule 12(b)(6) .........................................4

Federal Rules of Civil Procedure Rule 12(f) ............................. 5, 6, 17

**State Rules**

Rules of Professional Conduct, Rule 6-101(2) ............................................7

**Other Authorities**

Rest., Torts, §§ 711 –743 ............................................................................18

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION AND FACTUAL ALLEGATIONS AGAINST THE MOVING DEFENDANTS

Plaintiffs, Harmoni International Spice, Inc. ("Plaintiff Harmoni") and Zhengzhou Harmoni Spice Co., Ltd. (collectively "Plaintiffs") have filed a 74 page, 295 paragraph complaint against 24 defendants, most of whom appear to be Chinese entities and residents. However, moving defendants, C Agriculture Group Corp. ("Defendant C Agriculture"), a domestic distributor of garlic, its owner, Jin Xia Wen, and one of its managers, Minju Xu (collectively "Moving Defendants"), are mentioned in this extensive complaint (introductory paragraphs aside) in only 9 out of those 295 paragraphs. Although the complaint goes into minute detail respecting the mechanics of importing peeled garlic from China, and the nature and extent of U.S. "anti-dumping" laws and their penalties, Moving Defendants are alleged to have engaged in but a single, purportedly wrongful, act: having Defendant C Agriculture's attorney write a demand letter to Plaintiff Harmoni and one of its alleged customers, Christopher Ranch LLC (which is not named as a party in this action) (Complaint, ¶31) ("the Letter").

Plaintiffs fail to attach the Letter to their complaint, alleging instead that the Letter, dated November 18, 2015, consists of "false and defamatory" claims that Plaintiff Harmoni sold peeled garlic "at a price significantly below the U.S. market price for peeled garlic (which constitutes) an unreasonable restraint of trade." Plaintiffs further allege that the Letter states that Christopher Ranch, LLC, received, presumably from Plaintiff Harmoni, "garlic imports from China processed with prison labor." (Complaint, ¶¶ 242, 243).

Plaintiffs characterize the Letter as an attempt by Defendant C Agriculture to "defame and extort" Plaintiff Harmoni (Complaint, ¶246), and to "tortiously interfere with the contractual relationship between Christopher Ranch LLC and Harmoni" (Complaint, ¶ 247).   Plaintiffs also allege that the Letter "constitutes a threat to

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

publicly accuse Harmoni of a crime it did not commit unless Harmoni pays [C Agriculture] $32 million, making it extortionate in nature." (Complaint, ¶ 248). Finally, Plaintiffs conclude that the individual Defendants Wen and Xu, as "C Agriculture's principals and management" played an active role in the "subject defamation and attempted extortion." (Complaint, ¶249).

So that this Court can see the Letter itself, Moving Defendants are attaching it as Exhibit "A" to their concurrently filed Request to Take Judicial Notice. Contrary to Plaintiffs' characterization of the Letter, it begins with a detailed recitation of Harmoni's and Christopher Ranch LLC's dumping activities and encloses "photographic evidence and a video...showing that garlic was delivered to Plaintiff Zhenghou Harmoni (an affiliate of Plaintiff Harmoi) in February 2015 after being peeled by inmates of a Chinese prison in unsanitary conditions." (p. 1 ¶ 3 of the Letter, Exhibit "A" to the Moving Defendants' concurrently filed Request to Take Judicial Notice).

Pertinently to this Motion, the Letter cites to Section 4 of the Clayton Act which, the Letter states, "authorizes any person injured by 'anything forbidden in the antitrust laws' to bring a private lawsuit (and) authoriz(es) the injured party to recover an amount equal to three times its damages plus simple interest...as well as attorney fees and costs. (p. 2 ¶ 1 of Letter). The Letter proceeds to state that "these activities of Harmoni and Christopher Ranch have had a substantial negative impact on interstate commerce in that companies such as C Agriculture have been put out of business or have lost substantial revenues and profits." The Letter then asserts that "between 2011 and 2015 alone, C Agriculture has suffered $11,904,963.26 in lost profits and estimates that the ongoing effects of anticompetitive actions by Harmoni and Christopher Ranch will cause it to lose an additional $19,818,682.59 through 2022, for a total of $31,723,645.85." (P. 2 ¶ 2 of the Letter).  It then demands that this amount be paid to C Agriculture by Harmoni and Christopher Ranch (p.2, ¶3 of the Letter).

The Letter concludes by making the representation that <u>"C Agriculture has authorized [the DeCristofaro law firm] to take all appropriate legal action, including but not limited to filing a lawsuit</u> under Section 4 of the Clayton Act, which, as previously stated, authorizes treble damages under these circumstances," unless the demand is met. (p. 2 ¶ 4 of the Letter) (underlining added).

Although the Letter is erroneously characterized by Plaintiffs in their complaint as "extortionate in nature,"[1] it is in fact no more than a typical attorney's pre-suit demand letter inviting the resolution of a claim by payment of a certain sum, all in an effort to avoid litigation. It was no doubt one of hundreds, if not thousands, of such demand letters sent in this jurisdiction that very same day.

As demonstrated below, the Letter is not actionable under any of the claims being asserted by Plaintiffs against the Moving Defendants because California courts recognize an absolute litigation privilege (adopted by federal authorities), which has been repeatedly applied to demand letters just like the one at issue herein (see Section III below). Based on the litigation privilege alone, Plaintiffs' complaint against the Moving Defendants must be dismissed and/or its claims stricken, <u>with prejudice</u>.

