*HELLER & EDWARDS*
Lawrence E. Heller, Esq. State Bar No. 69770
9454 Wilshire Blvd., Suite 500
Beverly Hills, California 90212
Tel:  (310) 550-8833
Fax:  (310) 858-6637

Attorneys for Defendants C. Agriculture Group Corp., Jin Xia Wen and Mingju Xu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMONI INTERNATIONAL SPICE, INC., a California corporation, and ZHENGZHOU HARMONI SPICE., LTD., a corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WENXUAN BAI, an individual, JICHENG YE, an individual, RUOPENG WANG, an individual, ROBERT T. HUME, an individual, JOEY C. MONTOYA, an individual, STANLEY CRAWFORD, an individual, AVRUM KATZ, an individual, HUAMEI CONSULTING CO., INC., a corporation, HUAMEI CONSULTING CO., LTD., a corporation, KWO LEE, INC., a corporation, SHUZHANG LI, an individual, C. AGRICULTURE GROUP CORP., a corporation, HEIBEI GOLDEN BIRD TRADING CO., LTD., a corporation, QINGDAO TIANTAIXING FOODS, CO., LTD., a corporation, JINXIANG HEJIA CO.,<br>LTD., a corporation, QINGDAO LIANGHE INTERNATIONAL TRADING CO., LTD., a corporation, CHEN HONGXIA, an individual, JIN XIA WEN, an individual, MINGJU XU, an individual, CAI DU, an individual, QINGHUI ZHANG, an individual, LUCY WANG, an individual,<br><br>Defendants. | Case No.:  2:16-cv-00614-BRO (ASx)<br><br>**DECLARATION OF LAWRENCE E. HELLER IN SUPPORT OF DEFDNANTS', C AGRICULTURE GROUP CORP., JIN XIA WEN, AND MINGJU XU'S, OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION FOR AN ORDER AUTHORIZING EXPEDITED DISCOVERY** |

1

I, LAWRENCE E. HELLER, declare as follows:

1. I am an attorney at law duly licensed to practice before the State Courts of California and the Federal Courts of the Ninth District. I am also a partner in the law firm of Heller & Edwards and, as such, am lead counsel for Defendants herein, C AGRICULTURE GROUP CORP., JIN XIA WEN, AND MINGJU XU. Accordingly, all of the following testimony is within my personal knowledge and I am competent and available to testify thereto.

2. Plaintiffs' Ex Parte Application for an Order Authorizing Expedited Discovery was served upon me through the ECF system at precisely 4:59 p.m. on Friday evening, March 4, 2016. Fortunately, although it was Friday, neither my associate nor I had left the office. At that same time Plaintiffs served us with their First Amended Complaint and Motion for Preliminary Injunction and supporting documents.

3. On February 24, 2016 I initiated a Rule 7-3 conference with Plaintiffs' attorneys informing them that my clients intended to file a Motion to Dismiss Plaintiffs' initial complaint. The stated purpose of the Rule 7-3 conference is to "reach a resolution which eliminates the necessity for a hearing." Despite this, Plaintiffs failed to tell me at that time that they were going to file a First Amended Complaint, and indeed did not inform me of their intent to do so for the next eight days, until the 11th hour on Friday, March 4th when they served me with it along with this ex parte and their Motion for Preliminary Injunction. During that eight day period my office prepared and filed the aforesaid Motion to Dismiss (Docket # 24), which is now moot, at significant time and expense, which we would obviously not have done had Plaintiffs' attorneys informed us of the fact they were going to amend their complaint.

4. My schedule makes it virtually, if not literally, impossible to comply with Plaintiffs' request in its Ex Parte Application to attend seven depositions and respond to (and produce documents pursuant to) three document requests. <u>I to date have not even met my clients (only spoken with them twice by phone</u>, so it would be close to impossible to prepare them for depositions. As I told Plaintiff's lead counsel in California, John Schreiber, I will be taking depositions in Seattle, for which I must still prepare, that will have me out of town from March 22nd through March 25th.  I am taking a deposition in Reno, Nevada towards the end of March as well, and I have a two week vacation to Japan planned with my wife in early April. I have not checked with my clients but, as Plaintiffs well know, they work in, and are residents of, New York City, they run a business and have families, so asking that they come to Los Angeles for their depositions, all within the next week, is, in my estimate, highly unreasonable.

5. Finally, although Plaintiffs have asked this court for expedited discovery to be completed over a month prior to the time their reply to the Motion for Preliminary Injunction is due to be filed, they have taken no cognizance of the fact that, along with all their other professional and personal obligations, Defendants have to prepare their own opposition to that Motion while their requested expedited discovery would be taking place.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 7th day of March, 2016 at Beverly Hills, California.

     /s/: Lawrence E. Heller
Lawrence E. Heller, declarant