**LAWRENCE E. HELLER, ESQ. SBN 69770**
**HELLER & EDWARDS**
9454 Wilshire Blvd., Suite 500
Beverly Hills, CA 90212
Tel: (310) 550-8833
Fax: (310) 858-6637
E-mail: lheller@hellerandedwards.com

Attorneys for C Agriculture Group Corp., Jin Xia Wen and Minju Xu

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARMONI INTERNATIONAL SPICE, INC., a California corporation, and ZHENGZHOU HARMONI SPICE CO., LTD., a corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>WENXUAN BAI, an individual, et al.,<br><br>Defendants. | Case No.: 2:16-cv-00614-BRO-(ASx)<br><br>**DECLARATION OF LAWRENCE E. HELLER FILED IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION TO CONSOLIDATE THE HEARING DATES ON DEFENDANTS' MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT AND THEIR ANTI-SLAPP MOTION WITH PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**<br><br>**Ex-Parte Date:** March 21, 2016<br>**Action Filed:** January 27, 2016<br>**Trial Date:** None Set |

I, LAWRENCE E. HELLER, declare as follows,

1. I am a principal of the law firm of Heller & Edwards, attorneys of record for Defendants herein, C Agriculture, a New York corporation that distributes garlic domestically, Jin Xia Wen, C Agriculture's owner and Mingju Xu, its manager (collectively "Opposing Defendants"). I have personal knowledge of the matters set forth herein and am competent and available to personally testify thereto.

2. The sole basis for Opposing Defendants' inclusion in this lawsuit is a demand letter that Opposing Defendant, C Agriculture's attorney sent to the

Plaintiffs, and an entity called Christopher Ranch, LLC, on November 18, 2015 ("the Letter"). A reading of the Letter, a true and correct copy of which is attached and incorporate as Exhibit "A" to this declaration (it has not been attached to the First Amended Complaint filed by Plaintiffs), evidences that it is no more than a typical attorney demand letter, written as a precursor, and to avoid, the filing of a lawsuit. Although Plaintiffs characterize the letter as "extortion," it is anything but.

      3. Indeed, if the Letter were to be construed "extortive," as claimed by Plaintiffs in their First Amended Complaint, virtually every litigation attorney in this country would have at one time or another engaged in such "extortion." The Letter, like countless others of its ilk, simply asserts that Plaintiffs have engaged in wrongful conduct, in this instance, "dumping" activities, and have utilized prison labor to process (clean and peel) garlic, which the plaintiffs then imported into the United States. The Letter cites to Plaintiffs' purported violations of Section 4 of the Clayton Act which, the Letter goes on to note, authorizes a private action if the Act is violated to the detriment of a plaintiff. The Letter then monetarily itemizes the damages that Opposing Defendants have suffered as a result of Plaintiffs' wrongful activities, and threatens that the lawyer writing the Letter has been authorized by Opposing Defendants to file a lawsuit under the auspices of the Clayton Act, unless the monetary demand articulated in the Letter is met. That's it!

      4. The Letter is devoid of any threats to go to any prosecutorial agency, or to make private facts public, or anything of the kind. Based on the privileged nature of the Letter, Opposing Defendants, who are hereby opposing Plaintiffs' Ex-Parte Application, are quite obviously, under the circumstances, anxious to be relieved of having to defend this lawsuit.

      5. Plaintiffs filed their First Amended Complaint on March 4, 2016, shortly after Opposing Defendants filed their motion to dismiss Plaintiffs' original complaint [Docket # 24]. Opposing Defendants' response to the First Amended Complaint was therefore due on or before March 21, 2016. Accordingly, Opposing Defendants filed both their resubmitted Motion to Dismiss [Docket # 37], and their new Anti-SLAPP Motion, being made pursuant to *Cal. Code of Civil Procedure,* §

425.16 [Docket # 39], on March 18, 2016, and noticed the hearing date thereon for April 18, 2016. Opposing Defendants believed it was most efficient to have both Motions heard at the same time since at least one of the primary issues, the California litigation privilege, is paramount to the determination of both motions.

6. *Cal. Code of Civil Procedure, § 425.16*(f) provides that "(T)he (anti-SLAPP) motion shall be scheduled by the clerk of the court for a hearing not more than 30 days after the service of the motion unless the docket conditions of the court require a later hearing." In that this Court only hears law and motions matters on Mondays, and given that the last filing date for the Motion to Dismiss the First Amended Complaint was March 21, 2016, the latest date on which to set the hearing on Opposing Defendants' anti-SLAPP Motion was April 18, 2016.

