JOHN E. SCHREIBER (261558)
WINSTON & STRAWN LLP
333 S. Grand Avenue #3800
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: jschreiber@winston.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
GEORGE E. MASTORIS (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

Attorneys for Plaintiffs
HARMONI INTERNATIONAL SPICE, INC. AND
ZHENGZHOU HARMONI SPICE CO., LTD.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HARMONI INTERNATIONAL SPICE, INC., a California corporation, and ZHENGZHOU HARMONI SPICE CO., LTD., a corporation,<br><br>Plaintiffs,<br><br>v.<br><br>WENXUAN BAI, an individual, et al.,<br><br>Defendants. | Case No. 2:16-cv-00614-BRO-ASx<br><br>Hon. Beverly Reid O'Connell<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO DEFENDANTS C AGRICULTURE GROUP CORP., JIN XIA WEN, AND MINGJU XU'S MOTION TO DISMISS AND/OR STRIKE THE FIRST AMENDED COMPLAINT**<br><br>Hearing: April 18, 2016, 1:30 p.m.<br>Courtroom: 14 |

**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO THE C AGRICULTURE DEFENDANTS' MOTION TO DISMISS THE FAC**

Pursuant to Federal Rule of Evidence 201 and in connection with its concurrently filed Opposition to Defendants C Agriculture Group Corp., Jin Xia Wen, and Mingju Xu's (the "C Agriculture Defendants") Motion to Dismiss and/or Strike the First Amended Complaint, Plaintiffs respectfully request that the Court take judicial notice of the following attached exhibits:

1. Exhibit 1 is a true and correct copy of the website of James J. DeCristofaro, available at http://www.dclfirm.com/About/James-J-Decristofaro.shtml.

2. Exhibit 2 is a true and correct copy of a letter, dated March 9, 2016, sent by Robert T. Hume addressed to the Honorable Penny Pritzker regarding "*Fresh Garlic from the People's Republic of China, 21st Administrative Review – Comments on 'Harmoni Withdrawal of Review Request' filed on behalf of Qingdao Tiantaixing Foods Co., Ltd.*"

A court may consider judicially noticeable facts in connection with a motion to dismiss. *Shwarz v. United States,* 234 F.3d 428, 435 (9th Cir. 2000); *see also MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir. 1986). A court may also consider documents outside the pleadings if: (1) the complaint refers to such document; (2) the document is "central" to plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the Rule 12(b)(6) motion. *United States v. Corinthian Colleges,* 655 F. 3d 984, 999 (9th Cir. 2011); *Chambers v. Time Warner, Inc.* (2nd Cir. 2002) 282 F3d 147, 153, n. 3. Judicial notice is appropriate where "the plaintiff's claim depends on the contents of a document … even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005) (citing *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998), *superseded on other grounds by statute as stated in Abrego v. The Dow Chem, Co.*, 443 F.3d 676 (9th Cir. 2006)).

The First Amended Complaint ("FAC") alleges that "On November 18, 2014, attorney James J. DeCristofaro sent a letter to Harmoni on behalf of C Agriculture". FAC ¶ 249. "In the letter, C Agriculture alleges that Harmoni and one of its major

**1**
**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO THE C AGRICULTURE DEFENDANTS' MOTION TO DISMISS THE FAC**

customers, Christopher Ranch, 'acted together' in order to sell peeled garlic 'at a price significantly below the U.S. market price for peeled garlic,' and that this 'arrangement' constitutes an 'unreasonable restraint of trade' that violates the antitrust laws." *Id.* ¶ 250.  Plaintiffs allege that the C Agriculture Defendants made the false allegations claims in the letter in an effort to defame and extort Harmoni, and had no "good faith intention to actually file a lawsuit against Harmoni." *Id.* ¶¶ 254, 257. Exhibit 1 is a true and correct copy of the web page of James DeCristofaro, demonstrating does not appear to have any experience litigating the sort of antitrust claims he threatens to bring against Plaintiffs.  The Court may take judicial notice of this letter because the Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document … even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076 (motion to dismiss granted after taking judicial notice of the contents of web pages not alleged in the complaint); *see also Paralyzed Veterans of Am. v. McPherson*, No. C064670SBA, 2008 WL 4183981, at *5 (N.D. Cal. Sept. 9, 2008) ("It is not uncommon for courts to take judicial notice of factual information found on the world wide web.") (internal citations and quotation marks omitted).

In addition, the FAC alleges that the fraudulent statements in the C Agriculture Defendants' November 18, 2014 letter are closely related to the numerous other predicate acts perpetrated in furtherance of the Enterprise's scheme.  FAC ¶¶ 31, 127-30, 258.  Exhibit 2 is a letter sent to the Department of Commerce repeating the same false allegations of Plaintiffs' use of prison labor and attaching the C Agriculture Defendants' letter in purported support of these claims, making the C Agriculture Defendants' connection to the Enterprise more explicit.  The Court may take judicial notice of this letter because the Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document … even though the plaintiff does not explicitly allege the contents of

that document in the complaint." *Knievel,* 393 F.3d at 1076; *see also Del Puerto Water Dist. V. U.S. Bureau of Reclamation*, 271 F. Supp. 2d 1224 (E.D. Cal. 2003) (holding a court may take judicial notice of matters of public record, including papers filed with administrative bodies).

For the reasons stated above, Plaintiffs respectfully request that this Court take judicial notice of the documents attached hereto as Exhibits 1 and 2.

Dated:  March 28, 2016                WINSTON & STRAWN LLP

By:  /s/ *John E. Schreiber*
John E. Schreiber
Jeffrey L. Kessler
A. Paul Victor
George E. Mastoris

*Attorneys for Plaintiffs*
HARMONI INTERNATIONAL SPICE, INC. and ZHENGZHOU HARMONI SPICE CO., LTD.