JOHN E. SCHREIBER (261558)
WINSTON & STRAWN LLP
333 S. Grand Avenue #3800
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: jschreiber@winston.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
GEORGE E. MASTORIS (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

Attorneys for Plaintiffs
HARMONI INTERNATIONAL SPICE, INC. AND
ZHENGZHOU HARMONI SPICE CO., LTD.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

HARMONI INTERNATIONAL SPICE, INC., a California corporation, and ZHENGZHOU HARMONI SPICE CO., LTD., a corporation,

Plaintiffs,

v.

WENXUAN BAI, an individual, et al.,

Defendants.

Case No. 2:16-cv-00614-BRO-ASx

Hon. Beverly Reid O'Connell

**PLAINTIFFS' OPPOSITION TO DEFENDANTS C AGRICULTURE GROUP CORP., JIN XIA WEN, AND MINGJU XU'S MOTION TO STRIKE PLAINTIFFS' STATE LAW CLAIMS PURSUANT TO CAL. CODE OF CIVIL PROCEDURE § 425.16**

Hearing: April 18, 2016, 1:30 p.m.
Courtroom: 14

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION AND RELEVANT PROCEDURAL BACKGROUND .......... 1

II. LEGAL STANDARD .......... 4

III. THE C AGRICULTURE DEFENDANTS CANNOT MEET THEIR BURDEN TO SHOW THAT THE EXTORTIONATE DEMAND LETTER IS PROTECTED CONDUCT UNDER THE ANTI-SLAPP STATUTE .......... 5

A. Defendants Have Not Met, and Cannot Meet, Their Burden to Show That the Demand Letter Was Sent in Anticipation of Litigation Contemplated in Good Faith .......... 6

IV. PLAINTIFFS HAVE ESTABLISHED A REASONABLE PROBABILITY OF PREVAILING ON THE MERITS OF THEIR STATE LAW CLAIMS .......... 12

V. CONCLUSION .......... 15


Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*,
No. CV 11-02243 CW, 2012 WL 3877783 (N.D. Cal. 2012) ..........................13

*All One God Faith, Inc. v. Organic & Sustainable Indus. Standards, Inc.*,
183 Cal. App. 4th 1186 (2010) ..........................5

*Baharian-Mehr v. Smith*,
189 Cal. App. 4th 265 (2010) ..........................15

*Bailey v. Brewer*,
197 Cal. App. 4th 781 (2011) ..........................4, 6

*City of Cotati v. Cashman*,
29 Cal. 4th 69 (2002) ..........................5

*Cohen v. Brown*,
173 Cal. App. 4th 302, 306-07 (2009) ..........................8, 10, 11

*Eisenberg v. Alameda Newspapers, Inc.*,
74 Cal. App. 4th 1359 (1999) ..........................13

*Flatley v. Mauro*,
39 Cal. 4th 299 (2006) ..........................passim

*Found. for Taxpayer & Consumer Rights v. Garamendi*,
132 Cal. App. 4th 1375 (2005) ..........................15

*Freeman v. Schack*,
154 Cal. App. 4th 719 (2007) ..........................4

*Fuhrman v. Cal. Satellite Sys.*,
179 Cal. App. 3d 408 (1986), *overruled on other grounds in Silberg v. Anderson*, 50 Cal.3d 205 (1990) ..........................13

*Hilton v. Hallmark Cards*,
599 F.3d 894 (9th Cir. 2010) ..........................12

*Manufactured Home Cmties., Inc. v. Cnty. San Diego*,
655 F.3d 1171 (9th Cir. 2011) ..........................5





Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Mendoza v. Hamzeh*,
215 Cal. App. 4th 799 (2013) .......... 8, 9, 12

*Mindys Cosmetics, Inc. v. Dakar*,
611 F.3d 590 (9th Cir. Cal. 2010) .......... 12

*Navellier v. Sletten*,
29 Cal. 4th 82 (2002) .......... 5

*Nguyen v. Proton Tech. Corp.*,
69 Cal. App. 4th 140 (1999) .......... 13

*Malin v. Singer*,
217 Cal. App. 4th 1283 (2013) .......... 11

*Roberts v. McAfee, Inc.*,
660 F.3d 1156 (9th Cir. 2011) .......... 5, 12

*Schaffer v. City & County of San Francisco*,
168 Cal. App. 4th 992 (2008) .......... 4

*Soukup v. Law Offices of Herbert Hafif*,
39 Cal 4th 260 (2006) .......... 5, 14

*Stenehjem v. Sareen*,
226 Cal. App. 4th 1405 (2014) .......... passim

*Visto Corp. v. Sproqit Techs., Inc.*,
360 F. Supp. 2d 1064 (N.D. Cal. 2005) .......... 13

