LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | | |

| Present: The Honorable | **BEVERLY REID O'CONNELL, United States District Judge** |
|---|---|

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS)

## ORDER RE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT, DEFENDANTS' MOTIONS TO STRIKE PLAINTIFFS' SECOND THROUGH SIXTH CLAIMS, AND PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION [27, 37, 39, 44, 45, 48, 77]

## I.     INTRODUCTION

Pending before the Court are six motions: (1) Plaintiffs Harmoni International Spice, Inc. ("Harmoni International") and Zhengzhou Harmoni Spice Co., LTD's ("Zhengzhou Harmoni") (collectively, "Plaintiffs") Motion for Preliminary Injunction, (Dkt. No. 27); (2) Defendants C. Agriculture Group Corp. ("C. Agriculture"), Jin Xia Wen, and Mingju Xu's (collectively, the "C. Agriculture Defendants") Motion to Dismiss and Strike Plaintiffs' First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f), (Dkt. No. 37); (3) the C. Agriculture Defendants' Motion to Strike the second through sixth claims of Plaintiffs' FAC pursuant to California Civil Procedure Code section 425.16, (Dkt. No. 39); (4) Defendants Robert T. Hume, Kwo Lee, Inc. ("Kwo Lee"), Shuzhang Li, and Huamei Consulting Co., Inc.'s ("Huamei USA") (collectively, "Hume Defendants") Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 44); (5) Defendants Joey C. Montoya, Stanley Crawford, and Avrum Katz's (collectively, "Montoya Defendants") Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6); and, (6) the Hume and Montoya Defendants' Motion to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|----------|---------------------------|------|--------------|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

Strike pursuant to California Civil Procedure Code section 425.16 and Federal Rule of Civil Procedure 12(f), (Dkt. No. 48).[1]  The Court has considered the papers filed in support of and in opposition to the instant Motions, as well as oral argument of counsel. For the following reasons, the Court **GRANTS** the Montoya Defendants' Rule 12(b)(2) Motion, **GRANTS** the C. Agriculture Defendants' and the Hume and Montoya Defendants' anti-SLAPP Motions and therefore **DISMISSES** Plaintiffs' second through sixth claims, **DENIES as moot** Plaintiffs' Motion for Preliminary Injunction, **GRANTS** the C. Agriculture Defendants' Rule 12(b)(6) Motion as to Plaintiffs' RICO claim, **DENIES** the Hume Defendants' Rule 12(b)(6) Motion as to Plaintiffs' RICO claim, and **DENIES as moot** the moving parties' Rule 12(f) Motions to the extent they seek to strike portions of Plaintiffs' FAC the Court has already stricken by granting the anti-SLAPP Motions.

## II.    BACKGROUND

### A.    The Parties

#### 1.    Plaintiffs

Plaintiff Harmoni International is a California Corporation with its principal place of business in California.  (First Am. Compl. ("FAC") ¶ 36.)  Harmoni International is engaged in the importation and sale of fresh garlic, including garlic bulbs and peeled garlic, dehydrated garlic, ginger, and paprika.  (*Id.*)  Plaintiff Zhengzhou Harmoni is a subsidiary of Harmoni International, has its principal place of business in the Henan Province of China, and is engaged in the production, sale, and exportation of fresh garlic, including garlic bulbs and peeled garlic, from China to the United States.  (FAC ¶ 37.)  Harmoni International acts as the exclusive importer of Plaintiff Zhengzhou Harmoni's fresh garlic for the United States market.  (FAC ¶ 36.)

---

[1] The Hume and Montoya Defendants also filed a request to strike allegedly untimely and incompetent evidence submitted with and after Plaintiffs' Reply in support of their Motion for Preliminary Injunction.  (Dkt. No. 77.)  For the reasons discussed below, the Court **DENIES** the request **as moot**.

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

### 2.   Moving Defendants

Defendant Hume ("Mr. Hume") is an attorney residing in El Prado, New Mexico. (FAC ¶ 41.)  Mr. Hume is the principal founder of Hume & Associates and is admitted to practice law before the United States Court of International Trade ("CIT"), as well as in Washington, D.C., Hawaii, and Virginia.  (*Id.*)  At times relevant to this action, Mr. Hume resided in, and had his principal place of business in, Ojai, California.  (*Id.*)  At all relevant times, Defendant Montoya ("Mr. Montoya") was an associate attorney with Hume & Associates.[2]  (FAC ¶ 42.)  Mr. Montoya is admitted to practice law before the CIT and in New Mexico.  (FAC ¶ 42.)  According to Plaintiffs, Mr. Montoya resides in Santa Fe, New Mexico.[3]  (*Id.*)

Defendant Crawford ("Mr. Crawford") is an individual residing in Dixon, New Mexico.  (FAC ¶ 43.)  Mr. Crawford grows garlic and other produce on his two-acre farm, known as El Bosque Garlic Farm ("El Bosque").  (*Id.*)  Defendant Katz ("Mr. Katz") is an individual residing in Llano, New Mexico, who, like Mr. Crawford, grows garlic and other produce on his farm, known as the "Boxcar Farm."  (FAC ¶ 44.)

Defendant Huamei USA is a California corporation with its principal place of business in Ojai, California.  (FAC ¶ 45.)  Huamei USA allegedly works with Hume & Associates and Huamei Consulting Co., Ltd. ("Huamei China")—a non-moving defendant and Huamei USA's affiliate—to provide producers, exporters, and United States importers of Chinese garlic with a variety of professional services relating to antidumping matters.  (FAC ¶ 45.)

Defendant C. Agriculture is a New York corporation with its principal place of business in Rego Park, New York.  (FAC ¶ 49.)  C. Agriculture does business in

---

[2] Plaintiffs allege that, "[a]ccording to its website, Hume & Associates 'consults on international trade and U.S. customs cases, which include assisting overseas clients expand their business in the United States.'"  (FAC ¶ 17.)  Plaintiffs also allege that Hume & Associates was formerly based in Ojai, California, before it moved to its current headquarters in El Prado, New Mexico.  (*Id.*)

[3] At oral argument, the Hume and Montoya Defendants' counsel informed the Court that Mr. Montoya is no longer employed by Hume & Associates.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

California and New York, and is a distributor of fresh garlic and other spices and vegetables. (*Id.*) Defendant Jin Xia Wen ("Wen") owns C. Agriculture, and Mingju Xu ("Xu") is its manager. (FAC ¶¶ 55–56.) Both Wen and Xu are individuals residing in New York. (*Id.*)

Defendant Kwo Lee is a California corporation with its principal place of business in St. Louis, Missouri. (FAC ¶ 47.) Shuzhang Li is an individual residing in St. Louis, Missouri, and is the owner of Kwo Lee. (FAC ¶ 48.) Kwo Lee is engaged in the importation of fresh garlic from China for a number of companies owned and/or controlled by non-moving defendants Wexuan Bai and Ruopeng Wang. (FAC ¶ 47.)

### 3.     Non-Moving Defendants Relevant to the Pending Motions

Defendant Wexuan Bai ("Bai") is a businessman residing in China. (FAC ¶ 38.) According to Plaintiffs, Bai is the owner of, or is otherwise associated with, Defendant Qingdao Tiantaixing Co., Ltd. ("QTF"), Defendant Qingdao Lianghe International Trading Co., Ltd. ("Lianghe"), and non-defendant Qingdao Xintianfeng Foods Co., Ltd. ("QXF"). (FAC ¶ 13.) Plaintiffs also allege that Bai has been actively involved in the business operations of Defendant Heibei Golden Bird Trading Co., Ltd. ("Golden Bird"), another large Chinese exporter whose business operations are allegedly intertwined with those of QTF, QXF, and Lianghe. (*Id.*)

Defendant Jicheng Ye ("Ye"), like Bai, is a businessman residing in China. (FAC ¶ 39.) Plaintiff alleges Ye has been acting in concert with Bai "to destroy Plaintiffs' competitive position in the U.S. garlic market and to replace Zhengzhou Harmoni's exports with garlic exported by his own companies or those of his co-conspirators." (FAC ¶ 14.) Ye allegedly owns and/or controls a number of different entities exporting fresh garlic to the United States, including Defendant Jinxiang Hejia Co., Ltd. and non-defendants Sunny Import and Export Limited. (*Id.*)

Plaintiffs aver that Bai and Ye are "actively assisted" by Defendant Ruopeng Wang ("Wang"), a Chinese businessman who controls and operates Defendant Golden

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|----------|----------------------|------|--------------|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Bird, (FAC ¶ 15), with which Defendant Bai allegedly has close ties, (FAC ¶ 13). Defendant Wang also allegedly controls Huamei China. (FAC ¶ 16.)[4]

### B. Factual Background

In 1994, the Department of Commerce ("DOC") issued an antidumping order covering fresh garlic from, among other places, the People's Republic of China (the "Chinese Garlic Order").[5] (FAC ¶ 2.) The purpose of the Chinese Garlic Order was to impose duties on exporters of Chinese garlic to prevent the "dumping" of low-priced garlic in the United States, which would effectively reduce the value of domestic-grown garlic and injure competition among domestic competitors unable to compete with the lower-priced Chinese garlic. (*See* FAC ¶ 66.) Plaintiffs note that

> subtitle B of title VII of the Tariff Act of 1930 provides that antidumping duties will be imposed when two conditions are met: (a) the DOC determines that the foreign subject merchandise is being, or is likely to be, sold in the United States at less than fair value, and (b) the U.S. International Trade Commission ("ITC") determines that a domestic industry has been materially injured or is threatened with material injury by reason of imports of that merchandise.

(FAC ¶ 67 (citing 19 U.S.C. § 1673).) Interested parties, usually comprised of commercial manufacturers, producers, or wholesalers of a product they believe is being imported and being sold at less than fair value, may file petitions with the DOC and the ITC alleging injury to a domestic industry as a result of "dumping" conduct. (FAC ¶ 68.) The DOC also initiates investigations *sua sponte*. (*Id.*)

---

[4] Although other defendants are named in this action, (*see generally* FAC), only the defendants discussed are relevant to the instant Motions pending before the Court.

[5] Plaintiffs allege that the country-wide rate for garlic exported from China is $4.71 per kilogram, which is roughly 2.5 times the amount the garlic could be sold for on the market, thereby effectively barring the legal importation of fresh garlic from China by producers and exporters subject to the high country-wide rate. (FAC ¶ 104.)

---

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Since 1994, the DOC "has conducted annual administrative reviews of companies subject to the Chinese Garlic Order as well as reviews of 'new shippers' of Chinese garlic." (FAC ¶ 4.)  Because of these reviews, most Chinese garlic is subject to high duties, due in part to Chinese garlic exporters' "persistent" antidumping violations. (FAC ¶ 5.)  One notable exception is garlic imported by Plaintiff Harmoni International from Plaintiff Zhengzhou Harmoni, which has enjoyed a zero duty rate since it was a "new shipper" in 2001. (FAC ¶ 6.)  Plaintiff Zhengzhou Harmoni has maintained that rate to the present day and is the only current Chinese exporter with a zero duty rate.[6] (FAC ¶ 109.)  As Plaintiff Zhengzhou Harmoni's parent company and exclusive importer, Plaintiff Harmoni International enjoys an advantage in the marketplace because of its subsidiary's zero duty rate. (FAC ¶ 8.)

According to Plaintiffs, "[r]ather than comply with U.S. antidumping laws in order to improve their competitive position," each of the named defendants "participated in an [e]nterprise which embarked upon a series of unlawful and illegal acts designed to defraud the DOC, U.S. Customs and Border Protection ('Customs'), the agency charged with administering the DOC's antidumping orders, and the [CIT]." (FAC ¶ 9.)  Plaintiffs allege that Defendant Bai has "driven" the scheme, (FAC ¶ 13), working closely with Defendants Ye and Wang, who, together, have been working through Hume & Associates to engage in the allegedly fraudulent conduct, (FAC ¶¶ 14–16, 20).  Namely, Plaintiffs aver that "Hume & Associates misled the DOC and Customs as to the ownership of" Bai, Ye, and Wang's companies, "submitted false affidavits regarding the provenance of the garlic being shipped to the United States and provided forged documents in order to demonstrate compliance with Chinese laws governing exportation, while at the same time attempting to falsely implicate Plaintiffs in similar illegal activities." (FAC ¶ 20.)  When the companies would obtain low antidumping duty rates, they would allegedly export large amounts of garlic from producers not covered under

---

[6] Specifically, Plaintiffs allege that Zhengzhou Harmoni received a zero duty rate in Period of Review ("POR") 8, the eighth year after the initial Chinese Garlic Order was issued and the first year in which Zhengzhou Harmoni was reviewed. (FAC ¶ 107.)  In the next two consecutive administrative reviews, POR 9 and POR 10, the DOC calculated the same zero cash deposit rating for Zhengzhou Harmoni. (FAC ¶ 108.)  Since POR 10, which was in 2004, the DOC has not reviewed Zhengzhou Harmoni, thereby allowing Zhengzhou Harmoni to maintain its zero duty rate. (FAC ¶ 109.)

LINK:

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

their antidumping rates.  (FAC ¶ 22.)  When the companies—allegedly run by Bai, Ye, and Wang—were assessed higher antidumping rates because of the disclosure violations, Bai, Ye, and Wang would allegedly cease using those companies and instead open a new company or revert to an older, dormant operation subject to a low duty rate.  (FAC ¶ 23.)