Beyond the litigation privilege which applies to legally bar each of the claims being asserted against the Moving Defendants, Plaintiffs' allegations against the Moving Defendants are conclusory at best, and fail to allege sufficient facts to assert a cognizable legal theory of liability against the Moving Defendants under any of the six claims asserted in the Complaint. Those pleading deficiencies also mandate the dismissal of the Complaint in its entirety as to these defendants with prejudice.

//
//
//
//

---

[1]    It is unclear precisely what that phrase means.

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

## II.   THE ISSUES PRESENTED IN THIS MOTION CAN AND SHOULD BE DECIDED AT THE PLEADING STAGE

### A.   Dismissal is Appropriate Under Rule 12(b)(6) Where, As Here, the Alleged Facts, Even If Deemed True, Do Not Entitle the Plaintiffs to Legal Relief Against the Moving Defendants

This Motion to dismiss should be granted where, as here, the facts alleged in Plaintiffs' lengthy complaint, at least as against the Moving Defendants, even if deemed true, do not entitle Plaintiffs to legal relief as a matter of law.  See, *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Dismissal of a complaint is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To survive a motion to dismiss pursuant to *Rule* 12(b)(6) of the *Federal Rule of Civil Procedure*, "the complaint must [plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).  A plaintiff must "provide 'grounds' of [its] entitle[ment] to relief [which] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. V. Twombly*, 550 U.S. 544, 555 (2007).  Although the district court must accept as true a plaintiff's well-pled facts, conclusory legal allegations and unwarranted inferences cannot defeat a motion to dismiss.  *See, Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

To determine whether a pleading adequately states a plausible claim for relief, the court must first take "note of the elements a plaintiff must plead to state a claim." *Ashcroft*, 556 U.S. at 675. For purposes of *Rule* 12(b)(6), the term "claim" means a set of facts that, if established, entitle the pleader to relief. *Twombly*, 550 U.S. at 555; *also see Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ["Notice pleading requires the

plaintiff to set forth in [its] complaint claims for relief, not causes of action, statutes or legal theories." (emphasis omitted)].

That is even more true here, where the claims at issue aver the existence of liability on the part of the Moving Defendants based on alleged fraudulent conduct which involves purportedly false and defamatory statements made about Plaintiffs' business practices. Accordingly, the "heightened pleading standard" of *Rule 9(b) of the Federal Rules of Civil Procedure* applies. *See, Fisher v. Monster Beverage Corporation*, 2013 WL 10945131, at *8 (C.D. Cal., Nov. 12, 2013) ["The heightened pleading standard of Rule 9(b) applies to state law claims sounding in fraud that are brought in a federal action. *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102–03 (9th Cir.2003). The fraudulent conduct must be alleged with particularity under *Rule 9(b)*. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir.2009). To meet the particularity requirement, Plaintiffs must allege adequately, "the who, what, when, where and how" of the purportedly misleading statements. *Vess*, 317 F.3d at 1106. "[A] plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Decker v. GlenFed, Inc. (In re GlenFed, Inc. Sec. Litig.)*, 42 F.3d 1541, 1548 (9th Cir.1994)].[2]

**B.**   **Plaintiff's Redundant, Immaterial, or Scandalous Claims or Allegations Against the Moving Defendants, May Be Stricken under Rule 12(f)**

Under *Rule 12(f) of the Federal Rules of Civil Procedure*, "the court may strike from a pleading any insufficient defense or any redundant, immaterial, or scandalous

---

[2]   The same heightened pleading requirement applies to the claim for violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO") being asserted by Plaintiffs in their first claim for relief in the complaint at bar.  See, *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004) ["Rule 9(b)'s requirement "that [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity   applies to civil RICO fraud claims"].

matter." *Fed. R. Civ. Pro.* 12(f).  See, *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970 (9th Cir. 2010) ["The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial..." *Id.* at 973].

## III.   PLAINTIFFS' CLAIMS FAIL TO ALLEGE ANY COGNIZABLE THEORY OF RELIEF AGAINST MOVING DEFENDANTS WHOSE ALLEGED CONDUCT IS PROTECTED BY THE LITIGATION PRIVILEGE

In California the litigation privilege has been repeatedly held to be absolute, and applicable to litigation and prelitigation communications, including demand letters such as the Letter at issue herein.  See, *Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1068 (N.D. Cal. 2005).

"California *Civil Code* § 47(b) provides in part that [a] privileged publication or broadcast is one made ... [i]n any ... judicial proceeding. Cal. *Civ. Code* § 47(b). This privilege is absolute, not qualified. *See,* *Silberg v. Anderson*, 50 Cal.3d 205, 215, 266 Cal.Rptr. 638, 786 P.2d 365 (1990). It applies to any communication (1) made in a judicial or quasi-judicial proceeding, (2) by litigants or other participants authorized by law, <u>in or out of court</u>, (3) to achieve the objects of litigation, (4) and <u>which has some connection or logical relation to the action.</u> See *id.* at 212,...<u>Courts have routinely held that the privilege applies to pre litigation communications</u> as well as those occurring during the course of actual litigation. *Nguyen*, 69 Cal. App.4th at 147; *see also Rubin v. Green*, 4 Cal.4th 1187, 1194 (1993) (acknowledging that communications with some relation to an anticipated lawsuit are within the privilege); *Lerette v. Dean Witter Org'n, Inc.,* 60 Cal. App.3d 573, 575, 577-78 (1976) (<u>holding that demand letter such as that sent by defendant was fully privileged</u> ... as preliminary to a judicial proceeding;

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

demand letter stated that, unless settlement could be reached, defendant planned to sue plaintiff for violation of federal and state securities laws and for fraud and misrepresentation)." *Id.* 1068. (Emphasis added).[3]

Furthermore, there is no exception to the litigation privilege for communications made in bad faith. See *Adobe Sys. Inc. v. Coffee Cup Partners, Inc., No. CV 11-02243 CW, 2012 WL 3877783, at *12 (N.D. Cal. 2012)* [ "[T]he presence or absence of malice or good or bad faith is irrelevant to the inquiry whether the litigation privilege is applicable, (quoting *Mansell v. Otto*, 108 Cal. App.4th 265, 279 n. 47 (2003)). Thus, the interference claims, to the extent premised on the cease-and-desist letter, must be dismissed pursuant to California's litigation privilege as well." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092 (C.D. Cal. 2015). (emphasis added)].