7. It is true that Plaintiffs offered to waive the 30 day hearing deadline, citing to *Decambre v. Rady Children's Hospital-San Diego*, 235 Cal.App.4th 1, 12 n.6 (2015) for the authority that they could do so. However, having read footnote 6 of that case I disagree that it holds that a plaintiff can waive the 30 day hearing deadline, as I told Plaintiffs' attorney John Schreiber in my March 17, 2016 email (Exhibit "A" to Schreiber declaration), where I made it clear that I was not going to take the chance of prejudicing my clients by waiving Opposing Defendants' right to have their anti-SLAPP motion heard due to an untimely scheduled hearing date.

8. I further noted to Plaintiffs' attorney, and confirm herein, that it would in fact be more efficient to have Opposing Defendants' two motions heard prior to the hearing on Plaintiffs' Motion for Preliminary Injunction, currently set for May 9, 2016, because:

(1) if the Court grants Defendants' anti-SLAPP motion (or if the Court grants Opposing Defendants' concurrently filed Motion to Dismiss without leave to amend) it will obviate the necessity of this court working up Plaintiffs' motion, and having a hearing on Plaintiffs' Motion for Preliminary Injunction, which is predicated, at least as to Opposing Defendants, solely on the assumption that the litigation privilege does not apply to the Letter at issue;

3
DECLARATION OF LAWRENCE E. HELLER IN OPPOSITION TO PLAINTIFFS' EX PARTE APPLICATION

(2) the issues inherent to the Opposing Defendants' two motions are legal issues based on allegations in the First Amended Complaint regarding Opposing Defendants' single "misconduct," which irrefutably occurred on November 18, 2015, when their Letter was transmitted, whereas the primary issues before the Court on Plaintiffs' Preliminary Injunction Motion are predicated on additional factual finding as to whether Plaintiffs sustained irreparable harm, as a result of the Letter, so that an order enjoining future statements by the Opposing Defendants is warranted and legally permissible; and

(3) putting all of these motions, as well as co-defendants' motions to dismiss, which were also filed last Friday, on the same day might tax the court's resources.

9. I accordingly believe that it would be most efficient to first hear Opposing Defendants' motions, before the Court hears Plaintiffs' preliminary injunction motion, not at the same time. Different opinions regarding the court's and the parties' expedience aside, it was, and still is, my belief that Opposing Defendants' anti-SLAPP motion has to be heard within 30 days of its filing date.

10. As this court notes in its Standing Order "ex parte applications are solely for extraordinary relief and are rarely granted. See, *Mission Power Engineering Co. v. Continental Casualty Co*., 883 F. Supp. 488 (C.D. Cal. 1995)." Yet this is the second ex parte application filed by the Plaintiffs within a two week period, in a case that is barely two months old. Plaintiffs' attorneys Los Angeles office has over 70 attorneys, and their New York offices they have an additional 200 plus attorneys (Plaintiffs' caption lists four attorneys assigned to this case alone), whereas I am a partner in a two person law firm, who is being assisted in this case by only one associate. It also bears mention that although Plaintiffs' counsel claims to have scheduled the May 9th hearing date on Plaintiffs' Motion for a Preliminary Injunction to accommodate by vacation schedule, Opposing Defendants must file their opposition to the preliminary injunction motion on April 18, 2016, the day I return from an overseas trip. Therefore, as Plaintiffs' counsel is well aware,

the opposing brief will have to be prepared while I am on vacation. Hardly an accommodation.

11. As to Plaintiffs' counsel hardship claim, it bears notice that Plaintiffs, in essence, have had access to Opposing Defendants' memorandum supporting their initial Motion to Dismiss Plaintiffs' original complaint since March 4, 2016 (e.g. for almost three weeks). The original Motion to Dismiss is virtually identical to Opposing Defendants' recently filed Motion to Dismiss the First Amended Complaint, and the legal arguments raised in both motion are the same.

12. Although over the course of over 40 years of practice I have always strived to provide opposing counsel with every conceivable professional courtesy, in this instance I believe that setting a hearing on Opposing Defendants' anti-SLAPP motion more than 30 days after the motion was filed might very well be fatal to that motion and highly prejudicial to my clients' interests. Moreover, I believe that the inconvenience, or purported "hardship" to Plaintiffs' counsel, if any, is more than outweighed by the Court's inconvenience in having a hearing on a substantial number of motions on a single day.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 21st day of March, 2016, in Beverly Hills, California.

                     /s/: Lawrence E. Heller        .
                     Lawrence E. Heller, declarant