*Wang v. Wal-Mart Real Estate Bus. Trust*,
153 Cal. App. 4th 790 (2007) .......... 4

**STATUTES**

Cal. Civ. Proc. Code § 425.16 .......... passim

Cal. Penal Code §§ 518-19 .......... 7, 10

**OTHER AUTHORITIES**

Fed. R. Civ. P. 11 .......... 15

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

## I. Introduction and Relevant Procedural Background

In their Motion to Strike the Second through Sixth Claims of Plaintiffs' First Amended Complaint, Defendants C Agriculture Group Corp., Jin Xia Wen and Mingju Xu (collectively, the "C Agriculture Defendants") strive mightily to re-paint as a wholly benign precursor to legitimate litigation what is in reality an extortionate letter sent to Plaintiffs and their largest United States customer threatening to publicize blatantly false allegations of illegal conduct unless Plaintiffs paid over $30 million within five business days. Such an extortionate scheme, fueled by false and defamatory statements, is not the type of protected speech or petitioning behavior that qualifies for protection under California's Anti-SLAPP statute.

As the First Amended Complaint ("FAC") and Plaintiffs' Motion for a Preliminary Injunction allege in detail, the C Agriculture Defendants, part of the Chinese Garlic Association ("CGA"), have played and continue to play a central role in the CGA's illegal enterprise aimed at controlling the U.S. market for fresh Chinese garlic and extracting millions of dollars from Harmoni. *See* ECF No. 27 at 12-14; FAC ¶¶ 1, 49, 128. The extortionate behavior of Defendants that is the subject of the instant motion was part of that unlawful scheme.

More specifically, Plaintiffs allege that Defendants Wen and Xu, respectively the owner and manager of C Agriculture, working in combination with the owners of Chinese garlic exporting companies, have engaged in a years-long conspiracy to replace the garlic exports of Harmoni (which enjoys a lawfully obtained competitive advantage in the marketplace due to a lower dumping duty rate) with their own garlic by, among other things, (1) supporting the filing of false materials with the U.S. Department of Commerce ("DOC") in order to cause injury to Harmoni; (2) falsely implicating Plaintiffs in purported illegal activities; and (3) using false and defamatory assertions in an effort to extort money from Plaintiffs and damage their competitive position. FAC ¶¶ 107-89, 258; *see also id*. ¶¶ 13-14, 20, 38-39, 128-29.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

In late 2015, as part of this ongoing conspiracy, C Agriculture, a reseller distributing garlic for various CGA members, sent a defamatory and extortionate letter to Plaintiffs and one of their largest U.S. customers, Christopher Ranch L.L.C. ("Christopher Ranch"), purportedly under the guise of threatening an antitrust action against Plaintiffs. FAC ¶¶ 31, 249-53; *see also id*. ¶¶ 128-30. By that letter, the C Agriculture Defendants defamed, and threatened to continue to defame, Plaintiffs, unless and until Plaintiffs agreed to pay C Agriculture an extortionate "settlement" ransom of $32 million. *Id* ¶¶ 31, 252, 256. The letter was sent just ten days before Defendants Montoya, Crawford, and Katz filed a petition with the DOC using false and fraudulent representations to request a new administrative review of Plaintiff Zhengzhou Harmoni, "with the intention of seeking millions of dollars from Plaintiffs in exchange for withdrawal of the request." *Id*. ¶ 229; *see also id*. ¶¶ 249, 230-31.

Among other false assertions, C Agriculture claimed in the November 18, 2015 letter that Christopher Ranch "received garlic imports from China processed with prison labor," thereby falsely representing that such labor was used by Harmoni, Christopher Ranch's Chinese garlic supplier. FAC ¶ 251. The letter carried with it the threat that such false assertions would be widely disseminated unless Harmoni agreed to an *immediate* extortionate payment of nearly $32 million. *See* ECF No. 27-5 (Decl. of George E. Mastoris, attaching a copy of the letter and all of its exhibits as Ex. 17). The letter falsely stated, with a copy to Plaintiffs' largest U.S. customer, that Plaintiffs engaged in criminal activity and processed garlic "in unsanitary conditions." *Id*. These assertions were fraudulent and false, as demonstrated by the evidence that Plaintiffs have submitted in support of their Motion for Preliminary Injunction to halt this conduct. *See* ECF No. 26-27. This evidence shows, among other things, that Zhengzhou Harmoni has a strict policy against the use of prison labor in its production of Chinese garlic, and that Plaintiffs have not used prison labor in the production of Chinese garlic at any time. *See* ECF No. 27-7 (Decl. of Rick Zhou) at ¶ 28. Rather than serving as a precursor to legitimate antitrust litigation

(which was never filed or otherwise pursued), the purpose of the defamatory letter was to extort millions of dollars from Plaintiffs, damage Plaintiffs' customer relationships and reputation in the industry, and further the unlawful scheme of using criminal means to destroy Plaintiffs' business. FAC ¶¶ 31, 247-58; 128-30.