In the most recent alleged "scheme," Hume & Associates, on behalf of Bai, Ye, and Wang, "recruited" Defendants Crawford and Katz, two garlic farmers from New Mexico, to petition the DOC to review Plaintiff Zhengzhou Harmoni's garlic exportations.[7]  (FAC ¶ 29.)  According to Plaintiffs, the DOC "filings are part of an ongoing effort to force upon Zhengzhou Harmoni the significant expense and burden associated with administrative review, strip it of its favorable rate, and increase the market share of Hume's real clients-in-interest: Bai, Ye, Wang, and the Chinese corporations under their control."  (Id.)  Plaintiffs allege that Hume & Associates is representing Mr. Crawford and Mr. Katz pro bono and that the petition is "being bankrolled by a $1.6 million 'war chest' set up at Hume and Wang's instigation by the Chinese Garlic Association[8] in September 2014."  (FAC ¶ 30.)  "This war chest was created for the explicit purpose of destroying Plaintiffs' business in the United States and replacing Harmoni [International] and Zhengzhou Harmoni's exports with Chinese garlic exported by companies controlled by Bai, Ye, and Wang unless Plaintiffs agree to meet certain cash payment demands of the members of the Chinese Garlic Association."  (Id.)

On February 20, 2015, Mr. Crawford, represented by Defendant Hume, filed a petition with the DOC—via electronic filing and first-class mail—requesting the review of Plaintiff Zhengzhou Harmoni's garlic exportations.  (FAC ¶ 221.)  This petition did not include Mr. Katz as a petitioner.  (See id.)  "In this submission, Hume falsely claimed that Zhengzhou Harmoni was . . . shipping garlic produced by entities that the DOC had previously determined were subject to the country-wide rate of $4.71 per kilogram in an attempt to circumvent application of the antidumping rate to those producers."  (FAC

---

[7] As discussed in greater detail below, Plaintiffs dispute Mr. Crawford's and Mr. Katz's standing to petition the DOC for a review of Plaintiffs' garlic exportation.  (FAC ¶ 133.)

[8] The term "Chinese Garlic Association" refers to a group comprised of "Chinese garlic exporters allegedly owned or controlled by Defendants Bai, Ye, and Wang."  (FAC ¶ 18.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

¶ 222.)  "To support this allegation, Hume . . . submitted . . . several examples of what he claimed were [Zhengzhou] Harmoni's phytosanitary certificates."[9]  (FAC ¶ 223.)  Plaintiffs allege that "Hume and Crawford asserted that the CIQ codes on these certificates belonged to producers assigned the country-wide rate, stating that 'Harmoni has been shipping garlic from producers that were assigned the PRC-wide rate, yet evading duties by using its own zero cash deposit rate.'"  (*Id.*)  Plaintiffs also aver that "[t]he phytosanitary certificates purportedly belonging to Zhengzhou Harmoni and submitted by Hume and Crawford are forgeries obtained by Hume from Huamei and his real clients-in-interest, Bai, Ye, and Wang."  (FAC ¶ 224.)

On March 13, 2015, Mr. Frank Zhou, Harmoni's chief executive officer, allegedly received a telephone call from Defendant Bai.  (FAC ¶ 217.)  During the conversation, Defendant Bai allegedly informed Mr. Zhou that that Defendant Bai would have the DOC petition withdrawn in exchange for Zhengzhou Harmoni's withdrawal of a complaint that was pending with the CIQ against Defendant Bai's company, QTF, alleging forgery of Zhengzhou Harmoni's phytosanitary certificates.[10]  (*Id.*)  On March 17, 2015, Defendant Crawford withdrew this initial request for an administrative review of Zhengzhou Harmoni, allegedly demonstrating his "involvement and complicity" in the overall "scheme."  (FAC ¶ 219.)  Plaintiffs allege that "Zhengzhou Harmoni did not withdraw its complaint to the CIQ, nor cooperate with companies under Bai's control to ship garlic under Zhengzhou Harmoni's zero cash deposit rate."  (*Id.*)

---

[9] Phytosanitary certificates are allegedly required under Chinese law for each unique export shipment of agricultural food product, including fresh garlic.  (FAC ¶ 111.)  They purportedly contain, among other things, a code issued by the Chinese Entry-Exit Inspection and Quarantine Bureau ("CIQ") that is unique to the producer and identifies the facility at which the goods were produced and packed.  (*Id.*)  "The certificates indicate that the goods were inspected by a Chinese authority and make it possible to trace exports to the facility at which they were produced."  (*Id.*)

[10] To clarify, Zhengzhou Harmoni had previously filed an action with the CIT against Defendant Bai and QTF relating to an allegedly separate attempt by Defendant Bai to forger Zhengzhou Harmoni's phytosanitary certificates.  (*See* FAC ¶¶ 160–201.)

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

On November 28, 2015, Defendant Montoya allegedly filed yet another review request with the DOC on Defendants Crawford and Katz's behalf.  (FAC ¶ 230.)  The petition allegedly identified the petitioning entity as the "New Mexico Garlic Growers Coalition" (the "Coalition"), comprised of Defendant Crawford's and Katz's independent farming businesses.  (FAC ¶ 231.)  Defendant Montoya allegedly represented the Coalition on a pro bono basis.  (FAC ¶ 233.)

According to Plaintiffs, the November 28, 2015 petition, as well as subsequent, supplementary filings dated December 3, 3015 and February 22, 2016, contains "false and fraudulent statements aimed at destroying Harmoni's reputation amongst its customers and in the community, as well as causing Zhengzhou Harmoni . . . to undergo a burdensome [] administrative review process and potentially lose its zero rate as a direct result of the fraudulent representations made by the Coalition."  (FAC ¶ 234.)  Namely, the allegedly fraudulent statements include the following: (1) that Defendants Crawford and Katz produce "domestic like products," thereby giving them standing to petition, when they actually produce different types of garlic sold at different price points aimed at a different market,[11] (FAC ¶¶ 236–237); (2) that the petition-request withdrawals[12] of Zhengzhou Harmoni by the Fresh Garlic Producers Association (the "FGPA"), a trade association made up of domestic producers of fresh garlic (including Christopher Ranch, L.L.C., Plaintiffs' customer), "was the result of collusion between the FGPA and Zhengzhou Harmoni," (FAC ¶ 238); and, (3) that Zhengzhou Harmoni has been "gaming" the antidumping law by illegally acting as an "umbrella" for other Chinese

---

[11] Only "interested parties" may submit a petition for review.  *See* 19 C.F.R. § 351.213(b).  Among the definition of "interested parties" are manufacturers, producers, or wholesalers in the United States of a "domestic like product."  19 U.S.C. § 1677(9)(C).  A domestic like product is "a product which is like, or in the absence of like, most similar in characteristics and uses with, the article subject to an investigation . . . ."  19 U.S.C. § 1677(10).

[12] When the DOC receives an appropriate petition requesting the administrative review of one or more Chinese exporters, the DOC will rescind an administrative review of a particular entity if the petitioning party withdraws the entity from the petition within ninety days of filing the petition.  (FAC ¶ 85 (citing 19 C.F.R. § 351.213(d)).)  According to Defendant Hume, the FGPA has requested the review of Zhengzhou Harmoni and all other Chinese exporters each year since 2004, then subsequently withdrawn Zhengzhou Harmoni's name, along with exporters that had ceased to export to the United States.  (Decl. of Robert T. Hume ("Hume Decl.") (Dkt. No. 60-3) ¶ 17.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

garlic producers that the DOC previously determined were subject to the country-wide rate of $4.71 per kilogram, (FAC ¶ 239).

Finally, Plaintiffs aver that the C. Agriculture Defendants, which allegedly have close ties to Bai, Ye, Hume, and other defendants, sent a "false and defamatory" demand letter to Harmoni International and one of its largest United States customers, Christopher Ranch L.L.C. ("Christopher Ranch"), on November 18, 2015. (FAC ¶ 31.) In the demand letter, the C. Agriculture Defendants, through their attorney, James DeCristofaro, informed Plaintiff Harmoni International and Christopher Ranch that C. Agriculture "ha[d] been harmed and w[ould] continue to be harmed by the actions of Harmoni and Christopher Ranch." (Dkt. No. 41-1 ("Demand Letter") at 2.) Specifically, the C. Agriculture Defendants claimed in the letter that Plaintiff Harmoni International and Christopher Ranch acted together to ensure that Plaintiffs would not incur an additional review by the DOC, thereby allowing Plaintiff Zhengzhou Harmoni to maintain its zero cash deposit rate, which allegedly benefitted Christopher Ranch given his status as Plaintiffs' customer. (*Id.* at 2.) C. Agriculture also stated that it was in possession of evidence indicating that "Christopher Ranch received garlic imports from China processed with prison labor," the reduced labor costs of which "enabled Harmoni and Christopher Ranch to sell peeled garlic in the U.S. at a price substantially below the market price and thus, engaged in anticompetitive practices harming C. Agriculture, and others." (*Id.* at 2–3.) C. Agriculture then made a settlement demand of $31,723,645.85 and stated that the C. Agriculture Defendants' counsel was authorized to file a lawsuit against Plaintiff Harmoni International and Christopher Ranch under section 4 of the Clayton Act in the event the parties did not reach a settlement agreement. (*Id.* at 3.)

According to Plaintiffs, this letter amounted to extortion and contained false accusations that would "publicly and irreparably damage Harmoni's reputation and relationships with its customers" if disseminated more publicly. (FAC ¶ 31.) Plaintiffs also allege that the demand letter was in furtherance of the alleged scheme already underway, as "C Agriculture's principals and management, Defendants Wen and Xu, played an active role in the subject defamation and attempted extortion . . . [and] [b]oth have close business ties to Bai and Ye[] and have employed Hume as counsel in prior matters." (FAC ¶ 258.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|----------|------------------------|------|--------------|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

### C.   Procedural History

Plaintiffs initiated this action on January 27, 2016, filing their Original Complaint with this Court.  (Dkt. No. 1.)  On March 4, 2016, Plaintiffs filed their FAC—the operative complaint in this action—alleging the following six claims against all of the defendants: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (FAC ¶¶ 259–275); (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*, (FAC ¶¶ 276–281); (3) unfair competition under California common law, (FAC ¶¶ 282–286); (4) trade libel, under California law, (FAC ¶¶ 287–291); (5) tortious interference with contractual relations, pursuant to California law, (FAC ¶¶ 292–298); and, (6) intentional interference with prospective economic advantage, under California law, (FAC ¶¶ 299–307).  (Dkt. No. 26.)

On March 4, 2016, Plaintiffs also filed a Motion for Preliminary Injunction, (Dkt. No. 27 ("PI")), asking the Court to issue an order requiring "Defendants Hume, Montoya, Crawford, and Katz to retract all false statements."  (*See* Dkt. No. 27-8 ("Proposed Order").)  These "false statements" include the following: (1) "[t]hat Zhengzhou Harmoni ships garlic produced by entities that the DOC had previously determined were subject to the country-wide rate of $4.71 per kilogram in an attempt to circumvent application of the antidumping rate to those producers"; (2) "[t]hat Zhengzhou Harmoni exports garlic produced by several different producers, 'act[ing] as an umbrella' for these producers that the DOC had previously determined were subject to the country-wide rate"; (3) "[t]hat Zhengzhou Harmoni processes garlic with prison labor"; and, (4) that Crawford and Katz produce "like" products that compete with Zhengzhou Harmoni's Chinese garlic. (Proposed Order at 3–4; *see also* Dkt. No. 72 ("Pls.' Reply in Supp. PI") at 9 n.11.) Plaintiffs' second request is that the Court enjoin Defendants Hume, Montoya, Crawford, Katz, C. Agriculture, Wen, and Xu from making these statements in the future.[13]  (*See* Proposed Order at 3–4.)  The C. Agriculture Defendants timely opposed the Motion, (Dkt. No. 58), as did the Hume and Montoya Defendants, (Dkt. No. 60).  Plaintiffs timely replied.  (*See generally* Pls.' Reply in Supp. PI.)

---

[13] Plaintiffs slightly amended the scope of their injunction request at oral argument, limiting it to the statements they have presumably demonstrated have a reasonable likelihood of being false.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

On March 18, 2016, the C. Agriculture Defendants filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and (12)(f).  (Dkt. No. 37 ("C. Agriculture MTD").)  Plaintiffs opposed on March 28, 2016.  (Dkt. No. 49 ("Pls.' Opp'n to C. Agriculture MTD").)  On April 4, 2016, the C. Agriculture Defendants replied.  (Dkt. No. 53 ("C. Agriculture Reply in Supp. MTD").)

On March 18, 2016, the C. Agriculture Defendants also filed a Motion to Strike the second through sixth claims in Plaintiffs' FAC pursuant to California Civil Procedure Code section 425.16, also known as an "anti-SLAPP" Motion.  (Dkt. No. 39 ("C. Agriculture anti-SLAPP").)  Plaintiffs opposed on March 28, 2016, (Dkt. No. 51 ("Pls.' Opp'n to C. Agriculture anti-SLAPP")), and the C. Agriculture Defendants replied on April 4, 2016, (Dkt. No. 55 ("C. Agriculture Reply in Supp. anti-SLAPP")).

On March 18, 2016, the Hume Defendants filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 44 ("Hume Defs.' MTD").)  The same day, the Montoya Defendants filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).  (Dkt. No. 45 ("Montoya Defs.' MTD").)  Plaintiffs filed a single Opposition to both the Hume and Montoya Defendants' Motions on April 18, 2016.  (Dkt. No. 64 ("Pls.' Opp'n to Hume and Montoya Defs.' MTDs").)  The Hume and Montoya Defendants filed a joint Reply on April 25, 2016.  (Dkt. No. 68 ("Hume and Montoya Defs.' Reply in Supp. MTDs").)