California law has applied the litigation privilege to all torts except malicious prosecution.  See, *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232 (2007) :

"As we observed in *Silberg*,[4] the litigation privilege has since "been held to immunize defendants from tort liability based on theories of abuse of process [citations], intentional infliction of emotional distress [citations], *intentional inducement of breach of contract* [citations],

---

[3]      The reasons for applying the litigation privilege to demand letters is both logical and has an ethical predicate. As the court in *Lerette, supra*, 60 Cal. App. 3d at 576-77 held: "As any competent attorney is aware, access to the courts is not an end in itself but only one means to achieve satisfaction for a client. If this can be obtained without resort to the courts - even without the filing of a lawsuit - it is incumbent upon the attorney to pursue such a course of action first. (See ABA *Code of Prof. Ethics,* canon 15; Cal. State Bar, *Rules Prof. Conduct,* rule 6-101(2)). It is equally well established legal practice to communicate promptly with a potential adversary, setting out the claims made upon him, urging settlement, and warning of the alternative of judicial action." (See 4 *Cal. Practice* (1968 ed.) *Settlement*, § 22:1, 22:17, pp. 511, 525.)."

[4]      *Silberg v. Anderson* (1990) 50 Cal.3d 205, 215, as modified (Mar. 12, 1990)

7
MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

*intentional interference with prospective economic* advantage [citation], negligent misrepresentation [citation], invasion of privacy [citation], negligence [citation] and fraud [citations]." *Id.* at 1241-42 (emphasis added).

The Letter which forms the basis of all of Plaintiffs' claims against the Moving Defendants falls squarely within the parameters of the litigation privilege. Moreover, this Court is mandated to resolve "[a]ny doubt about whether the [litigation] privilege applies ... in favor of applying it. [Citation.]" See, *People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal. App.4th 950, 963, as modified (Feb. 1, 2008). The Letter recites the factual and legal basis of Defendant C Agriculture's claim against Plaintiff Harmoni, clearly stating that unless a resolution can be reached C Agriculture will commence legal action as specifically authorized by Section 4 of the Clayton Act. Based thereon all of Plaintiffs' claims against the Moving Defendants should be dismissed with prejudice, since Plaintiffs have no possible way of pleading around the privilege.

## IV.   PLAINTIFFS' FIRST CLAIM FOR RELIEF BASED ON PURPORTED RICO VIOLATIONS FAILS TO STATE A CLAIM AS TO THE MOVING DEFENDANTS AND SHOULD BE DISMISSED WITH PREJUDICE

### A.   Moving Defendants' Purported RICO Violations, Which Are Predicated on their Pre-litigation Demand Letter to Plaintiffs, Are Not Actionable Due to the Protection Conferred by the *Noerr–Pennington* Doctrine

In *Sosa v. Direct TV, Inc.*, 437 F.3d 923 (9th Cir. 2006), under facts virtually identical to those involving the Moving Defendants, the Ninth Circuit affirmed the district court's dismissal with prejudice of a RICO action on the ground that the sending of a pre-litigation demand letter is immunized from RICO liability under the *Noerr–Pennington* doctrine which arises from the First Amendment's Petitioning

Clause.[5]  In *Sosa*, the plaintiff alleged that defendant Direct TV violated the RICO statutes by sending letters to thousands of individuals who had purchased smart card programming equipment, which could be used to illegally access Direct TV's satellite television programs, threatening them with civil legal actions unless they forfeited the equipment to Direct TV and paid it an unspecified sum to settle its claim. In affirming the district court's decision, the Ninth Circuit noted that the Supreme Court has extended the *Noerr–Pennington* doctrine to matters outside the antitrust field, including RICO claims.  *Sosa*, 437 F.3d at 930.  The Ninth Circuit in *Sosa* concluded that the *Noerr–Pennington* doctrine stands for a general rule of statutory construction which is applicable to any statutory interpretation that could implicate rights protected by the Petition Clause of the First Amendment. *Id*., 437 F.3d at 931. The Court further explained that in determining whether the burdened conduct falls under the protection of the Petition Clause, the court "must give adequate 'breathing space' to the right to petition." *Id*., at 932.

Although acknowledging that "only litigation activities which constitute 'communication[s] to the court' may be fairly described as 'petitions.' " (*Id*., at 933, citing *Freeman v. Lasky, Haas & Cohler,* 410 F.3d 1180, 1184 (9th Cir.2005)), the *Sosa* court nonetheless held that "[c]onsistent with the breathing space principle,... in the litigation context, [are] not only petitions sent directly to the court in the course of the litigation, but also 'conduct incidental to the prosecution of the suit' is protected by

---

[5]     The *Sosa* Court reasoned that because Sosa's lawsuit sought to impose RICO liability on DIRECTV for sending the demand letters, a successful RICO claim would burden DIRECTV's ability to settle legal claims short of filing a lawsuit. It therefore held that "[l]ike the antitrust laws, RICO  provides for private enforcement and treble damages. Compare 15 U.S.C. § 15(a) (Clayton Antitrust Act), with 18 U.S.C. § 1964(c) (RICO); see also *BE & K*, 536 U.S. at 528–29, 122 S.Ct. 2390 (noting that treble damages provisions and private enforcement demonstrate that antitrust suits may "pose a greater burden on petitioning than the threat of an NLRA adjudication"). Accordingly, Sosa's RICO suit pose[d] a burden on DIRECTV's communication of the demand letters almost identical to that posed by the Sherman Act claims on the petitioning conduct at issue in *Noerr* and its progeny." *Id* at 933.