The FAC thus specifically alleges that "C Agriculture had no good faith intention to actually file a lawsuit against Harmoni and/or Christopher Ranch," as evidenced, *inter alia*, by the fact that it has not done so. FAC ¶ 257. Rather, "the letter was made solely for the purpose of defaming Harmoni and damaging its relationship with its customers, as well as for the purpose of extorting Harmoni, and did not serve as a necessary or useful step in any litigation process." *Id*. Such unlawful and extortionate behavior is not entitled to any statutory protection.

On March 4, 2016, Plaintiffs filed the FAC and concurrently moved for a preliminary injunction against certain of the Defendants, including the C Agriculture Defendants. *See* ECF Nos. 26-27. On March 18, 2016, the C Agriculture Defendants filed a Motion to Dismiss Plaintiffs' First Amended Complaint and the instant Motion to Strike the Second Through Sixth Claims of Plaintiffs' First Amended Complaint Pursuant to California Code of Civil Procedure § 425.16 ("Anti-SLAPP Motion"). *See* ECF Nos. 37-41. California's anti-SLAPP statute does not protect false and defamatory communications that are not a legitimate precursor to litigation and that are instead extortionate as a matter of law. Moreover, even if the C Agriculture Defendants were able to satisfy their burden to show that their extortionate demand letter somehow constituted protected conduct under the anti-SLAPP statute, Plaintiffs have demonstrated here, as well as in their Motion for Preliminary Injunction and Opposition to the C Agriculture Defendants' Motion to Dismiss, a reasonable probability of prevailing on the merits of their tort claims against Defendants' false and defamatory statements. Therefore, the Anti-SLAPP provisions do not prevent these claims from proceeding. For these reasons, discussed

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

in greater detail below, the C Agriculture Defendants' motion to strike must be denied.

## II. Legal Standard

The purpose of California's anti-SLAPP statute is to protect the right to participate, through free speech or petitioning, in matters of public significance. *Schaffer v. City & County of San Francisco*, 168 Cal. App. 4th 992, 997-98 (2008); Cal. Civ. Proc. Code § 425.16(a). Specifically, the statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). While statements made in ongoing judicial proceedings fall within the scope of the anti-SLAPP statute, *pre*-litigation statements are not protected unless they "relate[] to litigation that is contemplated in good faith and under serious consideration." *Bailey v. Brewer*, 197 Cal. App. 4th 781, 792 (2011); Cal. Civ. Proc. Code § 425.16(e). That is decidedly not the case here with respect to C Agriculture's November 18, 2015 letter.

As courts have explained, "[t]he anti-SLAPP law involves a two-step process for determining whether a claim is subject to being stricken. In the first step, the moving defendant is required to make a prima facie showing . . . the defendant's challenged acts were taken in furtherance of constitutional rights of petition or free speech in connection with a public issue, as defined by the statute." *Wang v. Wal-Mart Real Estate Bus. Trust*, 153 Cal. App. 4th 790, 800 (2007). Stated another way, the defendant must show that the causes of action targeted by an anti-SLAPP motion "arise[] from" protected activity. Cal. Civ. Proc. Code § 425.16(b)(1). The burden then shifts to the plaintiff to demonstrate a reasonable probability of prevailing on the merits of its claims. *Freeman v. Schack*, 154 Cal. App. 4th 719, 726 (2007).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

In deciding an anti-SLAPP motion, courts are to consider "the pleadings[] and supporting and opposing affidavits," Cal. Civ. Proc. Code § 425.16(b)(2), but "not [to] *weigh* the credibility or comparative probative strength of competing evidence." *Manufactured Home Cmties., Inc. v. Cnty. San Diego*, 655 F.3d 1171, 1176-77 (9th Cir. 2011) (emphasis in original). Rather, courts are to "accept as true the evidence favorable to the plaintiff and evaluate the defendant's evidence only to determine if it has defeated that submitted by the plaintiff as a matter of law." *Soukup v. Law Offices of Herbert Hafif*, 39 Cal 4th 260, 269 n.3 (2006). "Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—*i.e.*, that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." *Stenehjem v. Sareen*, 226 Cal. App. 4th 1405, 1413 (2014) (quoting *Navellier v. Sletten*, 29 Cal. 4th 82, 89 (2002)) (emphasis in original). As courts have recognized, the burden on Plaintiffs to demonstrate a claim of "minimal merit" to defeat an Anti-SLAPP Motion such as this one is a "low bar." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011).