On March 25, 2016, the Hume and Montoya Defendants filed an anti-SLAPP Motion, as well as a Motion to Strike certain portions of Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(f).  (Dkt. No. 48 ("Hume and Montoya Defs.' anti-SLAPP").)  Plaintiffs opposed the Motion on April 18, 2016, (Dkt. No. 62 ("Pls.' Opp'n to Hume and Montoya Defs.' anti-SLAPP")), and the Hume and Montoya Defendants replied on April 25, 2016, (Dkt. No. 67 ("Hume and Montoya Defs.' Reply in Supp. anti-SLAPP")).[14]

---

[14] On April 29, 2016, the Hume and Montoya Defendants also filed a request to strike allegedly untimely and incompetent evidence submitted with and after Plaintiffs' Reply in support of their Motion for Preliminary Injunction.  (Dkt. No. 77.)  No opposition or reply was filed.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

## III.   LEGAL STANDARD

### A.      Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2)

A defendant may move to dismiss an action for lack of personal jurisdiction.  Fed. R. Civ. P. 12(b)(2).  Once a defendant challenges personal jurisdiction, the "plaintiff bears the burden of establishing that jurisdiction is proper."  *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  Where the motion is based on pleadings and affidavits rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss."  *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)).  Although the court must accept all uncontroverted allegations in the complaint as true, "[t]he plaintiff cannot 'simply rest on the bare allegations of its complaint.'"  *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)).  Moreover, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977).  But where both parties submit conflicting affidavits, the court must resolve factual disputes in the plaintiff's favor.  *See Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Schwarzenegger*, 374 F.3d at 800.

In a diversity case, a federal court's power to exercise personal jurisdiction over a non-resident defendant is limited by the law of the forum state and federal constitutional principles of due process.  *Data Disc*, 557 F.2d at 1286.  California's long-arm statute "is coextensive with federal due process requirements."  *Schwarzenegger*, 374 F.3d at 800–01; *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").  Thus, a court in California need only analyze whether exercising jurisdiction over a non-resident defendant would comport with federal due process. *Schwarzenegger*, 374 F.3d at 800–01.

To exercise personal jurisdiction over a non-resident defendant, due process requires that the defendant have "certain minimum contacts with [the forum state] such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Myer*, 311 U.S. 457, 463 (1940)). Thus, due process protects a defendant by limiting the fora where it must defend suit to those where it would be reasonably foreseeable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985).

Depending on the level of contacts with the forum state, general or specific jurisdiction may be proper. General jurisdiction arises where the defendant's contacts with or activities in the forum state are so "substantial" or "continuous and systematic" as to justify the exercise of jurisdiction over it with respect to all matters. *Data Disc*, 557 F.2d at 1287. Specific jurisdiction arises where the defendant's contacts with the forum state give rise to the plaintiff's suit. *Id.*

## B.    Anti-SLAPP

California's anti-SLAPP statute allows defendants in courts applying California substantive law to bring a special motion to strike a claim if that claim arises from an act by the defendants to further their right of petition or free speech in connection with a public issue. Cal. Civ. Proc. Code § 425.16(b)(1); *Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 973 (9th Cir. 1999) (concluding that the twin aims of the *Erie* doctrine "favor application of California's anti-SLAPP statute in federal cases"). An act qualifies for protection under this statute if it falls within one of four categories:

> (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law[;] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law[;] (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest[;] or (4) any conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | | |

Cal. Civ. Proc. Code § 425.16(e).

In considering an anti-SLAPP motion, a court must engage in a two-step process. First, the court determines whether the defendants have made a prima facie showing that the plaintiff's claims arise from an act that is protected under the statute. *Ingles v. Westwood One Broad. Servs., Inc.*, 129 Cal. App. 4th 1050, 1061 (Cal. Ct. App. 2005). In doing so, the court considers any pleadings or affidavits that state facts supporting or refuting the parties' theories of liability or defense regarding the claim. *Martinez v. Metabolife Int'l Inc.*, 113 Cal. App. 4th 181, 186 (Cal. Ct. App. 2003). If the defendant satisfies this prima facie showing, the burden then shifts to the plaintiff to demonstrate "a probability that [he] will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b)(1). The plaintiff must provide admissible evidence[15] to establish that "the complaint is legally

---

[15] The moving defendants raise a number of evidentiary objections to evidence Plaintiffs proffer in support of their Motion for Preliminary Injunction. (*See* Dkt. Nos. 61, 77.) The Court "may consider inadmissible evidence on a motion for preliminary injunction." *Puricle, Inc. v. Church & Dwight Co., Inc.*, 568 F. Supp. 2d 1144, 1147 (C.D. Cal. 2008) (citing *Flynt Distrib. Co. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984) ("The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial. The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm.")). Accordingly, to the extent the moving defendants object to the evidence as it relates to the preliminary injunction, those objections are **OVERRULED as moot** for two reasons: (1) the Court may consider inadmissible evidence in deciding whether to grant the preliminary injunction; and, (2) as discussed below, the Motion for Preliminary Injunction is denied as moot. However, the evidence the Court examines to determine whether Plaintiffs have made a prima facie showing that they will prevail on the merits—for purposes of deciding the moving defendants' anti-SLAPP motions—must be admissible. *See Evans v. Unkow*, 38 Cal. App. 4th 1490, 1497 (Cal. Ct. App. 1995). To that extent, the Court will consider the objections. With respect to the objected-to evidence the Court relies upon in deciding the anti-SLAPP Motions, the Court will discuss the admissibility fof the evidence while analyzing those Motions. However, the moving defendants' objections are **OVERRULED as moot** to the extent the Court does not rely on the objected-to evidence. *See Carillo v. Schneider Logistics Trans-Loading & Dist., Inc.*, No. 2:11–cv–8557–CAS(DTBx), 2014 WL 172516, at *3 (C.D. Cal. Jan. 14, 2014); *see also Playboy Enters., Inc. v. Terri Welles, Inc.*, 78 F. Supp. 2d 1066, 1100 (S.D. Cal. 1999) (overruling as moot objections to evidence the court did not rely on in deciding the motion), *aff'd in part, rev'd in part on other grounds sub nom. Playboy Enters., Inc. v. Welles*, 279 F.3d 796 (9th Cir. 2002). Finally, the Court **DENIES as moot** the Hume and Montoya Defendants' request to strike allegedly untimely and incompetent evidence, (Dkt. No. 77), as the Court

---

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | | |

sufficient and supported by a prima facie showing of facts [that] sustain a favorable judgment." *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). If the plaintiff fails to make this showing by a preponderance of the evidence, the court must grant the motion to strike and award the prevailing defendant his or her attorney's fees and costs. *See Forever 21, Inc. v. Nat'l Stores Inc.*, 2:12-CV-10807-ODW, 2014 WL 722030, at *3–4 (C.D. Cal. Feb. 24, 2014); *Ingles*, 129 Cal. App. 4th at 1061–62; Cal. Civ. Proc. Code § 425.16(c)(1).

### C.    Motion for Preliminary Injunction

Federal Rule of Civil Procedure 65 empowers a court to grant preliminary injunctive relief. Yet, "[a] preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). A court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 17 (quoting *Amoco Prod. Co. v. Vill. of Gambell, Alaska*, 480 U.S. 531, 542 (1987)). Before a court may grant a preliminary injunction, the moving party must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm if no preliminary injunction is granted, (3) the balance of the equities tips in its favor, and (4) an injunction is in the public interest. *Id.* at 20. The Ninth Circuit, however, has instructed that this test may also be applied on a sliding scale: if there are "'serious questions going to the merits' and a balance of hardships that tips sharply towards the [moving party]," a court may grant a preliminary injunction, but only if the moving party also demonstrates a likelihood of irreparable injury and the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In other words, where a plaintiff is unable to show a *likelihood* of success on the merits but can at least demonstrate that there are serious questions going to the merits, and the balance of hardships strongly favors the plaintiff, a court may grant preliminary injunctive relief so long as there is still a showing on the last two elements. *See id.* at 1131, 1134–35 ("[A] stronger showing of one element may offset a weaker showing of another. For example,

---

either does not rely on the objected-to evidence in deciding the anti-SLAPP Motions, or, as discussed in greater detail below, even assuming the objected-to evidence's admissibility, it fails to support Plaintiffs' arguments.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits.").

In considering a request for a preliminary injunction, a court must remain mindful that such relief is aimed primarily at preserving the status quo pending trial. *See L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980) (stating that the "fundamental principle" governing preliminary injunctive relief is the need to maintain the status quo prior to a determination on the merits). Additionally, a court may hear oral testimony at a hearing concerning the preliminary injunction motion. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1326 (9th Cir. 1994). Whether to hear such testimony is within the court's discretion, however, and it need not consider it if the parties have a full opportunity to submit written testimony and adequately argue the matter. *Id.*

### D.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: first, the court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | | Date | May 24, 2016 |
|----------|---------------------------|---|------|--------------|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | | |

must determine "whether they plausibly give rise to an entitlement to relief." *See id.* at 679; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

A district court should provide leave to amend upon granting a motion to dismiss unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) ("Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment."). Leave to amend, however, "is properly denied . . . if amendment would be futile." *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### E.    Motion to Strike Pursuant to Federal Rule of Civil Procedure 12(f)

Under Federal Rule of Civil Procedure 12(f), a court may strike from any pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, as they are often used by the parties as a delaying tactic. *Bureerong v. Uvawas*, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996). Generally, a "[m]atter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002) (quoting *Wailua Assocs. v. Aetna Cas. & Sur. Co.*, 183 F.R.D. 550, 553–54 (D. Haw. 1998)). When considering a motion to strike, a district court should view the challenged pleadings "in the light more favorable to the pleader." *Lazar v. Trans Union LLC*, 195 F.R.D. 665, 669 (C.D. Cal. 2000).

## IV.    DISCUSSION

As discussed above, there are multiple motions pending before the Court. The Court will begin by addressing the Montoya Defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). The Court will then turn to the C. Agriculture

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|----------|------------------------|------|--------------|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Defendants' and the Hume and Montoya Defendants' anti-SLAPP Motions.  The Court will then discuss Plaintiffs' Motion for Preliminary Injunction.  Finally, the Court will address the Motions to Dismiss Plaintiffs' RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.    Personal Jurisdiction as to Defendants Montoya, Crawford, and Katz

Defendants Montoya, Crawford, and Katz argue they are not subject to personal jurisdiction in California.  (Montoya Defs.' MTD at 12–19.)  Plaintiffs contend that the Court has personal jurisdiction over Defendants Montoya, Crawford, and Katz under RICO's nationwide jurisdiction provision.  (Pls.' Opp'n to Montoya Defs.' MTD at 20–22.)  They also argue that personal jurisdiction is proper under California's long-arm statute.  (*Id.* at 22–25.)  Given that personal jurisdiction under California's long-arm statute would render moot the issue of whether RICO's nationwide jurisdiction provisions applies, the Court will first address California's long-arm statute.

### 1.    Plaintiffs Fail to Establish that Defendants Montoya, Crawford, and Katz are Subject to Personal Jurisdiction Under California's Long-Arm Statute

As discussed above, California's long-arm statute "is coextensive with federal due process requirements."  *Schwarzenegger*, 374 F.3d at 800–01.  As such, this Court has personal jurisdiction over Defendants Montoya, Crawford, and Katz so long as they have minimum contacts with California and the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  *Int'l Shoe*, 326 U.S. at 316.  Plaintiffs do not allege the existence of general jurisdiction; rather, they allege only specific jurisdiction.  (*See* FAC ¶ 35.)  Accordingly, the Court will limit its analysis to specific jurisdiction.[16]

---

[16] Even assuming Plaintiffs argued the application of general jurisdiction, it does not apply here.  The FAC includes allegations that Defendants Montoya, Crawford, and Katz each reside in New Mexico and is devoid of any allegations that they conduct business in California.  Moreover, Plaintiffs point to no additional evidence which would indicate that Defendants Montoya, Crawford, and Katz's contacts with California are so "substantial" or "continuous and systematic" as to justify the exercise of jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Specific jurisdiction exists only when the plaintiff's claims are "related to or 'arise[] out of'" the defendant's contacts with or activities in the forum state. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). The Ninth Circuit has established the following three-prong test for analyzing claims of specific jurisdiction:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Schwarzenegger*, 374 F.3d at 802). The plaintiff bears the burden of establishing the first two prongs. *Id*. Once the plaintiff meets this burden, the burden shifts to the defendant "to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King*, 471 U.S. at 477).

Here, Defendants Montoya, Crawford, and Katz are each New Mexico residents who conduct no business in California. (Decl. of Joey C. Montoya (Dkt. No. 45-1) ¶ 4; Decl. of Avrum Katz (Dkt. No. 45-3) ¶¶ 3–4; Decl. of Stanley Crawford (Dkt. No. 45-2) ¶¶ 3–4; *see also* FAC ¶¶ 42–44.) According to Plaintiffs, the Montoya Defendants "purposefully directed their activities toward California" because they "directly participated in a scheme to dominate the United States market for fresh Chinese garlic

---

over them. *Data Disc*, 557 F.2d at 1287. Accordingly, the Court concludes that general jurisdiction is not proper as applied to the Montoya Defendants.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

and to economically cripple Plaintiffs, including Plaintiff Harmoni [International] who is located in California." (Pls.' Opp'n to Montoya Defs.' MTD at 23–24.) To summarize their argument, Plaintiffs contend that because Harmoni International is a California corporation, and given that it allegedly suffered an injury in California, the Montoya Defendants purposefully directed their actions toward California. The Court disagrees.