the *Noerr–Pennington* doctrine." *Id*., at 934 (emphasis added).  The Ninth Circuit in *Sosa* concluded "that the connection between presuit demand letters and access to the courts is sufficiently close that the Petition Clause issues raised by providing a treble-damages remedy with regard to such letters are indeed substantial." *Id*.[6] at 936.  Thus, pursuant to *Sosa*, the *Noerr–Pennington* doctrine bars Plaintiffs' RICO claim as against the Moving Defendants whose Letter is deemed privileged, unless Plaintiffs were able to demonstrate the applicability of the "sham exception" to that doctrine which has not been alleged in the instant complaint.

Moreover, it is respectfully submitted that under the allegations at bar such a sham exception has not been established merely because Plaintiffs avers that the accusations made in Defendant C Agriculture's Letter were false (Complaint, ¶31). *See, People ex rel. Gallegos v. Pacific Lumber Co.* (2008) 158 Cal. App. 4th 950 ["The United States Supreme Court has recently confirmed that conduct falls within the sham exception only if it is,...objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits and [is] subjectively motivated by an unlawful purpose (citation omitted). In doing so, the court noted that "while

---

[6]     In *Sosa, supra*, the Ninth Circuit rejected plaintiff Sosa's argument that pre-suit demand letters should not be immunized where no actual litigation has been filed because "any misconduct engaged in during litigation is subject to control by the court via contempt proceedings or sanctions under the *Federal Rules of Civil  Procedure",* while in contrast, "a party faced with an extortionate pre-suit demand has no recourse to a court in an existing proceeding, and must incur the expense of retaining counsel to respond to meritless claims". *Id* at 936.  The *Sosa* Court rejected that argument holding as follows:

"we are not persuaded that this distinction changes the analysis. It is a fact of our system of justice that parties are often compelled to engage counsel and defend lawsuits that ultimately prove to have little merit.  While responding to demands to settle unfounded claims is burdensome,    it is likely less burdensome than if the opposing party, fearing liability in tort for demanding settlement of a possibly weak claim,   proceeded directly to litigation.  Moreover, the established sham exception to the *Noerr–Pennington* doctrine provides adequate protection against baseless claims asserted in prelitigation settlement letters. See *PRE II*, 508 U.S. at 60–61, 113 S.Ct. 1920; see also *Kottle v. NW. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir.1998) " *Id* . at 936.

false statements may be unprotected for their own sake, 'the First Amendment requires that we protect some falsehood in order to protect speech that matters.' (Citations omitted) (emphasis added)." *Id* at 968.

**B.** **Plaintiffs' Factual Allegations as to the Moving Defendants, Are Legally Insufficient to State a RICO Violation  Claim Against These Defendants**

To state a cognizable claim under RICO, a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." See, *Living Designs, Inc. v. E.I. DuPont de Nemours Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

**1.** *Plaintiffs Have Not Sufficiently Alleged the Existence of an Ongoing Enterprise Involving the Moving Defendants*

An "enterprise" being alleged under RICO requires the existence of an independent legal entity such as a corporation, a partnership, or an "association in fact" of individuals. 18 U .S.C. § 1961(4). An "association in fact" is a "group of persons associated together for a common purpose of engaging in a course of conduct." *United States v. Turkette*, 452 U.S. 576, 583(1981) (emphasis added). Moreover, in order to plead the existence of an "enterprise" a plaintiff must allege "an ongoing organization, formal or informal, and ... evidence that the various associates function as a continuing unit." *Id*.  As explained by the Supreme Court in *Turkette*, the "enterprise" is not the "pattern of racketeering activity"; it is an entity separate and apart from the pattern of activity in which it engages. The existence of an enterprise at all times remains a separate element" which must be alleged and then proven by the plaintiff. *Id*.

In their RICO claim, Plaintiffs allege in a conclusory fashion that each of the 24 defendants being sued herein "is associated with the Enterprise and participated directly and indirectly in the management or direction of the Enterprise" (Complaint, ¶¶253, 254).  Yet the requisite factual allegations as to how all the named defendants,

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

including the Moving Defendants, participated in the "management or direction" of a single enterprise, or otherwise functioned as a "continuing unit" with a "common goal" have not been sufficiently alleged.  Indeed, Plaintiffs cannot possibly establish the existence of a common goal among the Defendants herein in that the Letter, which serves as the sole basis for Moving Defendants' alleged participation in the "enterprise," seeks to recover damages for Moving Defendants' own (and personal) injuries and is not being written on behalf of any of the other Defendants. (See Exhibit "A" to Moving Defendants' concurrently filed Request to Take Judicial Notice).  This alone is fatal to establishing the separate existence of an "enterprise" under the facts at bar.  See, *Bergman v. Bank of America*, 2013 WL 5863057, at *30 (N.D. Cal. 2013), where the district court dismissed a RICO claim with prejudice based, *inter alia*, on the plaintiffs' failure "to allege facts of an ongoing organization to support the contention that Defendants function as an "enterprise," citing *Madlaing v. JPMorgan Chase Bank, N.A.*, 2013 WL 2403379, at *22 (E.D. Cal., May 31, 2013)".