## III. The C Agriculture Defendants Cannot Meet Their Burden to Show that the Extortionate Demand Letter Is Protected Conduct Under the Anti-SLAPP Statute

Under the first prong of the anti-SLAPP analysis, the C Agriculture Defendants must make a *prima facie* showing that the claims at issue are ones "arising from" protected activity – namely, an act "[1] in furtherance of the person's right of petition or free speech under the United States Constitution or California Constitution [and] [2] in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b)(1). This determination focuses on Defendants' "*activity* that gives rise to his or her asserted liability – and whether that activity constitutes protected speech or petitioning." *All One God Faith, Inc. v. Organic & Sustainable Indus. Standards, Inc.*, 183 Cal. App. 4th 1186, 1200 (2010) (emphasis in original); *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (2002) ("cause of action itself" must be "*based on* an act in furtherance of the

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

defendant's right of … free speech") (emphasis in original). The C Agriculture Defendants fail to carry this burden here.

**A. Defendants Have Not Met, and Cannot Meet, Their Burden to Show That the Demand Letter Was Sent in Anticipation of Litigation Contemplated in Good Faith**

To be sure, some pre-litigation communications "that are preparatory to or in anticipation of litigation" may fall within the scope of the anti-SLAPP statute. *Stenehjem*, 226 Cal. App. 4th at 1413. "It is well settled," however, "that a party seeking to invoke the protections of section 425.16 for prelitigation statements must demonstrate that the statements 'relate[ ] to litigation that is contemplated in good faith and under serious consideration.'" *Bailey*, 197 Cal. App. 4th at 792 (internal citation omitted). In determining whether a statement meets this test for purposes of the anti-SLAPP statute, courts will look to case law interpreting California's litigation privilege. *Id.* at 790. For the reasons set forth in Section IV, *infra*, the letter sent by C Agriculture is not protected by the litigation privilege, nor the anti-SLAPP statute.

Plaintiffs' unrebutted evidence[1] demonstrates that the demand letter was sent as part of an overall extortionate scheme to harm Plaintiffs, and not in connection with legitimate antitrust litigation that was "contemplated in good faith and under serious consideration." *Id.* at 792. The C Agriculture Defendants have submitted no probative evidence to the contrary. Indeed, no antitrust litigation has been filed or pursued since the extortionate threat was made over five months ago. And the false and defamatory assertions about Plaintiffs' purported use of prison labor in unsanitary conditions would have nothing to do with any antitrust litigation – thus destroying any claim that these extortionate assertions were a legitimate precursor to any such litigation.

[1] *See* ECF Nos. 26-27.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

### B. The Conduct Alleged by Plaintiffs Is Also Not Protected Activity Under the Anti-SLAPP Statute Because the Letter Constitutes Extortion as a Matter of Law

The California Supreme Court has held that extortionate demands are not protected by the anti-SLAPP statute. *Flatley v. Mauro*, 39 Cal. 4th 299, 305 (2006) ("section 425.16 cannot be invoked by a defendant whose assertedly protected activity is illegal as a matter of law"). In *Flatley*, a demand letter sent by an attorney accused the entertainer Michael Flatley of sexually assaulting his client and demanded that Flatley pay the attorney a settlement or face the prospect that his personal tax and financial information would be made public and available to the media. *Id.* The court held that the attorney's conduct constituted extortion under California law because the communication at issue accused Flatley of crimes and threatened to disgrace him unless Flatley paid the attorney $1 million. *Id.*; *see also* Cal. Penal Code §§ 518-19 (extortion is defined as "the obtaining of property from another, with his consent .. induced by a wrongful use of force or fear," and such fear "may be induced by a threat … to accuse the individual … of any crime or [t]o expose, or impute to him …a deformity, disgrace or crime.").[2] Because the conduct targeted by the plaintiff's complaint was illegal as a matter of law, the Supreme Court affirmed the denial of the defendant's motion to strike. *Flatley*, 39 Cal. 4th at 305.