"[T]he purposeful direction or availment requirement for specific jurisdiction is analyzed in intentional tort cases under the 'effects' test derived from *Calder v. Jones*, 465 U.S. 783, 104 S. Ct. 1482, 79 L. Ed. 2d 804 (1984)." *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). "[T]he 'effects' test requires that the defendant allegedly have (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* In other words, the "express aiming . . . requirement is satisfied when 'the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'" *Id.* (quoting *Bancroft & Masters, Inc. v. Augusta Nat., Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000)).

Here, Plaintiffs' allegations center on the purported enterprise's conduct intended to harm Plaintiff Zhengzhou Harmoni by—through the use of allegedly fraudulent statements and documents—encouraging the DOC to review Zhengzhou Harmoni's garlic exports. In fact, in the DOC filings, the Montoya Defendants consistently refer to Zhengzhou Harmoni, not Harmoni International. (*See* Dkt. No. 48-2.) Accordingly, any presumed conduct in furtherance of this alleged scheme is directed at harming Plaintiff Zhengzhou Harmoni, a Chinese corporation, not necessarily Plaintiff Harmoni International, a California corporation. Any harm suffered by Plaintiff Harmoni International, Plaintiff Zhengzhou Harmoni's parent company, is only tangentially related to the harm Plaintiff Zhengzhou Harmoni will allegedly suffer as a result of the purported enterprise's DOC petition and subsequent filings. Thus, taking Plaintiffs' allegations as true, it appears that the purported enterprise's conduct was expressly aimed at China rather than California.[17] As such, the Court concludes that Plaintiffs fail to carry their

---

[17] At oral argument, Plaintiffs' counsel stated that Plaintiff Harmoni International was more affected by the purported enterprise's allegedly harmful conduct than Plaintiff Zhengzhou Harmoni. This argument is more persuasive as to the third prong of the *Calder* effects test—whether the defendants knew the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

burden to satisfy the second of *Calder*'s three-part "effects" test.  Thus, Plaintiffs fail to demonstrate that the Montoya Defendants purposefully directed their acts toward California.  The Court therefore does not have specific jurisdiction over the Montoya Defendants.

The inquiry does not end here, however, as the Court must also determine whether it has personal jurisdiction over the Montoya Defendants under RICO's nationwide jurisdiction provision.

## 2. Plaintiffs Fail to Establish that RICO's Nationwide Jurisdiction Provision Applies in the Instant Action

"In section 1965(b), Congress provided for service of process upon RICO defendants residing outside the federal court's district when it is shown that 'the ends of justice' require it." *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986) (citing 18 U.S.C. § 1965(b)).

> For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators.

*Id.* at 539.  "[M]erely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions," *id.*; in order to "take advantage of nationwide service under RICO, . . . a plaintiff must adduce evidence that

---

harm would be suffered in the forum state—than the second—whether the defendants' act or acts were expressly aimed at the forum state.  Here, it appears that, taking Plaintiffs' allegations as true, the named defendants' intent was to harm Plaintiff Zhengzhou Harmoni's Chinese garlic export rate, as the DOC filings principally refer to Zhengzhou Harmoni, not Harmoni International.  (*See* Dkt. No. 48-2.)  Thus, Plaintiffs' counsel's argument that Plaintiff Harmoni International was more affected by the purported enterprise's allegedly harmful conduct does not alter the Court's conclusion that the allegedly wrongful conduct targeted Zhengzhou Harmoni in China, not Harmoni International in California.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

there is no other district in the United States that would have personal jurisdiction over all of the alleged co-conspirators," *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 989 (C.D. Cal. 2013).

Here, Plaintiffs sufficiently allege that Kwo Lee, one of the moving defendants, is a California resident.  (FAC ¶ 47.)  Thus, at least one defendant in the alleged RICO enterprise is subject to personal jurisdiction in California.  However, even assuming Plaintiffs alleged the existence of a multidistrict conspiracy, they have failed to "adduce evidence that there is no other district in the United States that would have personal jurisdiction over all of the alleged co-conspirators." *Barantsevich*, 954 F. Supp. 2d at 989.  For example, Plaintiffs "proffer[] no evidence regarding defendants' contacts with other districts." *Id.* at 989–90.  "While it is not clear that there is another district that could exercise jurisdiction over all defendants," Plaintiffs bear "the burden of showing affirmatively that this is the case." *Id.* at 990; *see also Leskinen v. Halsey*, No. 2:10–cv–03363 MCE KJN PS, 2011 WL 4056121, *8 (E.D. Cal. Sept. 12, 2011) ("Plaintiff satisfied the requirement that the court have personal jurisdiction over at least one of the participants because McHenry appeared in this court and filed what is arguably an answer that did not preserve the defenses of lack of personal jurisdiction and improper venue.  Nevertheless, . . . plaintiff has not met her burden to demonstrate that [there is] no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators."); *Gutierrez v. Givens*, 989 F. Supp. 1033, 1038 (S.D. Cal. 1997) ("Plaintiffs have not demonstrated that no other district exists in which all Defendants would be subject to jurisdiction.  Therefore, personal jurisdiction cannot be established under § 1965(b) at this time.").[18]

---

[18] Given that Plaintiffs fail to proffer evidence regarding the defendants' contacts with other districts, *Barantsevich*, 954 F. Supp. 2d at 989–90, the court need not discuss whether the "ends of justice" would require the Court to invoke RICO's nationwide jurisdiction provision in this matter, *see Butcher's Union*, 788 F.2d at 538.  Further, the Court notes that, at oral argument, Plaintiffs' counsel stated that no other district would have personal jurisdiction over all of the alleged co-conspirators.  However, the fact remains that Plaintiffs have failed to "adduce evidence" demonstrating as much.  *See Barantsevich*, 954 F. Supp. 2d at 989.  The Court grants Plaintiffs leave to amend to cure this deficiency.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

Accordingly, Plaintiffs fail, at this time, to establish that this Court has personal jurisdiction over Defendants Montoya, Crawford, and Katz.  The Montoya Defendants' Rule 12(b)(2) Motion is therefore **GRANTED**, and all claims against them are **DISMISSED**.[19]  The Court grants Plaintiffs leave to amend to cure the deficiencies in their FAC as to personal jurisdiction over the Montoya Defendants.

## B.     Anti-SLAPP Motions

The moving defendants have filed two Motions to Strike Plaintiffs' FAC, each seeking to dismiss Plaintiffs' second through sixth claims pursuant to California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16.  (*See generally* C. Agriculture anti-SLAPP; Hume and Montoya Defs.' anti-SLAPP.)  As to the Hume and Montoya Defendants, they argue that the petition to the DOC is protected under the litigation privilege.  (Hume and Montoya Defs.' anti-SLAPP at 13–19.)  As for the C. Agriculture Defendants, they contend their demand letter is similarly protected under the same privilege.  (C. Agriculture anti-SLAPP at 4–13.)  In sum, according to the moving defendants, the Court should strike Plaintiffs' second through sixth claims pursuant to California's anti-SLAPP statute because the acts upon which those claims are predicated—namely, (1) the allegedly fraudulent statements and documents filed with the DOC; and, (2) the allegedly extortionate demand letter based on false information—are protected under the anti-SLAPP statute and the litigation privilege precludes Plaintiffs from prevailing on those claims.  (Hume and Montoya Defs.' anti-SLAPP at 13–19; C. Agriculture anti-SLAPP at 4–13.)

Plaintiffs oppose the Motions, arguing that "California's anti-SLAPP statute does not protect false and defamatory communications that are not a legitimate precursor to litigation and that are instead extortionate as a matter of law."  (Pls.' Opp'n to C. Agriculture anti-SLAPP at 3; *accord* Pls.' Opp'n to Hume and Montoya Defs.' anti-SLAPP at 5–8.)  Plaintiffs also maintain that the litigation privilege is inapplicable for the same reason and that Plaintiffs have pleaded sufficient facts and proffered sufficient evidence to demonstrate they are likely to prevail on the merits of their state law claims.

---

[19] Nevertheless, the Court will address below whether the moving defendants' anti-SLAPP Motions will prevail as applied to the Montoya Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

(Pls.' Opp'n to C. Agriculture anti-SLAPP at 12–15; Pls.' Opp'n to Hume and Montoya Defs.' anti-SLAPP at 8–14.)

> ### 1.   The Moving Defendants Have Made a Prima Facie Showing That Plaintiffs' State Law Claims Arise From Acts That Are Protected Under the Anti-SLAPP Statute

As discussed above, in deciding whether to grant the moving defendants' motions, the Court must engage in a two-step inquiry. The first step requires the Court to determine whether the moving defendants have made a prima facie showing that Plaintiffs' claims arise from an act that is protected under the statute. *Ingles*, 129 Cal. App. 4th at 1061. In doing so, the Court "must . . . focus on the substance of [Plaintiffs'] lawsuit." *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 897 (E.D. Cal. 2006) (citing *Scott v. Metabolife Int'l, Inc.*, 115 Cal. App. 4th 404, 413–14, (Cal. Ct. App. 2004)). "In performing this analysis, the California Supreme Court has stressed, 'the critical point is whether the plaintiff's cause of action itself was based on an act in furtherance of the defendant's right of petition or free speech.'" *Id.* (quoting *City of Cotati v. Cashman*, 29 Cal. 4th 69, 78 (Cal. 2002)). Put differently, "the defendant's act underlying the plaintiff's cause of action must itself have been an act in furtherance of the right of petition or free speech." *Cashman*, 29 Cal. 4th at 78.

Here, in focusing on the substance of Plaintiffs' state law causes of action, the Court agrees with the moving defendants that (1) the demand letter the C. Agriculture Defendants sent to Plaintiff Harmoni International and Christopher Ranch and (2) the DOC filings are the principal acts upon which Plaintiffs predicate their second through sixth claims. As for the former, "[o]rdinarily, a demand letter sent in anticipation of litigation is a legitimate speech or petitioning activity that is protected under section 425.16." *Malin v. Singer*, 217 Cal. App. 4th 1283, 1293–94 (Cal. Ct. App. 2013) (citing *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (Cal. 1999) (noting that "communications preparatory to or in anticipation of the bringing of an action or other official proceeding" are protected by section 425.16)). There is one notable exception—where "the defendant concedes, or the evidence *conclusively* establishes, that the assertedly protected speech or petition activity was illegal as a matter

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|----------|---------------------------|------|--------------|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

of law." *Flatley v. Mauro*, 39 Cal. 4th 299, 320 (Cal. 2006) (emphasis added).  In such a case, the defendant fails to satisfy the anti-SLAPP statute's first prong.  *See id.*

One example of illegal conduct, which Plaintiffs argue applies to the C. Agriculture Defendants, is when a demand letter is so extreme that it amounts to criminal extortion.  *See Malin v. Singer*, 217 Cal. App. 4th 1283, 1293 (Cal. Ct. App. 2013) (citing *Flatley*, 39 Cal. 4th at 328 ("Extortion is not a constitutionally protected form of speech.")).  According to Plaintiffs, the demand letter from the C. Agriculture Defendants amounts to extortion because it included facts indicating that Plaintiffs engaged in criminal conduct—using prison labor to peel garlic ultimately sent to Christopher Ranch—and the C. Agriculture Defendants threatened to publish that information by filing a lawsuit unless Plaintiffs paid the C. Agriculture Defendants approximately $32 million.  (Pls.' Opp'n to C. Agriculture anti-SLAPP at 9–12.)  The C. Agriculture Defendants oppose this interpretation of their letter, arguing that the "criminal" component was only tangentially related to the letter's principal purpose—to request a settlement for the harm the C. Agriculture Defendants allegedly suffered resulting from Plaintiffs' purportedly anticompetitive conduct.  (C. Agriculture anti-SLAPP at 9.)  They also point out that they never specifically threatened to expose any criminal conduct; rather, they threatened to sue under the Clayton Act to seek damages for Plaintiffs' allegedly anticompetitive conduct.  (*Id.*)

To support their interpretation of the demand letter, Plaintiffs cite *Flatley*.  In that case, the California Supreme Court affirmed the trial court's and the Court of Appeal's conclusions that the demand letter at issue amounted to extortion and thus was not protected by the anti-SLAPP statute.  *Flatley*, 39 Cal. 4th at 329–30.  The letter in *Flatley* warned that the defendant would "publicly accuse Flatley of rape and [] report and publicly accuse him of other unspecified violations of various laws unless he 'settled' by paying a sum of money."  *Id.*  Flatley was also warned that, if he did not settle, "'an in-depth investigation' w[ould] be conducted into his personal assets to determine punitive damages," which would "then '**BECOME A MATTER OF PUBLIC RECORD, AS IT MUST BE FILED WITH THE COURT**.'"  *Id.* (citing demand letter) (emphasis in demand letter).  The letter also stated, "**[a]ny and all information, including Immigration, Social Security Issuances and Use, and IRS and various**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | | |

**State Tax Levies and information will be exposed.**  We are positive the media worldwide will enjoy what they find.'"  *Id.* (citing demand letter) (emphasis in demand letter).  The defendant also called Flatley's attorney via telephone reiterating the demands.  *Id.* at 329–30.  The court held that the demand letter, in conjunction with additional telephone phone call, constituted extortion as a matter of law because the "communications threatened to 'accuse' Flatley of, or 'impute to him,' 'crime[s]' and 'disgrace' . . . unless Flatley paid" a minimum of $1 million.  *Id.* at 330.