## 2.   *Plaintiffs Have Not Sufficiently Alleged a "Pattern of Racketeering Activity" Involving the Moving Defendants*

Not only do Plaintiffs' allegations fail to establish the existence of an enterprise involving the Moving Defendants, those allegations are also insufficient to establish the separate requisite element of a "pattern of racketeering activity" involving these defendants.  "Racketeering activity" is defined as any one of certain "generically specified criminal acts as well as the commission of one of a number of listed predicate offenses." *Sosa v. Directv, Inc., supra*,  437 F.3d at 939.  To establish the existence of such a pattern, the Plaintiffs must allege "at least two acts of racketeering activity, one of which occurred [after October 15, 1970] and the last of which occurred within ten years...after the commission of a prior act of racketeering activity". 18 U.S.C. § 1951(5). Further, Plaintiffs must allege "that the racketeering predicates are related [to each other] and that they amount to or pose a threat of

continued criminal activity." *H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989).*

In the complaint at bar Plaintiffs allege that Moving Defendants' predicate acts under RICO involved the submission of fraudulent statements, via the US Postal Service, by sending a letter "via Federal Express to Harmoni and Christopher Ranch containing defamatory and extortionate statements." (Complaint, ¶261, p.64:15-17). Yet, the Moving Defendants' single act of sending the Letter cannot possibly constitute a pattern or practice of racketeering activity.  Moreover, the described activity attributed to Defendant C Agriculture does not in any way relate to the other racketeering predicates alleged against the remaining Defendants, in that the damages sought to be recovered by Defendant C Agriculture's demand Letter are personal to the Moving Defendants, and had no impact on the activities of the remaining Defendants.  Nor did the sending of that single (and privileged) Letter pose any "threat of continued criminal activity."  *See,* e.g., *Gamboa v. Trustee Corps., 2009 WL 656285, at * 5–6 (N.D. Cal.2009)* (finding that the plaintiffs failed to plead a RICO claim where the complaint is "focused on one foreclosure sale" and does "not describe any other attempted foreclosure or loan collection activities" but makes only "the conclusory allegation" of a pattern or practice.)

### 3. *Plaintiffs Have Not Sufficiently Alleged the Existence of Proximate Injury Cause by the purported RICO violation attributable to the Moving Defendants*

Plaintiffs cannot state a claim for relief under RICO against the Moving Defendants because they have not, and cannot, allege that Plaintiffs were injured by the racketeering activity based on the transmittal of a single letter, which is attributable to these defendants.  As explained by the Supreme Court in *Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 457 (2006)*, the compensable injury flowing from a RICO violation "necessarily is the harm caused by predicate acts sufficiently related to constitute a pattern, for the essence of the violation is the commission of those acts

in connection with the conduct of an enterprise."   The Supreme Court in *Anza* proceeded to articulate the following standard: "<u>A RICO plaintiff cannot circumvent the proximate-cause requirement simply by claiming that the defendant's aim was to increase market share at a competitor's expense</u>". *Id* at 460-61 (emphasis added).  *See, Associated Gen. Contractors, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 537 (1983) ["We are also satisfied that an allegation of improper motive... is not a panacea that will enable any complaint to withstand a motion to dismiss"). When a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries.  Also see, *Canyon County v. Syngenta Seeds, Inc.,*519 F.3d 969, 975(9th Cir. 2008) ["A civil RICO 'plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation."].

Plaintiffs herein have generally alleged, in a conclusory fashion and without any factual averments, that "[d]efendants' violations of federal law and their pattern of racketeering activity have directly and proximately caused Plaintiffs to be injured in their business and property, including in an amount of lost profits to be determined at trial" (Complaint, ¶265).  Plaintiffs' allegations fail to establish "a concrete financial loss" attributable to the conduct of the Moving Defendant.[7] *Heflebower v. JPMorgan Chase Bank, NA,* 2014 WL 897352, at *7 (E.D. Cal., Mar. 6, 2014) ["The alleged harm suffered by Plaintiff is not sufficiently concrete and not necessarily financial. ..."[I]njury to his business affairs" is unclear and speculative. These losses are not measured by the RICO damages calculation of monies paid out minus any value received".].   As a result, predicated upon this additional ground Plaintiffs' RICO claim must be dismissed without leave to amend.

---

[7]    Nowhere in the Complaint does Plaintiffs allege that they lost Christopher Ranch, LLC as a customer, or sustained other concrete injury as a result of the demand Letter sent by Defendant C Agriculture.

**V.   PLAINTIFFS' CLAIMS FOR RELIEF BASED ON ALLEGATIONS OF STATUTORY AND COMMON LAW UNFAIR COMPETITION UNDER CALIFORNIA LAW FAIL TO STATE ANY CLAIM AS TO THE MOVING DEFENDANTS AND SHOULD BE DISMISSED WITH PREJUDICE**

**A.   Plaintiffs Fail to Allege a Viable Statutory Claim for Unfair Competition under *California Business & Professions Code* §17200 et seq.**

Plaintiffs' second claim for statutory unfair competition under *California Business & Professions Code* §17200, et seq., does not even remotely meet the pleading standard of *Rule* 9 which applies to the claim at bar.  In *Twombly* and its progeny, the Supreme Court clearly stated that "naked assertion[s]" lacking "further factual enhancement" are insufficient pleading. *Twombly*, 550 U.S. at 557. An asserted claim must contain facial plausibility, meaning "more than sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Plaintiffs do not allege any facts to support a statutory claim for unfair competition under California law as defined by the California Supreme Court in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 C4th 163, which changed the test of unfairness for commercial cases.