Over the past ten years, California appellate courts have consistently denied anti-SLAPP motions in cases involving illegal behavior with far less egregious facts than those presented in *Flatley*. *See Stenehjem*, 226 Cal. App. 4th at 1419 (noting that "[a]t least five published cases have followed Flatley in concluding that the underlying conduct was illegal as a matter of law and, therefore, the defendant could not strike the complaint under the anti-SLAPP law."). In *Stenehjem*, the California Court of

[2] The *Flatley* court also noted that "Extortion … criminalizes the making of threats that, in and of themselves, may not be illegal. In many blackmail cases the threat is to do something in itself perfectly legal, but that threat nevertheless becomes illegal when coupled with a demand for money." *Id.* at 326. Furthermore, "threats to do the acts that constitute extortion … are extortionate whether or not the victim committed the crime or indiscretion upon which the threat is based and whether or not the person making the threat could have reported the victim to the authorities or arrested the victim." *Id.* at 327.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Appeals held that a pre-litigation demand constituted extortion as a matter of law under *Flatley* because "[i]t threatened to expose [the defendant] to federal authorities for alleged violations of the False Claims Act unless he negotiated a settlement of Stenehjem's private claims." *Id*. at 1423. The court noted that "it is of no consequence that the e-mail did not specifically identify the crime of which Stenehjem intended to accuse [the defendant]" and held that, even if a communication "may not involve a threat as extreme as the one in *Flatley*, it is nonetheless extortion as a matter of law." *Id*. at 1423, 1427 ("No precise or particular form of words is necessary in order to constitute a threat under the circumstances. Threats can be made by innuendo and the circumstances under which the threat is uttered and the relations between [the parties] may be taken into consideration ...") (citation omitted). Accordingly, the court reversed the trial court's order granting the defendant's anti-SLAPP motion. *Id*.

In *Cohen v. Brown*, the defendant attorney had requested the assistance of the plaintiff, another attorney, in representing a client in a personal injury matter. 173 Cal. App. 4th 302, 306-07 (2009). After a dispute arose between the two attorneys, the defendant made a written demand to the plaintiff threatening to file a complaint with the State Bar if the plaintiff refused to sign off on the client's settlement check to allow all fees to be paid to the defendant. *Id*. at 318, n.9 (the defendant's email stated that the State Bar would institute disciplinary proceedings unless "you respond to this e-mail that you will immediately endorse the settlement checks without condition."). The appellate court held that the plaintiff's claims for fraud, breach of contract, unfair competition, and other claims were not subject to the anti-SLAPP statute because Brown's conduct constituted extortion as a matter of law. *Id*. at 317-18.

And in *Mendoza v. Hamzeh*, the defendant sent a demand letter to the plaintiff on behalf of the plaintiff's former employer stating that they were "in the process of uncovering the substantial fraud, conversion and breaches of contract that [the plaintiff] has committed on my client" and that if the plaintiff did not "agree to cooperate with our investigation and provide us with a repayment of such damages

caused, we will be forced to proceed with filing a legal action ..., as well as reporting [you] to the California Attorney General, the Los Angeles District Attorney, [and] the Internal Revenue Service regarding tax fraud ....'" 215 Cal. App. 4th 799, 802 (2013). The *Mendoza* court held that the trial court had not erred in denying the defendant's anti-SLAPP motion because under *Flatley*, the demand letter constituted extortion as a matter of law in that it involved a "threat to report criminal conduct to enforcement agencies and to Mendoza's customers and vendors, *coupled with a demand for money*." *Id*. at 806 (emphasis in original).

The same result is required here, where Defendant C Agriculture engaged an attorney to send an extortionate letter to Plaintiff Harmoni threatening "to publicly accuse Harmoni of a crime it did not commit unless Harmoni pays it $32 million." FAC ¶ 256; *see also id*. ¶¶ 247-58; ECF No. 27-5. In the letter at issue, C Agriculture also falsely claims that "Harmoni and [its largest customer] Christopher Ranch acted together" to eliminate competition in the U.S. market for peeled garlic by selling at below-market prices. C Agriculture's attorney goes on to claim that "[o]ur clients are in possession of photographic evidence … and video showing that garlic was delivered to Zhengzhou Xiwannian's supplier in February 2015 after being peeled by inmates of a Chinese prison in unsanitary conditions." *See* ECF No. 27-5. The letter attaches 17 pages of photographs that it claims "show that Christopher Ranch received garlic imports from China processed with prison labor." *Id*.[3] The letter goes on to assert that C Agriculture has suffered lost profits as a result of the allegedly anticompetitive conduct in the amount of over $11 million to date, "estimates that the ongoing effects of the anticompetitive actions by Harmoni and Christopher Ranch will cause it to lose an additional $19,818,682.59 through 2022, for a total of $31,723,645.85," and demands payment of this amount "by certified check, in immediately available funds, made payable to [C Agriculture's attorney] "by no later

[3] Defendants repeatedly attach and reference the letter *without* these exhibits. The letter, with all of the exhibits, was attached to Plaintiffs' Motion for Preliminary Injunction, as Exhibit 17 to the Decl. of George E. Mastoris in support of that motion. *See* ECF No. 27-5.



Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

than 5 p.m. (NY time) on November 25, 2015"—a mere ***seven days after the date on the letter***. *See* ECF No. 27-5.

The letter constitutes extortion as a matter of law because it contains a threat to publicly accuse Plaintiffs of a crime coupled with an immediate demand for payment. Cal. Penal Code §§ 518-19; *Flatley*, 39 Cal. 4th at 305. The C Agriculture Defendants' argument that the letter does not expressly "threaten[] to report [Plaintiffs] to prosecuting authorities" is irrelevant. The case law is clear that a letter need not explicitly threaten to accuse Plaintiffs of a specific crime or threaten to report Plaintiffs to the authorities in order to constitute extortion. *Flatley*, 39 Cal. 4th at 326-27; *Cohen*, 173 Cal. App. 4th at 310-11 (extortionate communication threatened only to report the plaintiff to the State Bar); *see also Stenehjem*, 226 Cal. App. 4th at 1424 ("The more vague and general the terms of the accusation the better it would subserve the purpose of the accuser in magnifying the fears of his victim, and the better also it would serve to protect him in the event of the failure to accomplish his extortion and of prosecution for his attempted crime.") (citations omitted). The C Agriculture Defendants' threats to make criminal allegations part of the public record is sufficient to constitute extortion. Cal. Penal Code §§ 518-19.

Furthermore, the letter must be read within the context of the parties' interactions. *See Stenehjem*, 226 Cal. App. 4th at 1421-22. As set forth in the FAC, and established in Plaintiffs' Motion for Preliminary Injunction, C Agriculture's demand letter is merely one part of an unlawful conspiracy and criminal enterprise undertaken by all of the defendants to destroy Plaintiffs' share of the U.S. market for peeled garlic. ECF Nos. 26-27. The fact that this letter was sent just 10 days before Defendants Montoya, Crawford, and Katz (*i.e*., other members of the CGA) submitted false information to the DOC to seek a review of Plaintiff Zhengzhou Harmoni is not a coincidence. It was part and parcel of an overall scheme to extort money from Plaintiffs and destroy their Chinese garlic business, and was thus anything but a legitimate precursor to litigation. *Id*.; ECF No. 27-5; FAC ¶¶ 249, 229-31.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Defendants' reliance on *Malin v. Singer* is misplaced. *See* Mot. at 6-9; 217 Cal. App. 4th 1283 (2013). In that case, the defendant threatened to file a lawsuit against the plaintiff (attaching the complaint to its letter) that would expose plaintiff's sexual misdeeds if the case was not resolved. *Id*. at 1288-90. The court held that the pre-litigation demand letter was protected under anti-SLAPP (contrasting it with the facts in *Flatley* and its progeny) because the letter did not threaten to disclose the plaintiff's alleged wrongdoing to the public and because "the threatened disclosure of a secret affecting a third party, who is neither a relative nor a family member, does not constitute extortion." *Id*. at 1298-99.

Here, the demand letter *explicitly* threatens to file a lawsuit that will be part of the public record and indicates that it will attach purported video and photographic evidence of Plaintiffs' purported criminal use of prison labor in "unsanitary conditions." Plaintiffs, not a "third party," are clearly the ones who would be harmed by this threatened conduct and extortion. *See* ECF No. 27-7 (Decl. of Rick Zhou) at ¶¶ 27-31 (false statements in the letter "have already harmed Harmoni's business relationships with Christopher Ranch" that "will take years to repair, if it can be repaired at all," and "some of Harmoni's customers who are aware of these allegations have expressed skepticism regarding Harmoni's practices and have switched their business to other importers, resulting in significant lost sales.").[4]

The C Agriculture Defendants' letter is thus closely analogous to the letters found to be extortionate as a matter of law in *Flatley*, *Stenehjem*, *Cohen*, and