Plaintiffs cite additional cases decided in the wake of *Flatley*, each of which involved a demand letter not only threatening to file suit, but also threatening to report the individual's allegedly wrongful conduct to prosecuting authorities.  *See Stenehjem v. Sareen*, 226 Cal. App. 4th 1405, 1423 (Cal. Ct. App. 2014) (holding that a demand letter amounted to extortion as a matter of law because it threatened to expose the plaintiff to federal authorities for alleged violations of the False Claims Act unless the plaintiff negotiated a settlement of the defendant's private claims); *Mendoza v. Hamzeh*, 215 Cal. App. 4th 799, 806 (Cal. Ct. App. 2013) (holding that a demand letter was extortionate as a matter of law because it included a threat to report the plaintiff to the California Attorney General, the Los Angeles District Attorney, and the Internal Revenue Service regarding the alleged tax fraud); *cf. Cohen v. Brown*, 173 Cal. App. 4th 302, 317–18 (Cal. Ct. App. 2009) (holding that a demand letter was extortionate as a matter of law because it included a threat to file an administrative complaint against the plaintiff with the State Bar of California if the plaintiff, an attorney, did not "sign off" on the client's settlement check to allow the fees to be paid to the defendant).

Here, the Court is unpersuaded that the demand letter amounts to extortion as a matter of law.  First, the letter contains no threat to expose Plaintiffs to federal or state authorities—a key component in the above-cited cases in concluding that a demand letter was extortionate.  Rather, there is only a threat to file suit under the Clayton Act. (Demand Letter at 3.)  Also, the criminal conduct—utilizing prison labor to peel garlic— is not alleged to be criminal in nature; in other words, nowhere in the letter do the C. Agriculture Defendants intimate that using prison labor to peel garlic constitutes criminal conduct.  The reference to prisoners peeling garlic is in direct relation to the allegation that utilizing such low-cost labor reduced the price of the garlic, allowing Plaintiffs and

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

Christopher Ranch to sell the garlic at a lower price than its competitors.  Thus, the alleged use of prison labor has a direct relationship to the alleged anticompetitive conduct.

Finally, that the C. Agriculture Defendants sent the letter to Christopher Ranch, Plaintiffs' client, does not alter the Court's conclusion.  In the demand letter, Christopher Ranch is alleged to have received the "tainted" garlic, and is also alleged to have been directly involved in the other ostensibly anticompetitive conduct; namely, consistently withdrawing Plaintiffs from DOC review so Plaintiffs could avoid an alteration of their zero duty rate on their exportations of Chinese garlic.  (Demand Letter at 2.)  For these reasons, the C. Agriculture Defendants were seeking a settlement from both Christopher Ranch and Plaintiffs.  Thus, sending the letter to Christopher Ranch did not magnify the malicious intent of the letter, as Plaintiffs suggest.

In sum, given that the demand letter did not include a threat to expose Plaintiffs to the prosecuting authorities, and because the letter contained no reference to the criminal nature of Plaintiffs' alleged utilization of prison labor, the Court concludes that the C. Agriculture Defendants' demand letter is protected under the anti-SLAPP statute, as it does not amount to extortion as a matter of law.[20]  The C. Agriculture Defendants have therefore carried their burden to demonstrate that Plaintiffs' state law claims against them arise from an act that is protected under the anti-SLAPP statute.[21]  The Court will now turn to the Hume and Montoya Defendants' petitions to the DOC.

---

[20] Although Plaintiffs maintained at oral argument that the demand letter was connected with the overall alleged scheme and therefore unprotected under the anti-SLAPP statute, Plaintiffs pointed to no additional admissible evidence, which, accepted as true, would establish that the C. Agriculture Defendants' demand letter was illegal as a matter of law.

[21] At oral argument, to support their argument that the demand letter's reference to prison labor was extortionate, Plaintiffs' counsel noted that Defendant Hume subsequently published the prison labor facts in a recent filing with the DOC.  The Court is unpersuaded by this argument.  As the C. Agriculture Defendants' counsel pointed out, Defendant Hume only recently submitted those facts to the DOC, months after the C. Agriculture Defendants sent the demand letter to Plaintiffs and Christopher Ranch.  Moreover, Plaintiffs, not any of the defendants, were the first to publish the prison-labor information

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Given that the DOC filings—as writings made in an official proceeding authorized by law—fall within the scope of protected conduct under the anti-SLAPP statute, *see* Cal. Civ. Proc. Code § 425.16(e), it would appear that the Hume and Montoya Defendants have satisfied the first prong of the anti-SLAPP analysis.[22]  However, according to Plaintiffs, the DOC filings have included fraudulent statements and documents, and because doing so is illegal as a matter of law, *see* 18 U.S.C. § 1001(a), the filings are not protected under California's anti-SLAPP statute.  (Pls.' Opp'n to Hume and Montoya Defs.' anti-SLAPP at 7); *see also Flatley*, 39 Cal. 4th at 320.  As discussed above, in *Flatley*, the California Supreme Court noted that the first prong of the anti-SLAPP analysis is not satisfied if the "the defendant concedes, or the evidence *conclusively* establishes, that the assertedly protected speech or petition activity was illegal as a matter of law."  *Flatley*, 39 Cal. 4th at 320 (emphasis added).  Accordingly, for the Hume and Montoya Defendants' DOC filings not to be protected under the anti-SLAPP statute, the Hume and Montoya Defendants must have either conceded that their conduct was illegal—i.e., that the statements and documents they submitted to the DOC were false and fraudulent—or the evidence must conclusively establish that the Hume and Montoya Defendants' conduct was illegal as a matter of law.  Given that the Hume and Montoya Defendants do not concede the illegality of their DOC filings, the Court will address only the latter issue.

As an initial matter, the Court notes that it must look beyond Plaintiffs' allegations to determine whether it has been "conclusively established" that the Hume and Montoya Defendants' statements and documents submitted to the DOC were fraudulent.  The *Flatley* court explicitly stated that the "*evidence*" must conclusively establish the

---

contained in the demand letter by filing this action without requesting to redact the prison-labor references in the Complaint.  (*See, e.g.*, FAC ¶¶ 251, 256.)  In fact, as the C. Agriculture Defendants' counsel noted, Defendant Hume included that information in the DOC filing only after Plaintiffs made that information publicly available by filing their Complaint with this Court.  Accordingly, Plaintiffs' contention that they have been harmed by the C. Agriculture Defendants' prison-labor accusations—to the extent they have been used in Defendant Hume's recent DOC filing—is unpersuasive, as Plaintiffs themselves were the first to make that information publicly available.

[22] Plaintiffs conceded at oral argument that a DOC petition, absent some exception, is generally protected under the anti-SLAPP statute.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|----------|----------------------|---|------|--------------|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

illegality of the "assertedly protected speech or petition activity." *Flatley*, 39 Cal. 4th at 320 (emphasis added). Accordingly, the Court will examine the evidence to determine whether it conclusively establishes that the statements and documents were fraudulent.

Plaintiffs rely on three allegedly fraudulent statements and documents to establish the illegality of the DOC filings: (1) the statement that Defendants Crawford and Katz sell a "like" product, thereby establishing their standing to petition the DOC for review of Plaintiffs' Chinese garlic exports; (2) the statement that Plaintiff Zhengzhou Harmoni "acts as an umbrella" for producers not privy to Plaintiffs' zero duty rate to export garlic at the low rate Plaintiffs enjoy; and, (3) the allegedly forged phytosanitary certificates submitted to support the contention that Plaintiffs exported garlic produced by entities that the DOC had previously determined were subject to the higher rate of $4.71 per kilogram. (Pls.' Opp'n to Hume and Montoya Defs.' anti-SLAPP at 10–11.)

To establish the falsity of the first statement, Plaintiffs argue that because Defendants Crawford and Katz produce garlic on a smaller scale, and do not compete with Plaintiffs in the sale of their garlic, Defendants Crawford and Katz lack standing to petition the DOC for a review of Plaintiffs' exports. (*See* Pls.' Opp'n to Hume and Montoya Defs.' anti-SLAPP at 10; Decl. of Rick M. Zhou ("Zhou Decl.") (Dkt. No. 27-7) ¶¶ 11–12.) First, whether Defendants Crawford and Katz have standing to submit a petition to the DOC is for the DOC to decide, not this Court. Plaintiffs conceded as much at oral argument. Accordingly, the Court opines only as to whether, based the proffered evidence, it has been conclusively established that the Hume and Montoya Defendants fraudulently stated in the DOC petitions that Defendants Crawford and Katz produce a "like" product. Given that Plaintiffs and Defendants Crawford and Katz all produce garlic, even assuming they produce slightly different products which are sold in different markets, they appear to be "like" products. Accordingly, the evidence does not establish that the Hume and Montoya Defendants fraudulently stated in the DOC filings that Defendants Crawford and Katz produce a "like" product. The Court reiterates that this conclusion is in no way intended to interfere with the DOC's determination as to the standing of Defendants Crawford and Katz to petition the DOC for a review of Plaintiff Zhengzhou Harmoni's Chinese garlic exports.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Turning to the second statement—that Plaintiffs improperly export garlic produced by entities subject to the high country-wide rate—it does not appear that Plaintiffs point to any specific evidence refuting this allegation. However, Rick Zhou, the chief financial officer of Plaintiff Harmoni International, states in his declaration that Plaintiffs have "a long-established practice of complying with U.S. antidumping laws," and that they have "never been found to have engaged in dumping." (Zhou Decl. ¶ 9.) He also states that "Harmoni has invested significant time, money and effort promoting Harmoni's operations, products, and honest business practices and ensuring that the Company complies with the highest quality and food safety standards and all applicable laws and administrative codes." (Zhou Decl. ¶ 18.) Finally, he offers a conclusory statement that the facts provided in Defendants Crawford and Katz's petitions were false. (*See* Zhou Decl. ¶ 21.) Although Mr. Zhou's statements provide some evidence that the facts submitted in the DOC petitions were falsified, they are not enough to *conclusively* establish, as a matter of law, that the statements in the DOC petitions were fraudulent.

Finally, to support their contention that the phytosanitary certificates submitted to the DOC were fraudulent, Plaintiffs again rely on Mr. Zhou's declaration in which he states that he has reviewed the submitted certificates and concluded that they are "not true and correct copies of Zhengzhou Harmoni Phytosanitary Certificates." (Zhou Decl. ¶ 17.) He also states that, contrary to the Hume and Montoya Defendants' contention in their DOC petitions, Zhengzhou Harmoni has always provided the required information in its phytosanitary certificates. (Zhou Decl. ¶ 16.) The Court is unpersuaded that these self-serving statements conclusively establish that the Hume and Montoya Defendants submitted fraudulent phytosanitary certificates to the DOC.

Plaintiffs also rely on an exhibit they purport reflects the Chinese government's determination that prior phytosanitary certificates Defendant Hume submitted to the DOC were fraudulent. (*See* Decl. of George E. Mastoris ("Mastoris Decl.") (Dkt. No. 27-1) ¶ 11, Ex. 10 (Dkt. No. 27-3).) Specifically, Plaintiffs proffer what they claim is "a true and correct copy of the CIQ Declaration dated March 6, 2015, and a preliminary translation of the same." (Mastoris Decl. ¶ 11.) The translation provides that the phytosanitary certificates proffered by Defendant Hume in a prior DOC petition—which Plaintiffs appear to claim Defendants Crawford and Katz also delivered to the DOC in

LINK:

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

connection with the most recent petition—"do not conform" to the ones issued by the CIQ.  (Mastoris Decl. ¶ 11, Ex. 10.)  It also states that the certificates are "incomplete."  (*Id.*)

The Hume and Montoya Defendants initially objected to the admissibility of the exhibit on the grounds that it lacked authenticity and that the declarant, George Mastoris, lacked personal knowledge as to its contents.  (Dkt. No. 61 at 2.)  They also contended that "there is no indication who performed the translation, or that it was done competently, and no testimony by anyone that the translation is a true and correct copy of the preceding page."  (*Id.*)  In response, Plaintiffs provided a supplemental affidavit purporting to verify the translation.  (*See* Suppl. Decl. of George E. Mastoris (Dkt. No. 72-1) ¶ 3, Ex. 1.)  The Hume and Montoya Defendants then filed additional evidentiary objections as to the purported verification.[23]  (Dkt. No. 77.)

Although California law is clear that evidence relating to the second prong of the anti-SLAPP analysis must be admissible, *see Evans*, 38 Cal. App. 4th at 1497, it is unclear whether the evidence proffered to conclusively establish that the conduct is "illegal as a matter of law" must also be admissible.  However, the Court need not decide this issue, as Plaintiffs' proffered evidence, even assuming its admissibility, fails to conclusively establish that the document submitted to the DOC is fraudulent.  The translation merely provides that the certificates are "incomplete" and "do not conform" to the CIQ's standards.  (*See* Mastoris Decl. ¶ 11, Ex. 10.)  Nowhere in the document does the CIQ expressly conclude that the documents were forgeries.  Accordingly, this evidence does not conclusively establish that the phytosanitary certificates accompanying Defendants Crawford and Katz's DOC filings were fraudulent.  Even considering this proffered evidence in conjunction with Mr. Zhou's self-serving statements, the Court is unpersuaded that the evidence conclusively establishes, as a matter of law, that the phytosanitary certificates submitted to the DOC were fraudulent.  Given that the evidence does not conclusively establish that the statements and documents Defendants Crawford

---

[23] The Court notes that the Hume and Montoya Defendants also asked the Court to strike the declaration and exhibit as untimely.  (Dkt. No. 77.)  The Court has already denied this request as moot.  *See* discussion *supra* note 15.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|----------|----------------------------|------|--------------|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

and Katz submitted to the DOC were false and/or fraudulent, and because the DOC filings are otherwise protected under the anti-SLAPP statute, the Court concludes that the Hume and Montoya Defendants have made a prima facie showing that Plaintiffs' claims arise from acts protected under the statute.