In *Cel-Tech Communications, Inc*., the Supreme Court expressly rejected the prior definitions applied in statutory unfair competition cases in California, including the definition articulated in *People v. Casa Blanca Convalescent Homes, Inc*. (1984) 159 CA3d 509, 530, which held that "[a]n unfair business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers."  The *Cal-Tech* court adopted instead a new definition for determining "unfair" conduct, borrowing on law that had been developed under § 5 of the FTC Act, holding that, "[w]hen a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or

practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., supra*, 20 C4th at 187. (emphasis added).

In their second cause of action herein Plaintiffs allege, in a bare bone conclusory fashion as the sole basis for their unfair competition claim, that all the defendants "used fraudulent and improper means to increase their share in the US market for fresh garlic." (Complaint, ¶268).  Clearly said allegation is insufficient to state a claim for unfair competition as defined by *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*

More importantly, the only purportedly unfair conduct attributable to the Moving Defendants (as incorporated by reference in ¶267 of the Complaint) relates to the transmittal by Defendant C Agriculture of the demand Letter sent by its counsel. That singular act cannot, in and of itself, serve as the basis for an unfair competition claim against Moving Defendants pursuant to the safe harbor exception to California's unfair competition law recognized by the California Supreme Court in *Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., supra*, 20 Cal.4th at 183 ["Although the unfair competition law's scope is sweeping, it is not unlimited. Courts may not simply impose their own notions of the day as to what is fair or unfair. Specific legislation may limit the judiciary's power to declare conduct unfair. If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination". *Id*. 182 (Emphasis added)].

According to the Safe Harbor Doctrine, " 'courts may not use the unfair competition law to condemn the actions the Legislature permits.' " *Alvarez v. Chevron Corp.*, 656 F.3d 925, 933 (9th Cir.2011) ["If the Legislature has permitted certain

1    conduct or considered a situation and concluded no action should lie, courts may not
2    override that determination. <u>When specific legislation provides a 'safe harbor,'</u>
3    <u>plaintiffs may not use the general unfair competition law to assault that harbor</u>." *Id.*
4    (emphasis added)].   See also, *Bronson v. Johnson & Johnson, Inc.,* 2013 WL
5    1629191, at *7 (N.D. Cal. Apr. 16, 2013) ["Under California law, "the safe harbor
6    defense to claims brought under the UCL or CLRA states that if the legislature has
7    permitted certain conduct or considered a situation and concluded that no action
8    should lie, courts may not override that determination."].   In fact, the safe harbor
9    doctrine applies whether state or federal law has authorized the conduct at issue. See
10   *Van Koenig v. Snapple Beverage Corp.*, 713 F. Supp.2d 1066, 1074 (E.D. Cal. 2010).

11       In the case at bar Plaintiffs' statutory unfair competition claim against the
12   Moving Defendants is barred by the safe harbor doctrine provided in *California Civil*
13   *Code* §47(b) which renders C Agriculture's conduct of sending the Letter as
14   absolutely privileged. (Also see Section II of this Memorandum).

15       **B.    <u>Plaintiffs' Request for Damages in Their Second Claim For Relief</u>**
16            **<u>Must be Stricken</u>**

17       Moving Defendants also move to strike the damages allegations being
18   improperly asserted by Plaintiffs in their statutory claim for unfair competition.
19   (Complaint, ¶270). Said request is being made under *Rule* 12(f) of the *Federal Rules*
20   *of Civil Procedure.*

21       As explained in *Chulick-Perez v. CarMax Auto Superstores, LLC,* 2015 WL
22   4393895, at *5 (E.D. Cal., July 15, 2015), "[c]laims under the UCL provide limited
23   remedies; plaintiffs may only seek injunctive relief and restitution." *De La Torre v.*
24   *CashCall, Inc.*, 56 F. Supp.3d 1105, 1108 (2014); also see *Lauter v. Anoufrieva*, 642
25   F.Supp.2d 1060, 1096 (2009). Attorney's fees are also not recoverable under the UCL.
26   *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal.4th 1134, 1148, 131 Cal.Rptr.2d
27   29, 63 P.3d 937 (2003); *Cel–Tech Communications, Inc. v. Los Angeles Cellular*
28   *Telephone Co., supra,* 20 Cal.4th at 179. Therefore, Plaintiffs are precluded from

seeking relief under the *Business & Professions Code* §17203 except for restitution and injunctive relief. Accordingly, all other damages being sought by Plaintiffs in the second claim for relief in the instant complaint should be stricken.

**C.**     **Plaintiffs Cannot Plausibly Assert a Viable Claim for Common Law Unfair Competition Under California Law Based on the Facts At Bar**

The common law tort of unfair competition, as it exists today in California, is generally thought to be synonymous with the act of "passing off" one's goods as those of another.   In California, the tort developed as an equitable remedy against the wrongful exploitation of trade names and common law trademarks that were not otherwise entitled to legal protection.   The tort also includes acts analogous to "passing off," such as the sale of confusingly similar products, by which a person exploits a competitor's reputation in the market. (See *Rest., Torts*, §§ 711   –743.) Thus, to prevail on a common law unfair competition claim, a plaintiff must prove that the defendant tried to pass off false goods as those of the plaintiff. See, *KGB, Inc. v. Giannoulas* (1980) 104 CA3d 844, 850 [The essence of the common law tort of unfair competition is the inequitable pirating of the fruits of another's labor and then either palming off those fruits as one's own (deception) or simply gaining from them an unearned commercial benefit.]. Also see, *Bank of the West v. Superior Court*, 2 Cal.4th 1254, 1263, 10 Cal.Rptr.2d 538, 833 P.2d 545 (1992); and *Philip Morris USA Inc. v. Banh* , 2005 WL 5758392, at *4 (C.D. Cal., Jan. 14, 2005) ["To prevail on its common law unfair competition claim, Plaintiff must prove that Defendant tried to pass off false goods as those of Plaintiff."].