[4] The C Agriculture Defendants' argument that "the alleged misconduct" must be "unrelated to the subject matter of the defendant's underlying damage or injury claim" in order to constitute extortion is likewise off base. *See* Mot. at 8. While the fact that "the 'secret' that would allegedly expose [the plaintiff] and others to disgrace was inextricably tied to [the defendant's] pending complaint" in *Malin*, this was only one factor the court considered in holding that the conduct fell within the scope of the anti-SLAPP statute. *Malin*, 217 Cal. App. 4th at 1299. Other courts have thus found that a threat to make public an allegation in a lawsuit *does* constitute extortion. *See, e.g.*, *Cohen*, 173 Cal. App. 4th at 306-07. In any event, here, the C Agriculture Defendants made defamatory and extortionate claims in the demand letter about the use of prison labor in unsanitary conditions that have nothing to do with any alleged antitrust violations. ECF No. 27-5. Such defamatory allegations have no relationship to any antitrust claim about Plaintiffs' purportedly pricing Chinese garlic below cost.

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

*Mendoza*. The threat to make public false allegations that Plaintiffs have engaged in the criminal use of prison labor, coupled with a demand for "immediate payment" of a large sum of money, falls squarely within the definition of criminal extortion, and therefore is not protected by the anti-SLAPP statute. *See, e.g.*, *Mendoza*, 215 Cal. App. 4th at 837 ("We do not read *Flatley* to mean the anti-SLAPP statute applies to some litigation communications which satisfy the criteria for criminal extortion if such communications are not particularly extreme or egregious. The rule must be a bright line rule. The anti-SLAPP statute does not apply to litigation communications which constitute criminal extortion as a matter of law.").

## IV. Plaintiffs Have Established a Reasonable Probability of Prevailing on the Merits of Their State Law Claims

Because the C Agriculture Defendants have failed to (and cannot) carry their burden of demonstrating that the challenged conduct falls within the anti-SLAPP statute, their motion should be denied and the Court need not even reach the second prong of the anti-SLAPP analysis. *See Stenehjem*, 226 Cal. App. 4th at 1420. Even if the C Agriculture Defendants could satisfy their initial burden, however, in order to defeat the instant Motion, Plaintiffs would need only demonstrate a "minimum level of legal sufficiency and triability," in other words, "minimal merit" by "stat[ing] and substantiat[ing] a legally sufficient claim." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 598-99 (9th Cir. Cal. 2010). This is a "low bar." *Roberts*, 660 F.3d at 1163; *Hilton v. Hallmark Cards*, 599 F.3d 894, 908 (9th Cir. 2010) ("required probability that [a party] will prevail need not be high.").

The C Agriculture Defendants claim that Plaintiffs cannot establish a reasonable probability of prevailing on their state law claims because C Agriculture's "demand letter is protected by California's litigation privilege." Mot. at 10-13. But, as set forth in further detail in Plaintiffs' Opposition to the C Agriculture Defendants' Motion to Dismiss, the litigation privilege does not even apply "when the person publishing an injurious falsehood is not seriously considering litigation. In such a case, the publication has no'connection or logical relation' to an action and is not

made 'to achieve the objects' of any litigation." *Fuhrman v. Cal. Satellite Sys.*, 179 Cal. App. 3d 408, 422 n.5 (1986) (internal citation omitted), *overruled on other grounds in Silberg v. Anderson*, 50 Cal.3d 205, 212 (1990); *see id.* ("No public policy supports extending a privilege to persons who attempt to profit from hollow threats of litigation."). In other words, the litigation privilege "does not prop the barn door wide open for any and every sort of prelitigation charge or innuendo." *Nguyen v. Proton Tech. Corp.*, 69 Cal. App. 4th 140, 150 (1999); *see also Visto Corp. v. Sproqit Techs., Inc.*, 360 F. Supp. 2d 1064, 1069 (N.D. Cal. 2005); *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1379-80 (1999) ("[B]ecause the privilege does not attach prior to the actual filing of a lawsuit unless and until litigation is seriously proposed *in good faith* for the purpose of resolving the dispute, even a threat to commence litigation will be insufficient to trigger application of the privilege if it is actually made as a means of inducing settlement of a claim and not in good faith contemplation of a lawsuit. ***This is a question of fact that must be determined before the privilege is applied.***") (emphases added).