At oral argument, Plaintiffs pivoted their argument and relied on two anonymous declarations proffered at the eleventh hour in support of their Motion for Preliminary Injunction in an attempt to establish the existence of the purported enterprise's extortionate scheme; namely, to file the DOC petition and subsequently demand money from Plaintiffs in exchange for its withdrawal. (*See* Dkt. No. 70-1 ¶¶ 7–10; Dkt. No. 70-2 ¶¶ 8–10.) Specifically, John Doe 1 states that he learned from his "colleagues in the industry that Mr. Bai, Mr. Wang and Mr. Ye 'hatched' a plan, under the assistance of Mr. Hume, for the purpose of bringing down Harmoni by filing an antidumping review request against Zhengzhou Harmoni" for the purpose of forcing it to either "pay millions of dollars in exchange for withdrawal of the review request, or participate in the review and the new rate obtained therefrom would benefit a number of separate rate companies owned or controlled by Mr. Bai, Mr. Wang and Mr. Ye." (Dkt. No. 70-1 ¶ 7.) John Doe 2 claims that Mr. Bai, Mr. Wang, and Mr. Ye personally contacted him and specifically stating their "goal of forcing Zhengzhou Harmoni into a review and then either demanding millions of dollars in exchange for withdrawal the review request, or at a minimum, leveling the playing field by sharing Zhengzhou Harmoni's to-be-calculated rate as separate rate companies, with the opportunity to do that every year." (Dkt. No. 70-2 ¶ 8.) According to Plaintiffs, these anonymous declarations push the DOC petitions beyond the reach of both the anti-SLAPP statute and the litigation privilege. The Court disagrees.

First, the Court notes that the moving defendants object to the admissibility of these declarations on the grounds that they fail to state the location where the declaration was executed, they violate the 14th Amendment's due process clause, they contain inadmissible hearsay, and portions of John Doe 1's declaration is inadmissible under the best evidence rule. (Dkt. No. 77.) The Court need not address the admissibility of this evidence. Even assuming the declarations' admissibility, they fail to conclusively establish that the DOC petitions were extortionate as a matter of law. Unlike the demand

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

letters discussed above where there were specific requests for money, there is no such request in any DOC filing.  Of course, Plaintiffs' extortion claims as to the DOC petitions are somewhat distinguishable from the demand letters discussed in the wake of *Flatley*, as they rely on an extraneous monetary demand in exchange for the withdrawal of the DOC petition rather than a settlement demand contained within the four corners of the demand letter.  However, notably missing from the evidence is a declaration from either plaintiff's executives or employees indicating that any of the named defendants ever actually made such a demand as to the most recently filed petition.  Without any evidence of a demand from Plaintiffs in exchange for withdrawing the most recently filed petition, Plaintiffs fail to conclusively establish that the DOC petition was extortionate as a matter of law.

Accordingly, Plaintiffs' new theory proffered at oral argument does not alter the Court's conclusion that the Hume and Montoya Defendants have satisfied their burden of establishing the first prong of the anti-SLAPP statute.[24]  The Court will now turn to the second prong of the anti-SLAPP analysis.

> **2.**     **Plaintiffs Fail to Demonstrate a Probability They Will Prevail on Their State Law Claims**

As applied to this action, whether Plaintiffs have carried their burden to demonstrate a probability of prevailing on the merits of their state law claims turns on whether the litigation privilege applies to the demand letter and the DOC filings.  If so,

---

[24] At oral argument, Plaintiffs' counsel repeatedly referred to the "low bar" Plaintiffs must meet to successfully oppose the moving defendants' anti-SLAPP Motions.  Plaintiffs are correct that California courts have stated that the anti-SLAPP statute "poses no obstacle to suits that possess minimal merit." *Navellier v. Sletten*, 29 Cal. 4th 82, 93 (Cal. 2002).  However, California courts distinguish the two prongs of the anti-SLAPP analysis, referring to the first as the "arising from" prong and the second as the "minimal merit" prong.  *See id.* at 89; *see also Equilon Enters. v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 66–67 (Cal. 2002).  In other words, the "minimal merit" requirement applies only to the second prong in the anti-SLAPP analysis.  Thus, Plaintiffs' reference to the "low bar" is inaccurate to the extent they apply it to the requirement that the evidence conclusively establish, as a matter of law, that the acts of filing the DOC petitions and sending the demand letter amounted to illegal conduct.  *See Flatley*, 39 Cal. 4th at 320.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

the litigation privilege bars all of Plaintiffs' state law claims to the extent they are predicated on the protected conduct. *See Flatley*, 39 Cal. 4th at 322 (holding that the litigation privilege bars all tort causes of action except malicious prosecution); *see also Rubin v. Green*, 4 Cal. 4th 1187, 1202–03 (Cal. 1993) (applying the litigation privilege to claims under California's unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq.*). If not, Plaintiffs must make a minimal showing that a review of their FAC and proffered admissible evidence supporting their allegations demonstrate they are likely to prevail on their state law claims.

The moving defendants' principal contention is that the litigation privilege establishes that Plaintiffs cannot prevail on their state law claims, as the privilege applies to each of those causes of action. (C. Agriculture anti-SLAPP at 10–13; Hume and Montoya Defs.' anti-SLAPP at 14–19.) In opposition, Plaintiffs argue that, as to the C. Agriculture Defendants, the litigation privilege cannot apply to the demand letter because the C. Agriculture Defendants were not seriously considering litigation when they sent the letter. (PI at 24.) As to the Hume and Montoya Defendants, Plaintiffs maintain that the litigation privilege does not protect the allegedly fraudulent representations to the DOC because they were "part of a larger conspiracy to destroy Plaintiffs." (*Id.*)

"In California, the litigation privilege applies to any 'publication or broadcast' made in any 'judicial proceeding.'" *Kimes v. Stone*, 84 F.3d 1121, 1126 (9th Cir. 1996). More specifically, "the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg v. Anderson*, 50 Cal. 3d 205, 212 (Cal. 1990). "The principal purpose of [Civil Code] section [47, subdivision (b) ] is to afford litigants and witnesses . . . the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id.* at 213 (citation omitted). The privilege also "promotes effective judicial proceedings by encouraging 'open channels of communication and the presentation of evidence' without the external threat of liability, and 'by encouraging attorneys to zealously protect their clients' interests.'" *Flatley*, 39 Cal. 4th at 322 (quoting *Silberg*, 50 Cal. 3d at 214). "Finally, in immunizing participants from liability for torts arising from communications made during judicial proceedings,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

the law places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, thereby enhancing the finality of judgments and avoiding an unending roundelay of litigation . . . ." *Silberg*, 50 Cal. 3d at 214.

"To accomplish these objectives, the privilege is 'an absolute privilege, and it bars all tort causes of action except a claim of malicious prosecution.'"[25] *Flatley*, 39 Cal. 4th at 322 (quoting *Hagberg v. Cal. Fed. Bank*, 32 Cal. 4th 350, 360 (Cal. 2004)). The privilege has therefore "been applied in 'numerous cases' involving 'fraudulent communication or perjured testimony.'" *Id.* (quoting *Silberg*, 50 Cal. 3d at 218). It also applies to prelitigation demand letters when the communication "relates to litigation that is contemplated in good faith and under serious consideration," *Action Apartment Ass'n v. City of Santa Monica*, 41 Cal. 4th 1232, 1251 (Cal. 2007). Finally, it applies to communications to an official administrative agency. *See Martin v. Kearney*, 51 Cal. App. 3d 309, 311 (Cal. Ct. App. 1975) ("[A] communication to an official administrative agency, which communication is designed to prompt action by that agency, is as much a part of the 'official proceeding' as a communication made after the proceedings have commenced.").

a.      **The Litigation Privilege Bars Plaintiffs' State Law Claims as to the C. Agriculture Defendants' Demand Letter**

As discussed above, "[a] prelitigation communication is privileged only when it relates to litigation that is contemplated in good faith and under serious consideration." *Monex Deposit Co. v. Gilliam*, 680 F. Supp. 2d 1148, 1161 (C.D. Cal. 2010) (citing *Action Apartment*, 41 Cal. 4th at 1251). "Whether a prelitigation communication relates to litigation that is contemplated in good faith and under serious consideration is an issue of fact." *Action Apartment*, 41 Cal. 4th at 1251. According to Plaintiffs, they create an issue of fact as to whether the C. Agriculture Defendants sent the demand letter under

---

[25] The litigation privilege does not apply to Plaintiffs' RICO claim. *See Dole Food Co. v. Gutierrez*, No. CV039416 NM(PJWX), 2004 WL 3737123, at *8 (C.D. Cal. July 13, 2004) (citing *Kimes*, 84 F.3d at 1127) (holding that the litigation privilege does not bar § 1983 claims due to Supremacy Clause). Accordingly, the Court cannot, as the Hume Defendants request, (*see* Hume Defs.' MTD at 16), apply the litigation privilege to Plaintiffs' RICO claim.

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

serious consideration of litigation by arguing that "the extortive letter was part of a broader conspiracy, in concert with the other defendants named in this case, to extort money and destroy Plaintiffs' competitive position in the U.S. garlic market." (Pls.' Opp'n to C. Agriculture Defs.' anti-SLAPP at 14.)  Given the purported issue of fact, Plaintiffs contend that the Court cannot grant the anti-SLAPP Motion as to the C. Agriculture Defendants.  (*Id.*)  The Court disagrees.

First, the Court notes that Plaintiffs bear the burden in the second phase of the anti-SLAPP analysis to demonstrate a probability they will prevail on the merits of their state law claims.  *See* Cal. Civ. Proc. Code § 425.16(b)(1).  To do so, Plaintiffs must proffer admissible evidence establishing that "the complaint is legally sufficient and supported by a prima facie showing of facts [that] sustain a favorable judgment." *Metabolife*, 264 F.3d at 840.

Here, Plaintiffs have certainly alleged that the C. Agriculture Defendants did not seriously consider litigation.  (*See, e.g.*, FAC ¶ 257.)  However, they proffer no admissible evidence to support that allegation.  The only fact to which Plaintiffs point for support is that the C. Agriculture Defendants never actually filed a lawsuit.  (Pls.' Opp'n to C. Agriculture anti-SLAPP at 14.)  However, the C. Agriculture Defendants explain their decision not to file Crawford Act claims against Plaintiffs, stating that they did not proceed with the lawsuit because (1) Plaintiffs' counsel indicated they would vigorously defend and likely file counterclaims; and, (2) counsel for the C. Agriculture Defendants noted the significant expense of filing and maintaining the suit, which the C. Agriculture Defendants could not afford given that they are a relatively small business.  (*See* Decl. of Mingju Xu ("Xu Decl.") (Dkt. No. 55-1) ¶ 9; Decl. of James J. Cristofaro ("Cristofaro Decl.") (Dkt. No. 55-2) ¶ 6.)  Defendant Xu, C. Agriculture's manager, also expressly states that, at the time they sent the demand letter, the C. Agriculture Defendants "had every intention of filing a lawsuit against Harmoni and Christopher Ranch if it could not first negotiate a monetary settlement."  (Xu Decl. ¶ 9.)

Without any admissible evidentiary support refuting the C. Agriculture Defendants' proffered evidence, Plaintiffs allegations are insufficient to make a minimal showing that the C. Agriculture Defendants did not seriously consider litigation when they sent the demand letter.  Accordingly, the Court concludes that the C. Agriculture

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Defendants have demonstrated that they sent the demand letter in good faith and in serious consideration of litigation.  Because the letter was "(1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) [the letter had] some connection or logical relation to the action," *Silberg*, 50 Cal. 3d at 212, the Court concludes that the litigation privilege applies to the C. Agriculture Defendants' demand letter.[26]

    Further, to the extent Plaintiffs argue that the litigation privilege does not apply because the demand letter was "extortive," (*see* Pls.' Opp'n to C. Agriculture anti-SLAPP at 14), the Court has already determined that the letter does not amount to extortion.  *See* discussion *supra* Section IV.B.1.  Finally, to the extent Plaintiffs contend that the falsity of the statements places the letter outside the scope of the litigation privilege, that argument is misplaced.  Whether the protected statements were false is of no matter, as the litigation privilege applies to fraudulent statements "which go[] to the actual merits of the litigation."  *Edwards v. Centex Real Estate Corp.*, 53 Cal. App. 4th 15, 41 (Cal. Ct. App. 1997) (distinguishing intrinsic fraud and extrinsic fraud and holding that the former—"fraud which goes to the actual merits of the litigation"—is covered by the litigation privilege); *see also Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp. 2d 1089, 1102–03 (C.D. Cal. 2006) (discussing the *Silberg* court's rejection of the "interest of justice" requirement and holding that the claim for intentional infliction of emotional distress claim, predicated on false statements, was barred by the litigation privilege).  Given that the statements Plaintiffs allege were false—that Plaintiffs colluded with Christopher Ranch to avoid DOC review and that Christopher Ranch received garlic peeled by prison laborers—were related to the threatened Clayton Act claim, the litigation privilege applies to the demand letter irrespective of the falsity of the allegations.