In their third claim for relief entitled "Unfair Competition- California Law", Plaintiffs make no allegations at all which relate to the type of activities which could generally give rise to an actionable claim for common law unfair competition. Instead, in ¶273 of the Complaint, Plaintiffs merely allege, once again in an insufficient and conclusory fashion,  that "Defendants have repeatedly made false statements in an attempt to interfere with Plaintiffs' business or customers."    Such

allegation does not give rise to a common law unfair competition claim, although if sufficiently pleaded and not otherwise privileged, it could give rise to a statutory unfair competition claim.  See, *CRST Van Expedited, Inc. v. Werner Enterprises, Inc.* (9th Cir. 2007) 479 F.3d 1099, 1107, where the Ninth Circuit declined to dismiss a statutory unfair competition claim based on the plaintiff's allegation of intentional interference by a corporate competitor with the employment contracts that plaintiff had with two of its employees.

Based on their failure to allege a plausible claim for common law unfair competition against any Defendants, including the Moving Defendants, this court is respectfully urged to dismiss Plaintiffs' third claim for relief with prejudice.

## VI.   PLAINTIFFS HAVE FAILED TO PROPERLY PLEAD THEIR FOURTH  CLAIM FOR TRADE LIBEL

To successfully state a claim for trade libel or defamation, a plaintiff must allege: (1) who made the statements, (2) to whom the statements were made, (3) the time and place of publication, and (4) the substance of the statements. In the Ninth Circuit, a product defamation or trade libel claim must be based on specific statements, and the defamatory character of the language must be apparent from the words themselves. *Auvil v. CBS 60 Minutes*, 67 F.3d 816, 822 (9th Cir.1995)); *NPK Industries v. Hunter*, 2015 WL 5461667 * 4 (N.D. Cal. 2015).

Moreover, in California a cause of action for damages based on trade libel requires the pleading and proof of special damages in the form of a direct pecuniary loss. *Leonardini v. Shell Oil Co*., 216 Cal.App.3d 547, 572 (1989)["[A] cause of action for damages for trade libel requires pleading and proof of special damages in the form of pecuniary loss."].   Accordingly, a plaintiff must identify particular customers and transactions of which it was deprived as a result of the libelous statements. *NPK Industries , supra*, 2015 WL 5461667 * 4, citing *Mann v. Quality Old Time Serv., Inc.*, 120 Cal.App. 4th 90, 109 (2004). (Underlining added).

Regarding allegations of special damages in a trade libel claim the case of *Robinson v. HSBC Bank USA*, 732 F. Supp. 2d 976 (N.D. Cal. 2010) is most instructive:

> "The damage suffered must be from an injury to the property. See, e.g., ...*Cal. Civ. Code* 48a (special damages are those suffered in respect to... property, business, trade, profession or occupation.). <u>Here, there are no allegations as to how plaintiffs' property, and plaintiffs as a result, have suffered pecuniary or special damage.</u>" *Id* at 987 (emphasis added).

In the complaint at issue Plaintiffs have made no attempt to plead any special damages, other than to generally conclude that they "have suffered pecuniary loss in an amount to be proven at trial." (Complaint, ¶280).  In fact, in that paragraph Plaintiffs admit that "Defendants' disparaging and libelous comments have caused Plaintiffs' customers to reconsider their use of Plaintiffs' services." (¶280, p. 69:23-25 (emphasis added). Plaintiffs do not allege that their customers did in fact stop using their services, but only that they reconsidered doing so, an averment which does not establish a direct pecuniary loss.

More importantly, as to the Moving Defendants it would be impossible for Plaintiffs to allege direct pecuniary loss in that Defendant C Agriculture's privileged Letter was sent solely to Plaintiff Harmoni itself and to a single customer, Christopher Ranch, LLC, whose relationship with Plaintiffs has not been disrupted or lost. Plaintiffs' inability to allege and prove any special damages caused by the Moving Defendants' conduct is fatal to their trade libel claim which is therefore subject to dismissal with prejudice.

//
//
//

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

VII. **PLAINTIFFS HAVE NOT SUFFICIENTLY STATED THEIR INTERFERENCE CLAIMS BY FAILING TO ALLEGE THE NECESSARY ELEMENTS OF SUCH CLAIMS, THEREFORE WARRANTING A DISMISSAL WITH PREJUDICE OF THE FIFTH AND SIX CLAIMS IN THE COMPLAINT**

A. **A Claim Based on Intentional Interference With Contractual Relations Requires Allegations of an Actual Breach or Disruption of the Contractual Relationship and a Resulting Damage, Both of Which Are Missing From Plaintiffs' Fifth Claim for Relief**

Under California law, the elements for the tort of intentional interference with contractual relations are (1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) <u>actual breach or disruption of the contractual relationship</u>; and (5) <u>resulting damage</u>. See, *Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal.3d 1118, 1126 (1990)). *United Nat. Maint., Inc. v. San Diego Convention Ctr., Inc.*, 766 F.3d 1002, 1006 (9th Cir. 2014) cert. denied, 135 S. Ct. 980, 190 L. Ed. 2d 835 (2015).

In pleading their fifth claim for tortious interference with contractual relations, Plaintiffs fail to allege at least elements 4 and 5 above. Indeed, Plaintiffs' allegations affirmatively demonstrate that the Letter sent by Moving Defendants' counsel did not result in an "actual breach or disruption of the contractual relationship" between Plaintiff Harmoni and its alleged customer, third party Christopher Ranch LLC (element number 4). Plaintiffs specifically allege that Defendant "C Agriculture's letter, which copies Christopher Ranch, one of Harmoni's largest customers and a member of FGPA, constitutes *an attempt* to tortiously interfere with the contractual relationship between Christopher Ranch and Harmoni. (Complaint, ¶ 247). Plaintiffs' double down by thereafter alleging that "Defendants intentionally submitted

fraudulent statements to Harmoni's customers[8] ***in an effort to encourage*** Harmoni's customers to breach their contracts with Harmoni." (Complaint, ¶284).