The C Agriculture Defendants' argument that pre-litigation letters sent without a good faith belief *in the truth of the allegations therein* are protected by the litigation privilege thus misses the point entirely. *See* Mot. at 12-13. Where a defendant does not seriously intend to file the threatened lawsuit, the litigation privilege does not attach at all. None of the cases cited by the C Agriculture Defendants is to the contrary. *Id.*; *see Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. CV 11-02243 CW, 2012 WL 3877783, at *12 (N.D. Cal. 2012) (where the plaintiff sent letters to the defendant threatening to file a lawsuit for patent infringement, and then *did* file the lawsuit, the court concluded that the plaintiff was contemplating litigation seriously and in good faith); *Visto*, 360 F. Supp. 2d at 1069 (finding that the plaintiff had alleged sufficient facts in the complaint that the defendant lacked a good faith intention to file a lawsuit and therefore that the plaintiff's claims were not barred by the litigation privilege).

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543

Plaintiffs have alleged that the C Agriculture Defendants sent the letter at issue "in an effort to defame and extort" Plaintiff Harmoni, and that they "had no good faith intention to actually file a lawsuit against Harmoni and/or Christopher Ranch, and, in fact, did not. The letter was made solely for the purpose of defaming Harmoni and damaging its relationship with its customers, as well as for the purpose of extorting Harmoni, and did not serve as a necessary or useful step in any litigation process." FAC ¶¶ 254, 257. Indeed, no threatened antitrust lawsuit was ever filed by C Agriculture against Plaintiffs. Rather, as Plaintiffs allege, the extortive letter was part of a broader conspiracy, in concert with the other defendants named in this case, to extort money and destroy Plaintiffs' competitive position in the U.S. garlic market. *See supra*, Section I.[5]

The Court must take these allegations as true for purposes of deciding this Motion, particularly as the C Agriculture Defendants have come forward with ***no evidence*** to rebut them and instead rely solely upon the letter itself. Accepting Plaintiffs' allegations as true regarding the motivations and intent of the C Agriculture Defendants, and particularly factoring in that the C Agriculture Defendants never did file any antitrust lawsuit against Plaintiffs, the Court must hold for purposes of this Motion that the litigation privilege does not apply. *Soukup*, 39 Cal. 4th at 269, n.3. This is particularly true because the defamatory statements made – involving the use of prison labor – would have nothing to do with the threatened antitrust action and thus cannot possibly be covered under the pretense of any litigation privilege. *See Stenehjem*, 226 Cal. App. 4th at 1419.

Given that the C Agriculture Defendants do not (and cannot) otherwise contend that Plaintiffs have failed to allege facts sufficient to meet their "low bar" to show a

[5] Given the extensive allegations in the FAC of the C Agriculture Defendants' connection to the other defendants and participation in the overall conspiracy summarized herein, their narrow reading of the FAC must be ignored. *See* Mot. at 9 n.7 (claiming that Plaintiffs have not alleged factual support for their claim that the C Agriculture Defendants sent the letter for the purpose of defaming and extorting Plaintiffs). All of Plaintiffs' well-pled allegations in the FAC must be accepted as true for purposes of this Motion. *Soukup*, 39 Cal. 4th at 291.

reasonable probability of prevailing on their state law claims, Mot. at 10-13, the Court—were it found necessary to reach the second prong of the anti-SLAPP analysis (and it is not)—must conclude this Motion should be denied.

**V. <u>Conclusion</u>**

As demonstrated above, the challenged conduct on the part of the C Agriculture Defendants does not fall within the scope of the anti-SLAPP statute. And even if it did, Plaintiffs' allegations—supported by *unrebutted* affidavits and evidence submitted in connection with Plaintiffs' preliminary injunction motion—demonstrate that Plaintiffs have a reasonable probability of prevailing on the merits of their state law claims against the conduct at issue.

The anti-SLAPP statute *requires* the Court to award costs and reasonable attorney fees to a prevailing plaintiff if the Court finds that the motion to strike is "frivolous or is solely intended to cause unnecessary delay." Cal. Civ. Proc. Code § 425.16(c)(1); *Found. for Taxpayer & Consumer Rights v. Garamendi*, 132 Cal. App. 4th 1375, 1388 (2005) (quoting statute); *see also* Fed. R. Civ. P. 11. Such is the case here, where the applicable case law, coupled with Plaintiffs' evidentiary showing, is both dispositive of the instant motion and demonstrates that the C Agriculture Defendants' Motion was frivolous. *See, e.g.*, *Baharian-Mehr v. Smith*, 189 Cal. App. 4th 265, 275 (2010).

Dated: March 28, 2016

WINSTON & STRAWN LLP

By: /s/ *John E. Schreiber*
John E. Schreiber
Jeffrey L. Kessler
A. Paul Victor
George E. Mastoris

*Attorneys for Plaintiffs HARMONI INTERNATIONAL SPICE, INC. and ZHENGZHOU HARMONI SPICE CO., LTD.*

Winston & Strawn LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543