---

[26] Plaintiffs also contend that the C. Agriculture Defendants' letter was part of a broader conspiracy to harm Plaintiffs.  (Pls.' Opp'n to C. Agriculture anti-SLAPP at 14.)  To the extent Plaintiffs argue that the letter was not sent "to achieve the objects of the litigation" because it was part of this alleged conspiracy, *Silberg*, 50 Cal. 3d at 212, they fail to proffer admissible evidence demonstrating the C. Agriculture Defendants' connection to the alleged conspiracy.  This argument therefore does not alter the Court's conclusion that the litigation privilege bars Plaintiffs' state law claims to the extent they are predicated on the demand letter.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

In sum, the Court concludes that the litigation privilege bars Plaintiffs' state law claims to the extent they are predicated on the C. Agriculture's demand letter. Accordingly, the C. Agriculture Defendants' anti-SLAPP Motion is **GRANTED** and Plaintiffs' second through sixth claims are **DISMISSED** to that extent.

### b. The Litigation Privilege Bars Plaintiffs' State Law Claims as to the DOC Filings

Plaintiffs argue that the litigation privilege cannot apply to the DOC petitions and supplemental filings because they were not sent "to achieve the objects of the litigation," *Silberg*, 50 Cal. 3d at 212; rather, they were allegedly sent to further the illegal enterprise's scheme of harming Plaintiffs, (*see* Pls.' Opp'n to Hume and Montoya Defs.' anti-SLAPP at 13–14). To support this contention, Plaintiffs cite the allegations in their FAC. (*See id.* at 14.) However, Plaintiffs' allegations alone are not enough to establish that the DOC petitions and supplemental filings were not sent to achieve their purported purpose—to encourage the DOC to review Plaintiffs' exports of Chinese garlic.[27] *See Flatley*, 39 Cal. 4th at 320.

At oral argument, Plaintiffs pointed to the anonymous declarations as evidentiary support, arguing they establish that the DOC filings were not sent to achieve the objects of litigation. This argument relies on the language in *Silberg*, which Plaintiffs imply created an exception to the litigation privilege's application where an otherwise protected act is done with an alternative motivation separate from or in addition to achieving the objects of litigation. As applied here, Plaintiffs appear to argue that the anonymous declarations, taken as true, establish that the purported enterprise sought not only to encourage the DOC to review Plaintiff Zhengzhou Harmoni's Chinese garlic exports, they also intended to extort Plaintiffs by offering to withdraw the petition in exchange for a monetary payment. However, Plaintiffs' reliance on *Silberg* to support their argument is misplaced.

---

[27] The DOC filings proffered as evidence do not establish a conspiracy to harm Plaintiffs through false and fraudulent statements contained within those petitions; rather, they merely demonstrate that the relevant defendants have been continuously seeking the DOC's review of Plaintiffs' garlic exports. (*See* Mastoris Decl. ¶¶ 6, 9, 12, 16, 17, Exs. 5, 8, 11, 15, 16.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

As discussed above, in *Silberg*, the California Supreme Court stated, "[t]he usual formulation is that the [litigation] privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Silberg*, 50 Cal. 3d at 212. According to Plaintiffs' interpretation of *Silberg*, the third prong is to be strictly construed to preclude application of the litigation privilege when there is any ulterior motive other than to achieve the objects of litigation. In Plaintiffs' view, the DOC filings therefore fall outside of the litigation privilege's scope because the anonymous declarations indicate that, in addition to seeking Plaintiff Zhengzhou Harmoni's review, the purported enterprise sought to extort a settlement in exchange for withdrawal of the petition. The Court disagrees with Plaintiffs' reading of *Silberg*.

The *Silberg* decision served to broaden the litigation privilege's application, not narrow it, as Plaintiffs seem to suggest. For example, the *Silberg* court rejected the "interest of justice" test, thereby clarifying that the litigation privilege could apply to cases where the disputed conduct stemmed from false communications. *Id.* at 216–19. The court also reiterated the absolute nature of the litigation privilege. *Id.* at 215–16. Most notably, the Court clarified the meaning of the third prong—"to achieve the objects of litigation," *id.* at 212—which Plaintiffs interpret narrowly. Specifically, the Court stated,

> The requirement that the communication be in furtherance of the objects of the litigation is, in essence, simply part of the requirement that the communication be connected with, or have some logical relation to, the action, i.e., that it not be extraneous to the action. A good example of an application of the principle is found in the cases holding that a statement made in a judicial proceeding is not privileged unless it has some reasonable relevancy to the subject matter of the action. . . . The "furtherance" requirement was never intended as a test of a participant's motives, morals, ethics or intent.

*Id.* at 219–20 (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

As applied here, the DOC filings had a "logical relation" to their purpose—to encourage the DOC to review Plaintiff Zhengzhou Harmoni's Chinese garlic exports. Although Plaintiffs imply that the Hume and Montoya Defendants' alleged alternative motivation to extort a settlement from Plaintiffs was extraneous to the action, thereby precluding application of the litigation privilege, the fact remains it is undisputed that, through the DOC filings, the Hume and Montoya Defendants sought the DOC's review of Plaintiff Zhengzhou Harmoni's garlic exports. Further, the *Silberg* court specifically stated that "[t]he 'furtherance' requirement was never intended as a test of a participant's motives, morals, ethics or intent." *Id.* at 220. Guided by the California Supreme Court's explicit instruction, the Court concludes that it may not delve into the Hume and Montoya Defendants' purported alternative motivations. In sum, the *Silberg* court clarified that the litigation privilege broadly protects statements made in the context of judicial or quasi-judicial proceedings. Given that the Hume and Montoya Defendants petitioned the DOC for the purpose of encouraging it to review Plaintiff Zhengzhou Harmoni's garlic exports, the Court concludes that the DOC filings fall within the scope of that broad protection.

The Court therefore **GRANTS** the Hume and Montoya Defendants' anti-SLAPP Motion to the extent they seek the dismissal of Plaintiffs' state law claims as they relate to the DOC filings. The Court accordingly **DISMISSES** Plaintiffs' second through sixth claims to that extent.

### C.   Plaintiffs' Motion for Preliminary Injunction

As discussed above, the Court has granted the moving defendants' anti-SLAPP Motions and therefore has dismissed Plaintiffs' state law claims to the extent they are predicated on the C. Agriculture Defendants' demand letter and the Hume and Montoya Defendants' DOC filings. Given that Plaintiffs' Motion for Preliminary Injunction relies upon its state law claims to the extent they apply to the demand letter and the DOC filings, the Court **DENIES** Plaintiffs' Motion **as moot**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

**D.  Motions to Dismiss**

**1.  Requests for Judicial Notice**

The moving parties have requested that the Court take judicial notice of multiple documents.  As to the C. Agriculture Defendants, they ask the Court to take notice of webpage printouts of Peeled Garlic Golden King's website and an article published in the Los Angeles Business Journal, (Dkt. No. 59),[28] as well as a copy of the prelitigation demand letter relied upon and incorporated by reference in Plaintiffs' FAC, (Dkt. No. 38).[29]  The Hume and Montoya Defendants ask the Court to take judicial notice of seven documents publicly filed with the DOC.  (Dkt. No. 48-2.)  Finally, Plaintiffs request judicial notice of two documents publicly filed with the DOC, (Dkt. Nos. 50, 63), as well as webpage printouts from the "Santa Fe New Mexican" website, (Dkt. No. 63), and the website of James J. DeCristofaro, the C. Agriculture Defendants' former counsel, (Dkt. No. 50).

A court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee*, 250 F.3d at 688–89.  A court may also take judicial notice pursuant to Federal Rule of Evidence 201(b).  Under the rule, a judicially noticed fact must be one that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  A court "must take judicial notice if a party requests it and the court is supplied with the necessary information."  *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014).

---

[28] The C. Agriculture Defendants file this request in opposition to Plaintiffs' Motion for Preliminary Injunction.  Given that the Court has denied that Motion as moot, the Court will consider these requests to the extent the documents could support the C. Agriculture Defendants' 12(b)(6) Motion.

[29] The Court notes that this request is repeated in the C. Agriculture Defendants' request for judicial notice in connection with their anti-SLAPP Motion.  (*Compare* Dkt. No. 38, *with* Dkt. No. 40.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | May 24, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

Here, the Court **GRANTS** the C. Agriculture Defendants' request as to the prelitigation demand letter, as it is incorporated by reference in Plaintiffs' FAC and Plaintiffs do not object to its authenticity. Further, the Court **GRANTS** Plaintiffs' and the Hume and Montoya Defendants' requests as to the DOC filings, as they are publicly filed documents. Finally, the Court **DENIES** the C. Agriculture Defendants' and Plaintiffs' requests that the Court take judicial notice of the printouts from non-government websites. Although courts routinely take judicial notice of government documents and public records available from government websites, as well as record searches conducted on government websites, *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 937–38 (C.D. Cal. 2011), courts do not routinely take judicial notice of document printouts from private, third-party websites, *see Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1028 (C.D. Cal. 2015) (declining to take judicial notice of printouts from third-party websites).

### 2.    RICO Claim

In their first cause of action, Plaintiffs allege a RICO violation against all named defendants for the named defendants' purported acts of mail and wire fraud. (FAC ¶¶ 259–275.) According to the moving defendants, Plaintiffs' RICO claim is barred under the *Noerr-Pennington* doctrine, as the predicate acts of alleged mail and wire fraud constitute protected petitions. (Hume Defs.' MTD at 17–19; C. Agriculture Defs.' MTD at 8–11.) Plaintiffs respond by arguing that they have sufficiently pleaded that the "sham exception" to the *Noerr-Pennington* doctrine applies, thereby precluding dismissal of their RICO claim at the pleadings stage. (Pls.' Opp'n to C. Agriculture MTD at 9–12.) Plaintiffs also contend that they have sufficiently pleaded their RICO claim. (*Id.* at 12–17.) The Court will first discuss the pleading sufficiency of Plaintiffs' RICO claim. It will then address the *Noerr-Pennington* doctrine.

Title 18 provides a civil remedy for "[a]ny person injured in his business . . . by reason of a violation of section 1962." 18 U.S.C. § 1964(c). Pursuant to 18 U.S.C. § 1962, RICO makes it unlawful for a person "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). RICO also prohibits any person from conspiring to violate the provisions of § 1962(a)–(c). 18 U.S.C. § 1962(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

"The elements of a civil RICO claim are as follows: '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).  To allege a violation of mail or wire fraud under 18 U.S.C. §§ 1341 or 1343, respectively, a plaintiff must show: (1) there was a scheme to defraud; (2) the defendants used the mail (or wire, radio, or television) in furtherance of the scheme; and, (3) the defendants acted with the specific intent to deceive or defraud. *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  To plead fraud with particularity, the pleader must state the time, place, and specific content of the false representations.  *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007).  The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false."  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).  In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud.  *Odom*, 486 F.3d at 553.  Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007).  Rather, a plaintiff must identify each defendant's role in the alleged scheme.  *Id.* at 765.

### a.    Enterprise

The C. Agriculture Defendants contend that Plaintiffs have failed to state facts linking them to the alleged enterprise that purportedly conspired to harm Plaintiffs' business and reputation.  (C. Agriculture Defs.' MTD at 11–12.)  Plaintiffs oppose this interpretation of their FAC, arguing that they have sufficiently pleaded an associated-in-fact RICO enterprise.  (Pls.' Opp'n to C. Agriculture Defs.' MTD at 12–14.)  The Court agrees with Plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|----------|------------------------|------|--------------|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

"The term 'enterprise' is defined in 18 U.S.C. § 1961(4) as 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Living Designs*, 431 F.3d at 361; *see also Odom*, 486 F.3d at 552 ("[A]n associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise."). Here, Plaintiffs allege facts, which, when accepted as true, establish the existence of an associated-in-fact enterprise. For example, Plaintiffs allege that: (1) the C. Agriculture Defendants worked in conjunction with the Chinese Garlic Association, with which the other defendants are allegedly associated, (FAC ¶¶ 128–129, 248); (2) C. Agriculture's principals and management, Defendants Wen and Xu, have close business ties to Defendants Bai and Ye, and have employed Defendant Hume as counsel in previous matters, (FAC ¶¶ 60, 130, 258); and, (3) the C. Agriculture Defendants sent their demand letter only ten days before the other members of the alleged enterprise petitioned the DOC to review Plaintiff Zhengzhou Harmoni, suggesting complicity with the other defendants' allegedly harmful acts, (FAC ¶¶ 249, 270). Accordingly, the Court concludes that Plaintiffs have sufficiently pleaded the existence of an enterprise as to the C. Agriculture Defendants.

As for the other moving defendants, the Hume and Montoya Defendants contend that Plaintiffs fail to adequately allege the existence of a RICO enterprise. The Court disagrees. Plaintiffs allege, in great detail, the connections between the named defendants, as well as their common purpose—to cause economic harm to Plaintiffs by instigating a DOC review and damaging Plaintiffs' reputation by alleging purportedly false and defamatory facts in the DOC filings. (*See* FAC ¶¶ 114–133, 267–272.) Accordingly, the Court finds that Plaintiffs have sufficiently pleaded the existence of an enterprise as to the Hume Defendants.[30]

---

[30] Because the Court has determined that, at this time, it does not have personal jurisdiction over the Montoya Defendants, *see* discussion *supra* Section IV.A, the Court will not conclude whether Plaintiffs have adequately alleged their RICO claim against the Montoya Defendants. However, because the Hume and Montoya Defendants each filed a Rule 12(b)(6) Motion, and because some of the Montoya Defendants' arguments relate to the Hume Defendants, the Court refers to both the Hume and Montoya Defendants in discussing the arguments the they proffered together in support of their Rule 12(b)(6) Motions.