In the subsequent paragraph of the Complaint (¶ 285) Plaintiffs allege that "Defendants ***intended to harm Plaintiffs*** financially." Accordingly, Plaintiffs have readily admitted in their complaint that there was neither an "actual" breach nor a disruption of their contractual relationship with Christopher Ranch LLC (or any other "customers") <u>and</u> that they have not suffered any damages as a result of Christopher Ranch LLC's receipt of Moving Defendants' Letter which was directly addressed to both Plaintiff Harmoni and to Christopher Ranch LLC. Should Plaintiffs be allowed to amend this claim in order to allege an actual disruption in their business relationship with Christopher Ranch LLC, such allegation would be contrary to, and inconsistent with, their current allegations which is not permitted. Therefore, this claim respectfully must be dismissed without leave to amend.

**B.**   <u>**A Claim Based on Intentional Interference with Prospective Economic Advantage Requires an Allegation of an Actual Breach or Disruption Of the Prospective Relationship, a Resulting Damage, and an Independent Wrongful Act, All of Which Are Missing from Plaintiffs' Sixth Claim for Relief**</u>

The California Supreme Court has laid out the elements for a claim of intentional interference with prospective economic advantage in *Della Penna v. Toyota Motor Sales, USA, Inc*., 11 Cal.4th 376, 389 (1995). Those elements are (1) an economic relationship between the plaintiff and third party containing the probability of future economic benefit to the plaintiff, (2) knowledge by the defendant of the existence of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) <u>actual disruption of the relationship</u>, and (5) <u>damages to</u>

---

[8]   The only purported customer identified in the complaint is Christopher Ranch LLC, which was the only recipient of the Letter other than Plaintiff Harmoni.

the plaintiff proximately caused by the acts of the defendant.  Also see,  *Visto Corp. v. Sproqit Techs., Inc.,* 360 F. Supp. 2d 1064, 1066 (N.D. Cal. 2005)

In Plaintiffs' claim for interference with prospective economic advantage they allege, as they do in their interference with contract claim, that "Defendants **intended** to interfere or disrupt the relationship between Harmoni and its customers" (Complaint, ¶ 292 ).[9] Yet, nowhere in the Complaint do Plaintiffs allege that a specific relationship with a specifically identified customer has actually been disrupted.

In addition, a plaintiff seeking to recover damages for an alleged interference with prospective economic relations must plead and prove, as part of plaintiff's case-in-chief, that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged in conduct that was wrongful by some legal measure other than the fact of interference itself.  See, *Della Penna v. Toyota Motor Sales, USA, Inc., supra,* 11 Cal 4th at 392- 393.  In lieu of alleging a specific wrongful act, separate from the interference itself, Plaintiffs generally allege in their complaint that Defendants' interference "constitutes an unfair business practice in violation of *Business & Professions Code* ¶ 17200." (Complaint, ¶ 292).[10]  Plaintiffs make no attempt beyond this bare-bones conclusory allegation to explain in what fashion Defendants' interference constitutes a violation of *B & P* §17200.

Plaintiffs' second claim for unfair competition under §17200, which is alleged (as are all of Plaintiffs' claims) against all 24 Defendants, lends no further clarity as to what specific wrongful act Moving Defendants (or for that matter any of the other

---

[9]    In their very next paragraph Plaintiffs allege that "Defendants actually interfered with the economic relationship between Harmoni and its customers." (Complaint,¶ 294). Not only is this allegation wholly inconsistent with the other allegations, but Plaintiffs fail to identify with which customers Defendants allegedly interfered, or what was the nature of such interference.

[10]    "The conduct must be unlawful or illegitimate. That is, ... the ... competitor's conduct [must have] violated a statute or constituted a tort such as fraud or unfair competition." *San Francisco Design Center Associates v. Portman Companies* (1995) 41 Cal.App.4th 29, 50).

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT

Defendants) have engaged in.[11]   This would certainly appear to be more than simply sloppy pleading. If Plaintiffs had knowledge of an independent wrongful act they, as they were required to do, would have pled it. Instead, the entirety of Plaintiffs' claims against Moving Defendants rests on the one  single demand Letter.  Plaintiffs clearly cannot allege a separate wrongful act based on the Letter which is privileged under *California Civil Code* §47(b), just as they are unable to allege an actual interference with any contract or prospective advantage Plaintiffs may have had with Christopher Ranch LLC, or that they have suffered any damages as a result of Moving Defendants' Letter.

## VIII.        <u>CONCLUSION.</u>

Based on the foregoing points and authorities, and on the matter of which this court has been requested to take judicial notice, Moving Defendants respectfully submit that the court should dismiss Plaintiffs' complaint in its entirety, with prejudice, as relating to these Moving Defendants.

Respectfully submitted,

DATED:  March 4, 2016                *HELLER & EDWARDS*

By:   /s/: Lawrence E. Heller          .
Lawrence E. Heller,
Attorneys for Defendant
C. Agriculture Group Corp.,
Jin Xia Wen and Minju Xu

---

[11]      To the extent that the "wrongful conduct" being alleged against the Moving Defendants  refers to the sending of the Letter, said conduct is protected by the safe harbor doctrine, as more fully discussed in Section VI-C of this Memorandum.

MOTION TO DISMISS AND/OR STRIKE THE COMPLAINT