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

### b.     Pattern of Racketeering Activity

"Racketeering activity" is defined as any act indictable under specified provisions of Title 18 of the United States Code, "and includes the predicate acts of mail fraud [and] wire fraud." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004); *see also* 18 U.S.C. § 1961(1).  To amount to a "pattern" of racketeering activity, there must have been "at least two [predicate] acts of racketeering activity" within ten years of each other.  18 U.S.C. § 1961(5).  But although two predicate acts are necessary for a pattern, they are not sufficient alone.  *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989).  Moreover, where a plaintiff alleges RICO claims against multiple defendants, the "plaintiff must allege at least two predicate acts by *each* defendant."  *In re WellPoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011).  Inherent in the requirement for a pattern of racketeering activity is the requirement of continuity.  *See H.J. Inc.*, 492 U.S. at 237.  "[T]o prove a pattern of racketeering activity a plaintiff [] must show that the racketeering predicates are related, and that they amount to or pose a threat of continued activity."  *Id.* at 239.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct."  *Id.* at 242.

Here, the Hume and Montoya Defendants do not challenge the pleading sufficiency of Plaintiffs' FAC as to the pattern of racketeering requirement.  The C. Agriculture Defendants, however, do.  (C. Agriculture Defs.' MTD at 12–13.)  For example, they contend that the single act of sending a demand letter cannot constitute a "pattern" of racketeering.  (*Id.* at 13.)  The Court agrees.  As discussed above, where, as here, the plaintiff alleges RICO claims against multiple defendants, the "plaintiff must allege at least two predicate acts by each defendant."  *In re WellPoint, Inc.*, 865 F. Supp. 2d at 1035.  Here, Plaintiffs have alleged only one predicate act against the C. Agriculture Defendants—sending the demand letter.  This is insufficient to adequately plead that the C. Agriculture Defendants engaged in a *pattern* of racketeering.  Accordingly, the Court **GRANTS** the C. Agriculture Defendants' Rule 12(b)(6) Motion as to Plaintiffs' RICO claim.  Assuming amendment would not be futile, the Court grants Plaintiffs' leave to

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | | Date | May 24, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

amend this claim to sufficiently plead a pattern of racketeering activity as to the C. Agriculture Defendants.[31]

With respect to the Hume Defendants, Plaintiffs have sufficiently pleaded a pattern of racketeering activity. Specifically, Plaintiffs allege that the Hume Defendants have conspired to send multiple allegedly fraudulent emails and letters via first-class mail to the DOC in an attempt to harm Plaintiffs. (*See* FAC ¶ 270.) Plaintiffs also provide the dates the emails and letters were sent, who sent them, a general description of the contents of the allegedly fraudulent letters, and an explanation as to why they are allegedly fraudulent. (*See id.*) Accordingly, Plaintiffs satisfy Rule 9(b)'s heightened pleading requirement as to the Hume Defendants' alleged pattern of racketeering activity.

### c.      Injury Proximately Caused by the Alleged RICO Violation

The Hume and Montoya Defendants argue that Plaintiffs have not adequately pleaded an injury proximately caused by the purported RICO violation because only the DOC, not Plaintiffs, has allegedly been defrauded. (Montoya Defs.' MTD at 5–8.) According to the Hume and Montoya Defendants, Plaintiffs must allege reliance on a misrepresentation to demonstrate an injury proximately caused by the claimed RICO violation. (*Id.* at 6 (citing *Brandenberg v. Sidel*, 859 F.2d 1179 (4th Cir. 1988); *Ass'n of Wash. Pub. Hosp. Dists. v. Philip Morris Inc.*, 241 F.3d 696, 702–03 (9th Cir. 2001).) The Court disagrees with the Hume and Montoya Defendants' interpretation of the law.

In *Bridge v. Phoenix Bond & Indemnity Co.*, 553 U.S. 639 (2008), the United States Supreme Court faced a strikingly similar argument, that because the allegedly fraudulent communications were not sent to the plaintiffs, but rather to the county, the plaintiffs were not entitled to RICO relief "because they did not receive, and therefore did not rely on, any false statements." *Id.* at 646. The Court granted certiorari to determine whether first-party reliance was an element of a civil RICO claim predicated on mail

---

[31] Given that Plaintiffs have failed to adequately plead the C. Agriculture Defendants' pattern of racketeering activity, in addressing the proximate cause element of Plaintiffs' RICO claim, *see* discussion *infra* Section IV.D.2.c, the Court will not discuss its application to the C. Agriculture Defendants.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|----------|-----------------------|------|--------------|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

fraud. *Id.* In concluding that it is not, the Court added that the plaintiffs in that action had adequately pleaded a proximately caused injury because they alleged loss of "valuable liens they . . . would have been awarded" but for the alleged misrepresentations. *Id.* at 649. The Court noted that "[i]f the rival businesses lose money as a result of the misrepresentations, it would certainly seem that they were injured in their business 'by reason of' a pattern of mail fraud, even though they never received, and therefore never relied on, the fraudulent mailings." *Id.* at 649–50.

In light of *Bridge*, the Court rejects Hume and Montoya Defendants' argument that Plaintiffs must allege reliance on the misrepresentations to satisfy RICO's proximate cause requirement. Further, the instant action is closely analogous to *Bridge* with respect to both proximate cause and injury. Here, as in *Bridge*, Plaintiffs allege that they were harmed by the purportedly fraudulent statements sent to the DOC because the allegedly false statements have harmed their business reputation, leading to lost profits; and because Plaintiffs will incur significant monetary costs in responding to the review and potentially lose their zero duty rate. (FAC ¶¶ 243–246, 274.) Accordingly, Plaintiffs have adequately pleaded an injury caused by the purported RICO violation.

In sum, Plaintiffs have sufficiently alleged their RICO claim as to the Hume Defendants. The Court will now turn to the moving defendants' argument that the *Noerr-Pennington* doctrine nonetheless bars Plaintiffs' RICO cause of action.

### d.    Plaintiffs Plead Facts Precluding Application of the *Noerr-Pennington* Doctrine at the Pleadings Stage

As discussed, the Hume and Montoya Defendants contend that Plaintiffs' RICO claim is barred under the *Noerr-Pennington* doctrine. (Hume Defs.' MTD at 17–19; Montoya Defs.' MTD at 19–20.) In opposition, Plaintiffs argue that the *Noerr-Pennington* doctrine is inapplicable at this stage in the litigation, as Plaintiffs have pleaded facts, which, taken as true for purposes of the Rule 12(b)(6) Motions, demonstrate that the "sham exception" to the *Noerr-Pennington* doctrine applies. (Pls.' Opp'n to C. Agriculture Defs.' MTD at 9–12; Pls.' Opp'n to Hume and Montoya Defs.' MTDs at 7–10.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

"The *Noerr–Pennington* doctrine shields individuals from, *inter alia*, liability for engaging in litigation." *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1047 (9th Cir. 2015). "The doctrine originated in two Supreme Court antitrust cases holding that the Petition Clause of the First Amendment prohibits imposing liability under the Sherman Act for 'attempt[ing] to persuade the legislature or the executive to take particular action.'" *Id.* (quoting *E.R.R. Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127, 136 (1961)); *see also United Mine Workers of Am. v. Pennington*, 381 U.S. 657, 670 (1965). "The *Noerr–Pennington* principle has since been expanded to ensure that 'those who petition any department of the government,' including the courts, 'are immune from . . . liability for their petitioning conduct.'" *Microsoft Corp.*, 795 F.3d at 1047 (citing *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1006–07 (9th Cir. 2008)); *see also Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972). Specifically, the *Noerr-Pennington* doctrine has "been applied to actions petitioning each of the three branches of government." *Theme Promotions*, 546 F.3d at 1007; *see also Kottle v. Nw. Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998) (holding that because *Noerr-Pennington* protects advocacy before all branches of government, it applies to advocacy before an administrative agency).[32] As such, the doctrine applies to the DOC petitions and supplemental filings so long as there is no applicable exception.

Plaintiffs claim that an exception, indeed, applies; specifically, the "sham exception." (Pls.' Opp'n to Hume and Montoya Defs.' MTDs at 7–10.) This exception applies at the pleadings stage where a plaintiff alleges facts showing that a petition or lawsuit "is both 'objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits,' and [is] 'an attempt to interfere directly with the business relationship of a competitor through the use of the governmental process – as opposed to the outcome of that process.'" *UMG Recordings, Inc. v. Global Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1113 (C.D. Cal. 2015) (quoting *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60–61 (1993)); *see also Or.*

---

[32] The *Noerr-Pennington* doctrine also applies to pre-suit demand letters. *See Theme Promotions*, 546 F.3d at 1007 (citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 936–38 (9th Cir. 2006)). However, because the Court has concluded that Plaintiffs fail to adequately allege a pattern of racketeering activity as to the C. Agriculture Defendants, the Court will not discuss the *Noerr-Pennington* doctrine as it applies to the demand letter.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

*Nat. Resources Council v. Mohla*, 944 F.2d 531, 534 (9th Cir. 1991) (indicating that courts must look to whether the plaintiff has sufficiently pleaded the sham exception to determine whether it applies to preclude *Noerr-Pennington*'s application at the pleadings stage).

Here, Plaintiffs adequately plead the sham exception, as they allege that Defendants Crawford and Katz, through Hume & Associates, have filed "baseless review requests containing false and misleading allegations against Zhengzhou Harmoni." (FAC ¶ 29.) Plaintiffs also allege that Defendants Crawford and Katz lack standing to file the petitions. (FAC ¶ 207; *see also* FAC ¶ 231.) According to Plaintiffs, "[t]hese filings are part of an ongoing effort to force upon Zhengzhou Harmoni the significant expense and burden associated with administrative review, strip it of its favorable rate, and increase the market share of Hume's real clients-in-interest: Bai, Ye, Wang, and the Chinese corporations under their control." (FAC ¶ 29.) In light of these allegations, and taking them as true, Plaintiffs have adequately pleaded that the petitions are objectively baseless and an attempt to interfere with the Plaintiffs' business relationships. Thus, the Court concludes that the *Noerr-Pennington* doctrine does not preclude Plaintiffs' RICO claim at this time. Given that Plaintiffs have sufficiently pleaded their RICO claim as to the Hume Defendants, the Court **DENIES** their Rule 12(b)(6) Motion.[33]

### 3.    State Law Claims

As discussed above, the Court has stricken Plaintiffs' state law claims under California's anti-SLAPP statute to the extent they are predicated on the demand letter and the DOC filings. To the extent Plaintiffs' state law claims are based upon other conduct not protected under the anti-SLAPP statute, the FAC has not adequately clarified as much. Accordingly, the Court grants Plaintiffs leave to amend their FAC to clarify the unprotected conduct upon which they rely in alleging their state law claims against the

---

[33] The Court need not rule on the 12(b)(6) portion of the Montoya Defendants' 12(b)(2) and 12(b)(6) Motion to Dismiss because it has already granted the Rule 12(b)(2) portion of that Motion. *See* discussion *supra* Section IV.A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | May 24, 2016 |
|----------|------------------------|------|--------------|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

named defendants.[34]  However, any amended pleading shall consider the Court's conclusions; in other words, Plaintiffs may not rely on conduct found in this Order to be protected under the anti-SLAPP statute to support their state law claims.

V.     CONCLUSION

For the foregoing reasons, the Montoya Defendants' Rule 12(b)(2) Motion is **GRANTED with leave to amend**; the C. Agriculture Defendants' and the Hume and Montoya Defendants' anti-SLAPP Motions are **GRANTED** and Plaintiffs' second through sixth claims are **DISMISSED** to the extent they are predicated on the demand letter and the DOC filings; Plaintiffs' Motion for Preliminary Injunction is **DENIED as moot**; the C. Agriculture Defendants' Rule 12(b)(6) Motion as to Plaintiffs' RICO claim is **GRANTED with leave to amend**; the Hume and Montoya Defendants' Rule 12(b)(6) Motion as to Plaintiffs' RICO claim is **DENIED**, as the *Noerr-Pennington* doctrine is inapplicable at this time and Plaintiffs adequately plead their RICO claim as to the Hume Defendants; and the moving party's Rule 12(f) Motions are **DENIED as moot** to the extent they seek to strike portions of Plaintiffs' FAC the Court has already stricken in granting the anti-SLAPP motions.  Given that the C. Agriculture Defendants and the Hume and Montoya Defendants have prevailed on their anti-SLAPP Motions, they are entitled to recover their attorneys' fees and costs associated with the anti-SLAPP Motions.  *See* Cal. Civ. Proc. Code § 425.16(c)(1).  They shall file supplemental documentation establishing the amount of reasonable fees and costs they have incurred no later than June 10, 2016, at 4:00 p.m.  Plaintiffs shall file an amended pleading in compliance with the Order no later than Friday, June 24, 2016, at 4:00 p.m.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | rf |

---

[34] Given that the Court has stricken Plaintiffs' state law claims, the moving defendants Motions, to the extent they argue that Plaintiffs improperly request certain remedies under certain causes of action, (*see* C. Agriculture MTD at 18–19; Hume Defs.' anti-SLAPP at 19–22), are **DENIED as moot**.