JOHN E. SCHREIBER (SBN: 261558)
WINSTON & STRAWN LLP
333 S. Grand Avenue #3800
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750
Email: jschreiber@winston.com

JEFFREY L. KESSLER (*pro hac vice*)
A. PAUL VICTOR (*pro hac vice*)
GEORGE E. MASTORIS (*pro hac vice*)
WINSTON & STRAWN LLP
200 Park Avenue
New York, NY 10166-4193
Telephone: (212) 294-6700
Facsimile: (212) 294-4700
Email: jkessler@winston.com

Attorneys for Plaintiffs
HARMONI INTERNATIONAL SPICE, INC. AND
ZHENGZHOU HARMONI SPICE CO., LTD.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| HARMONI INTERNATIONAL SPICE, INC., a California corporation, and ZHENGZHOU HARMONI SPICE CO., LTD., a corporation, <br><br> Plaintiffs, <br><br> v. <br><br> WENXUAN BAI, an individual, et al., <br><br> Defendants. | Case No. 2:16-cv-00614-BRO-ASx <br><br> Hon. Beverly Reid O'Connell <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS PURSUANT TO ANTI-SLAPP RULING** <br><br> **[Filed concurrently with the Declaration of George E. Mastoris]** <br><br> Hearing: July 11, 2016 <br> Time: 1:30 p.m. <br> Courtroom: 14 |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..............................................................................................1

II. LEGAL STANDARD .......................................................................................2

III. ARGUMENT .....................................................................................................3

    A. Moving Defendants Are Not Permitted to Obscure Non-Privileged Information Relevant to Its Fee Request ................................................3

    B. Moving Defendants' Improper Request for Attorneys' Fees Not Associated with the Anti-SLAPP Motion Should Be Denied ...................5

    C. Moving Defendants are Not Entitled to Prospective Fees. ....................13

IV. CONCLUSION ................................................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adobe Sys. v. St. Paul Fire & Marine Ins. Co.*,
  2008 WL 1343153 (N.D. Cal. Apr. 9, 2008) .............................................................. 4

*Christian Research Institute v. Alnor*,
  165 Cal. App. 4th 1315 (2008) ................................................................... 2, 3, 5, 6

*Clarke v. Am. Commerce Nat'l Bank*,
  974 F.2d 127 (9th Cir. 1992) ..................................................................................... 4

*ComputerXpress, Inc. v. Jackson*,
  93 Cal. App. 4th 993 (2001) ...................................................................................... 3

*In re Horn*,
  976 F.2d 1314 (9th Cir. 1992) ................................................................................... 4

*Kearney v. Foley and Lardner*,
  553 F. Supp. 2d 1178 (S.D. Cal. 2008) ..................................................... 2, 3, 10, 11

*Ketchum v. Moses*,
  24 Cal. 4th 1122 (2001) ........................................................................................... 11

*Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*,
  39 Cal. App. 4th 1379 (1995) .................................................................................... 3

*Mattel, Inc. v. MGA Entm't, Inc.*,
  2011 WL 3420603 (C.D. Cal. Aug. 4, 2011) ............................................................ 3

*In re Shargel*,
  742 F.2d 61 (2d Cir. 1984) ........................................................................................ 4

*Smith v. Payne*,
  2013 WL 1615850 (N.D. Cal. Apr. 15, 2013) ................................................. 3, 9, 11

**Statutes**

Cal. Civ. Proc. Code § 425.16(c)(1) .............................................................................. 2, 12

Plaintiffs Harmoni International Spice, Inc., and Zhengzhou Harmoni Spice Co., Ltd. (collectively, "Plaintiffs"), hereby submit their Opposition to the Motion for Attorneys' Fees and Costs Pursuant to Anti-SLAPP Ruling filed by Defendants Robert T. Hume, Joey C. Montoya, Stanley Crawford, Avrum Katz, Kwo Lee, Inc., Shuzhang Li, and Huamei Consulting Co., Inc. (collectively, "Moving Defendants") on June 10, 2016, ECF No. 94.

## I. INTRODUCTION

Pursuant to the Court's Order granting Moving Defendants' anti-SLAPP Motion (the "Order"), Moving Defendants are entitled to "recover their attorneys' fees and costs associated with the anti-SLAPP Motions" and were ordered to "file supplemental documentation establishing the amount of reasonable fees and costs they have incurred." ECF No. 90 ("Order") at 51. Plaintiffs hereby object to the fees requested by the Moving Defendants as unreasonable on the grounds that the instant motion fails to properly establish that the requested fees are "associated with the anti-SLAPP motion[]." Rather, Moving Defendants here have improperly conflated the fees they are entitled to recover under the Order with fees and costs incurred in connection with other motions for which they may not recover. This is improper and Moving Defendants' Motion should be denied on this basis alone.

Additionally, Plaintiffs are entitled to information that Moving Defendants have improperly redacted from their legal bills, including the identity of the individual (or individuals) charged for the legal fees of *all seven* Moving Defendants. Moving Defendants have not proffered any justifiable basis for concealing this information, which they had previously told counsel for Plaintiffs that they should "have no trouble providing."[1] Indeed, unless Moving Defendants disclose the identity of the individual

---

[1] This representation was made during the parties' pre-motion conference by Mr. Smith, who at the time did not know who was actually being billed for the work being done by his law firm. *See* concurrently filed Declaration of George E. Mastoris ("Mastoris Decl.") ¶ 3. This suggests that the decision to redact that individual's identity was made after Mr. Smith found it out, perhaps because he felt it would undermine the position taken by some of the Moving Defendants that they had no involvement with certain members of the Enterprise described in Plaintiffs' First Amended Complaint, including Bai, Wang, Ye and the CGA.

who paid the fees at issue here, they should not be entitled to recover *any* fees, as these redactions are improper and this Court has no way of determining whether any of the Moving Defendants were ever billed for, or paid, anything for the legal services for which they are attempting to be compensated. Moreover, given the fact that Moving Defendants have redacted significant portions of their bills on privilege grounds, they bear the burden of showing that the privilege was not waived by being addressed and disclosed to an individual who does not share a common legal interest in the subject matter at issue with each and every one of the Moving Defendants. (After all, Moving Defendants would be required to disclose that information on a privilege log for precisely that same purpose). Accordingly, Moving Defendants should be required to submit revised billing statements without these redactions or their Motion should be denied outright.

## II. LEGAL STANDARD

"Although an award of attorney fees is mandatory under the anti-SLAPP statute, the amount of such fees is discretionary." *Kearney v. Foley and Lardner*, 553 F. Supp. 2d 1178, 1184 (S.D. Cal. 2008); Cal. Civ. Proc. Code § 425.16(c)(1). The amount of fees must be reasonable in order to be recovered by the prevailing defendant. *See* Order at 51; *Christian Research Institute v. Alnor*, 165 Cal. App. 4th 1315, 1321 (2008). Accordingly, the trial court need not simply award the sum requested, but is instead to use its "sound discretion" to fix a reasonable fee. *Id*., citing *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). Moreover, "[t]he Court must have 'substantial evidence' to support the fee award." *Kearney*, 553 F. Supp. 2d at 1185 (citations omitted). As the moving party, the prevailing defendant seeking fees and costs "bear[s] the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. To that end, the court may require defendants to produce records sufficient to provide 'a proper basis for determining how much time was spent on particular claims.' The court may also properly reduce compensation on account of any failure to maintain appropriate time records."

*ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001) (citations omitted).

Of course, the defendant may recover only those fees and costs associated with the anti-SLAPP motion. *See* Order at 51; *Lafayette Morehouse, Inc. v. Chronicle Publ'g Co.*, 39 Cal. App. 4th 1379, 1383 (1995); *Christian Research*, 165 Cal. App. 4th at 1320 (holding that "[t]he defendant may recover fees and costs only for the motion to strike, not the entire litigation" and upholding trial court's refusal to award fees for "non-anti-SLAPP efforts"); *Smith v. Payne*, 2013 WL 1615850, at *1 (N.D. Cal. Apr. 15, 2013) ("Fees should only be awarded for work reasonably related to the special motion to strike brought under the anti-SLAPP statute."). Some courts have held that a prevailing defendant may recover attorneys' fees associated with other motions involving the *same* issues such that the legal fees are "inextricably intertwined," but *only* if the defendant provides sufficient evidence establishing what portion of the attorney time records are specifically attributable to the overlapping issues. *Kearney*, 553 F. Supp. 2d at 1184-1186.

## III. ARGUMENT

### A. Moving Defendants Are Not Permitted to Obscure Non-Privileged Information Relevant to Its Fee Request

In support of their request, Moving Defendants have submitted redacted billing statements dated February 29, 2016, through May 31, 2016, in which substantial parts of counsel's time entries—and the identity of the recipient of those bills—have been redacted. *See* ECF No. 94-1 (Declaration of Anthony L. Lanza in Support of Motion for Attorneys' Fees Pursuant to Anti-SLAPP Ruling) ("Lanza Decl."). But legal invoices submitted in support of a claim for attorneys' fees may *only* be redacted for attorney-client privilege. *See Mattel, Inc. v. MGA Entm't, Inc.*, No. CV 04-9049 DOC RNBX, 2011 WL 3420603, at *5 (C.D. Cal. Aug. 4, 2011), *aff'd sub nom Mattel, Inc v. MGA Entm't, Inc.*, 705 F.3d 1108 (9th Cir. 2013) ("invoices submitted in support of a request for attorneys' fees 'should be redacted *only* to the extent absolutely necessary to protect information covered by the attorney-client privilege or the work-

1 product doctrine.'") *citing U.S. v. $1,379,879.09 Seized From Bank of Am.,* 374 F. App'x. 709, 1 (9th Cir. Mar. 19, 2010) (emphasis in original); *Automotive Prods., plc v. Tilton Eng'g, Inc.,* 1993 WL 660164, at *7 (C.D. Cal. Sept. 16, 1993) ("Tilton must turn over its unredacted invoices unless it can show the Court specifically how providing these invoices will impermissibly infringe on the attorney-client privilege.").

Here, Moving Defendants do not claim that all of the information submitted in the billing statements is protected by the attorney-client privilege, but rather that much of it was "redacted to exclude time unrelated to the anti-SLAPP Motion." Mot. at 3.[2] This is impermissible under the case law cited above, and the redactions could be obscuring relevant information such as descriptions of work that is duplicative of what has been redacted. Furthermore, Moving Defendants redact the *addressee* of the billing statements, information which cannot possibly be privileged. Indeed, "the attorney-client privilege ordinarily protects neither a client's identity nor information regarding the fee arrangements reached with that client." *In re Horn*, 976 F.2d 1314, 1317 (9th Cir. 1992); *see also In re Shargel,* 742 F.2d 61, 64 (2d Cir. 1984) (privilege does not protect identity of "benefactor" paying legal fees of another). What Moving Defendants are attempting to conceal is unclear, but in any event, redaction of this information is unsupported and "damage[s] counsel's credibility." *Christian*

---

[2] The Lanza Declaration does state that the "billing statements are redacted as necessary to avoid unnecessary disclosure of privileged content." ECF No. 94-1 at 2. Given the massive redactions presented here, such as pages where every single word of every entry is redacted, it is highly unlikely that all of these redactions were undertaken for privilege purposes but rather, as stated in the Motion, that some of these were made on improper "relevance" grounds. *Id*. at 15, 21-23. In any event, Moving Defendants cannot avoid production of the requested information based on any blanket claim of privilege and, to the extent they are resting on a privilege justification at all, must substantiate that claim through, *inter alia*, disclosure of identity of the invoices' recipient(s). *See Clarke v. Am. Commerce Nat'l Bank,* 974 F.2d 127, 129 (9th Cir. 1992) ("[B]lanket assertions of the privilege are extremely disfavored. . .The privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity."); *Adobe Sys. v. St. Paul Fire & Marine Ins. Co.,* 2008 WL 1343153, at *2 (N.D. Cal. Apr. 9, 2008) (ordering party requesting attorneys' fees to produce "fee arrangements and billing statements" providing "a general description of work done, which are not privileged and relevant to the reasonableness of fees incurred").

*Research*, 165 Cal. App. 4th at 1319 ("obscur[ing] the nature of some of the work claimed . . . further damage[d] counsel's credibility").[3] Furthermore, it is not clear whether the legal invoices themselves are even privileged in light of the fact that the recipient is undisclosed.

Plaintiffs are entitled to know the addressee of the legal invoices on this basis alone, notwithstanding Moving Defendants' failure to provide any reason at all for this redaction, and Moving Defendants should not be entitled to recover any fees where they have redacted non-privileged information that is relevant to the inquiry. And if a third party, rather than Moving Defendants, paid the fees at issue here, Moving Defendants should not be entitled to recover *any* fees where such legal services were provided at no cost to them. Accordingly, Plaintiffs respectfully request the Court order Moving Defendants to submit revised billing statements, redacted only as necessary to protect the attorney-client privilege, or deny Moving Defendants' request for fees in full.

### B. Moving Defendants' Improper Request for Attorneys' Fees Not Associated with the Anti-SLAPP Motion Should Be Denied

Moving Defendants first requested attorneys' fees associated with their anti-SLAPP Motion in their opening brief, filed on March 25, 2016. ECF No. 48 at 23-24 ("If the Court grants this Motion, Defendants will provide a separate declaration and supporting documents enumerating their attorney's fees and costs"). Nevertheless, Moving Defendants' counsel include fee requests for a multitude of time entries devoted to matters other than the anti-SLAPP motion and also request attorneys' fees "substantiated" by time records that are far too vague to determine whether time was spent on the anti-SLAPP motion at all. Indeed, since being served in this case, Moving Defendants have filed or opposed *six* separate motions, including two motions to dismiss, an opposition to Plaintiffs' motion for preliminary injunction, and

---

[3] The reason for this redaction is particularly puzzling in light of Moving Defendants' counsel's statements made during the pre-motion conference that he saw no reason why the addressee's identity *would* be withheld in the instant request for fees. *See* Mastoris Decl. ¶ 3.

an opposition to Plaintiffs' request for expedited discovery, in addition to the anti-SLAPP motion. *See* ECF Nos. 30, 43-45, 48, 60. Moving Defendants' counsel's failure to segregate its time entries associated with the anti-SLAPP motion renders it impossible to determine which fees are recoverable. *See Christian Research*, 165 Cal. App. 4th at 1319 ("Substantial evidence supports the trial court's conclusion [that] block billing 'obscured the nature of some of the work claimed,' further damaging counsel's credibility. Block billing, while not objectionable per se in our view, exacerbated the vagueness of counsel's fee request, a risky choice since the burden of proving entitlement to fees rests on the moving party."). Finally, Moving Defendants' claim that they have "apportioned" the requests appropriately among the various motions is belied by the supporting documentation, nor do Moving Defendants even attempt to justify the apparently random percentage of time assigned to each task.

As shown in the table below, multiple entries in the bills submitted by Moving Defendants either do not mention the anti-SLAPP motion at all or clearly relate to multiple submissions:[4]

| Date | Description | Rate | Hours | Total |
|---|---|---|---|---|
| 2/16/2016 | Receive and review opinion and order of Judge Leo Gordon, with U.S. Court of International Trade, Premier Trading v. U.S., February 11, 2016; review and analyze legal brief written by attorney Hume for Court of International Trade re: Harmoni. | 295.00 | 2.90 | 855.50 |
| 2/17/2016 | Legal research for motion to dismiss; continue drafting Notice of Motion and Motion to Dismiss and Points and Authorities in support thereof. | 275.00 | 4.20 | 1,155.00 |

---

[4] Moving Defendants point to the length of the Order and FAC as "enough to justify the billings sought in this motion" without clarifying that both the Order and FAC covered a multitude of issues unrelated to the anti-SLAPP motion. ECF No. 94 at 8. Moving Defendants' proffered justification underscores their failure to meaningfully distinguish issues raised by the anti-SLAPP motion from those implicated by other litigated motions and issues which are completely outside the scope of the instant request for fees.

| Date | Description | Rate | Hours | Total |
|---|---|---|---|---|
| 2/18/2016 | Receipt and review of e-mail from Avrum Katz; telephone call with all clients and Ted Hume and Joey Montoya; teleconference with attorney Anthony Lanza; continue drafting Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof. | 275.00 | 4.60 | 1,265.00 |
| 2/25/2016 | Revise outline of Motion to Dismiss against Harmoni; begin revising Motion to Dismiss. | 275.00 | 6.30 | 1,732.50 |
| 2/26/2016 | Draft revisions to Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof. | 275.00 | 1.30 | 357.50 |
| 3/2/2016 | Compose and send multiple correspondence to all clients; review various documents forwarded by attorney Montoya; begin to review & revise motion to dismiss under FRCP 12; confer with attorney Smith re same | 295.00 | 2.70 | 796.50 |
| 3/2/2016 | Continue drafting Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof; telephone call with Joey Montoya regarding same. | 275.00 | 6.80 | 1,870.00 |
| 3/3/2016 | Review & revise & augment motion to dismiss − extensive pleading currently exceeding 30 pages; review client correspondence re: Ted Hume and Joey M; multiple telephone conferences with attorney Hume and attorney Montoya, plus related meeting with attorney Smith | 295.00 | 3.70 | 1,091.50 |

It is clear that each of these entries encompasses work done on separate motions unrelated to the anti-SLAPP motion and cannot possibly establish that the Moving Defendants should be reimbursed at all. In entries such as these, were ***the anti-SLAPP motion is not mentioned anywhere***, Moving Defendants should not be reimbursed for the work reflected therein. And even in the minority of the entries where Moving Defendants do explicitly refer to the anti-SLAPP motion in their time

7

entries, these entries are conflated with other vague or unrelated motions or tasks. For example, the May 26, 2016 entry contains a description for research related to the anti-SLAPP statute, but yet is block-billed along with other vague or unrelated entries. *See* ECF No. 94-1 at 14 (3/3/2016 entry) ("Receipt and review of e-mail from Ted Hume; receipt and review of e-mail from Joey Montoya; meeting with attorney Anthony Lanza regarding Motion to Dismiss; legal research regarding Anti-SLAPP motion; begin drafting Anti-SLAPP Motion to Strike"); *id*. at 29 (5/26/2016 entry) ("Draft addition to memorandum regarding ruling on six motions in District Court; receipt and review of e-mail from Joey Montoya; respond to same; legal research concerning recovery of attorney's fees under anti-SLAPP statute; begin drafting research memo regarding same (for incorporation into eventual motion for attorneys' fees)"). For the reasons set forth below, this block billing does not provide sufficient information to permit Moving Defendants to recover.

In other cases, the entries are too vague to determine whether the time entry relates to the anti-SLAPP motion and on this basis must also be denied. Examples of such entries are set forth in the table below:

| Date | Description | Rate | Hours | Total |
|---|---|---|---|---|
| 2/10/2016 | Conference call in morning with Stanley Crawford and attorney Montoya (1 hour), plus brief preparation time; afternoon call with Avrum Katz and Joey Montoya and attorney Smith (lengthy call); related exchange of client correspondence. | 295.00 | 4.50 | 1,327.50 |
| 2/11/2016 | Extensive conference call with Steven Li and attorney Montoya and attorney Smith, plus in part with attorney Hume (1-1/2 hours in total); receive and review revised chronology of events sent by attorney Montoya. | 295.00 | 3.70 | 1,091.50 |
| 2/11/2016 | Teleconference with Joey Montoya, Ted Hume and Stephen Li, with attorney Anthony Lanza; meeting with attorney Anthony Lanza. | 275.00 | 3.60 | 990.00 |

| | | | | | |
|---|---|---|---|---|---|
| 1<br>2<br>3<br>4 | 2/15/2016 | Telephone call with Ted Hume and Joey Montoya; receipt and review of e-mail from Ted Hume; respond to e-mail; conference with attorney Anthony Lanza; draft e-mail to Ted Hume and Joey Montoya. | 275.00 | 5.80 | 1,595.00 |
| 5<br>6<br>7 | 2/16/2016 | Analysis and evaluation of Statement of Facts prepared by Ted Hume; draft e-mail to Ted Hume and Joey Montoya. | 275.00 | 6.90 | 1,897.50 |
| 8<br>9<br>10<br>11<br>12 | 2/17/2016 | Receive and review 12 pages of commentary [redacted] re: complaint; exchange multiple correspondence with clients; receive and review draft introduction section sent by attorney Hume; arrange 2 conference calls for next day. | 295.00 | 1.20 | 354.00 |
| 13<br>14 | 2/19/2016 | Strategy meeting with attorney Anthony Lanza; legal research regarding Local Rule 7-3. | 275.00 | 0.50 | 137.50 |
| 15<br>16<br>17<br>18 | 2/23/2016 | Receive and review and draft and exchange multiple correspondence re: U.S. Garlic market, dumping and allegations in complaint vs. reality, including factual summaries sent by 2 farming clients. | 295.00 | 0.70 | 206.50 |
| 19<br>20<br>21<br>22<br>23<br>24<br>25<br>26<br>27 | 2/24/2016 | Telephone conference with attorney Larry Heller (representing C Agriculture plus); review & revise matrix listing all parties (22 total) and their roles in litigation; multiple exchange of correspondence with clients and with attorney Heller; review file re: factual allegations necessary for motion to dismiss; prepare for meeting next day; telephone conference with attorney Ted Hume; continue review of 74 page Rico complaint. | 295.00 | 3.80 | 1,121.00 |
| 28 | 2/25/2016 | Review & revise matrix listing all parties (22) and roles in litigation; | 295.00 | 4.30 | 1,268.50 |

| Date | Description | Rate | Hours | Amount |
|---|---|---|---|---|
| | meeting with Ted (no billing for lunch with client). | | | |
| 2/29/2016 | Analysis and evaluation of draft Factual Statement from Ted Hume; draft proposed revisions to same; draft e-mail to Ted Hume regarding same; receipt and review of e-mail from attorney Hume and revised Introduction for Motion; draft revisions to Introduction to Motion to Dismiss. | 275.00 | 4.70 | 1,292.50 |
| 3/1/2016 | Receive and review amended factual recitations sent by attorney Montoya and attorney Hume, 14 pages. | 295.00 | 1.20 | 354.00 |
| 3/4/2016 | Compare First Amended Complaint to original Complaint and notate significant differences (both complaints are over 70 pages); related conference with attorney Smith; multiple exchange of correspondence with clients. | 295.00 | 6.30 | 1,858.50 |
| 3/4/2016 | Telephone call with Stanley Crawford; receipt and review of email from Stanley Crawford; compare First Amended Complaint (FAC) to original Complaint; draft correspondence to all clients regarding analysis of FAC compared to original complaint. | 275.00 | 6.80 | 1,870.00 |
| 3/10/2016 | Review and analyze March 1 memorandum from D.O.C. recommending review of 2 of 44 exporters of Chinese garlic – one being Harmoni; review several additional underlying (evidentiary) documents sent by Hume & Associates, including February 5, 2015 request for review of Harmoni (later retracted). | 295.00 | 1.80 | 531.00 |
| 5/20/2016 | Receipt and review of NMGCC's letter to commerce requesting | 275.00 | 0.10 | 27.50 |

| | meeting. | | | |
|---|---|---|---|---|

Once again, none of these entries even make reference to the anti-SLAPP motion. Furthermore, they come nowhere close to meeting the standard that Moving Defendants present documentation that "*clearly and unambiguously* shows the time . . . . incurred in connection with the successful anti-SLAPP motion." *Smith*, 2013 WL 1615850, at *2 (emphasis added).

Exhibit 2 to the Lanza Declaration appears to be a chart in which percentages of certain time entries have been calculated to represent time spent on the anti-SLAPP motion, as opposed to Moving Defendants' other submissions. But Moving Defendants provide no proof or explanation of the percentages, other than that, according to Lanza, they are "appropriate percentage[s]." Lanza Decl. ¶¶ 4-5.[5] And, even worse, this chart "apportions" entries for work completely unrelated to the anti-SLAPP motion. For example, the February 16, 2016 entry was determined to be 50% related to the anti-SLAPP motion; however, this entry on its face has nothing to do with that motion. *See* Lanza Decl. Exhibit 1, 2/16/2016 entry ("Receive and review opinion and order of Judge Leo Gordon, with U.S. Court of International Trade, Premier Trading v. U.S., February 11, 2016; review and analyze legal brief written by attorney Hume for Court of International Trade re: Harmoni."); *see also id.*, 2/18/16 entry ("Receipt and review of e-mail from Avrum Katz; telephone call with all clients and Ted Hume and Joey Montoya; teleconference with attorney Anthony Lanza; continue drafting Motion to Dismiss and Memorandum of Points and Authorities in Support Thereof" determined to be 25% related to the anti-SLAPP motion).

In short, Moving Defendants have completely failed to satisfy their burden of demonstrating a right to reimbursement for the work reflected in these entries.

---

[5] Lanza also states that the "percentage allotment" took into account tasks that "advanced both the anti-SLAPP Motion and Motions to Dismiss." Lanza Decl. ¶ 5. But nowhere do the time entry narratives themselves provide any explanation or evidence whatsoever that the tasks corresponded to both motions. Thus, Lanza's allotted percentages appear to be assigned on an arbitrary and unsupportable basis.

1 *Kearney*, 553 F. Supp. 2d at 1184. Because the Moving Defendants have failed to
2 satisfy their burden of demonstrating a right to reimbursement for the work reflected
3 in the entries above, the fees associated with that work are not recoverable. Nor is
4 Moving Defendants' argument that they should be reimbursed for work done on other
5 submissions with overlapping issues availing. *Kearney*, a case cited by Moving
6 Defendants themselves, is instructive. In that case, the defendant sought attorneys'
7 fees for work related to both an anti-SLAPP motion and a motion to dismiss. The
8 court recognized that some of the legal work in each motion – that dealing with
9 litigation privilege and the *Noerr-Pennington* doctrine – was overlapping and
10 "inextricably intertwined," but made very clear that all other work done in connection
11 with the defendants' successful motion to dismiss (including, as here, their challenges
12 to the sufficiency of plaintiff's RICO and conspiracy to commit RICO claims) was not
13 compensable. *Kearney*, 553 F. Supp. 2d at 1184. Moreover, the court found that
14 because "many of defense counsels' time records [were] exceedingly vague," it could
15 not "determine with any accuracy whether the time billed was directed to the motion
16 to dismiss in general, to the motion to dismiss based on the *Noerr-Pennington*
17 doctrine, or the motion to strike." *Id*. at 1186. The court held that "[u]nless
18 defendants can more adequately provide a reference to what portion of these entries, if
19 any, are attributable to the motion to strike and/or the motion to dismiss based on the
20 *Noerr-Pennington* doctrine and/or litigation privilege, attorneys' fees will not be
21 allowed." *Id.*
22      Here, Moving Defendants are explicitly seeking attorneys' fees associated with
23 submissions other than those related to their anti-SLAPP Motion. Far from providing
24 evidence specifically related to the anti-SLAPP Motion and "establishing what portion
25 of the attorney time records are specifically attributable to the overlapping issues"
26 from other submissions, Moving Defendants request reimbursement for fees
27 "substantiated" by time entries that do not mention anti-SLAPP at all, nor come close
28 to identifying any "overlapping issues" from other submissions. Even assuming that

Moving Defendants are entitled to recover attorneys' fees associated with overlapping issues in their motions to dismiss and other submissions, the billing records attached to the Lanza Declaration are exceedingly vague and make it impossible to determine whether the time clearly billed to other motions was directed to those motions in general, or to some issue that might overlap with the anti-SLAPP Motion.

### C. Moving Defendants are Not Entitled to Prospective Fees.

Finally, the Moving Defendants improperly seek to collect "prospective" legal fees that will be associated with an anticipated reply to the instant noticed motion and attendance at a hearing on fees, neither of which were requested by the Court. Mot. at 4. The case law simply does not support an award of fees that the moving party merely *anticipates* spending. *See, e.g.,* *Ketchum v. Moses*, 24 Cal. 4th 1122, 1141 (2008). To the contrary, district courts in the Ninth Circuit have denied requests for anticipated fees in conjunction with the moving party's motion for reasonable fees and costs. *See, e.g., Smith*, 2013 WL 1615850 at *3. In particular, without accounting for what work was actually performed, the court has no basis to determine whether the hours claimed by Moving Defendants are unnecessary, duplicative, or excessive. *Id.* Accordingly, courts have denied anticipated work in connection with their reply brief on a motion for attorneys' fees where no documentation of the time spent was submitted. *See id.* Furthermore, Moving Defendants' anticipated fees in drafting the forthcoming reply brief and attending a hearing (which this Court did not request) amounts to **_one-fourth of the total_** fees requested in conjunction with the anti-SLAPP motion itself. Accordingly, these "anticipated" fees are unreasonable on their face. Thus, Moving Defendants' request is improper and the request for prospective fees totaling $10,315.00 should be denied.

### IV. <u>CONCLUSION</u>

An award of fees under § 425.16(c)(1) and the Court's Order is limited to reasonable fees *associated with* the anti-SLAPP motion only. Plaintiffs request that the Court deny Moving Defendants' request for fees as they have not met their burden

in demonstrating that **any** fees were paid in association with the anti-SLAPP motion due to their improper and unsubstantiated redaction of the identity of the recipient (and presumably the payor) of those bills.  In the alternative, the Court should deny Moving Defendants' request for attorneys' fees unrelated to the anti-SLAPP motion, or, at a minimum, order Moving Defendants to submit revised billing statements clearly segregating those entries that are not associated with the anti-SLAPP Motion.

Dated:  June 20, 2016                              WINSTON & STRAWN LLP


                                                   By:  /s/ *John E. Schreiber*
                                                        John E. Schreiber
                                                        Jeffrey L. Kessler
                                                        A. Paul Victor
                                                        George E. Mastoris

                                                        *Attorneys for Plaintiffs*
                                                        *HARMONI INTERNATIONAL*
                                                        *SPICE, INC. and ZHENGZHOU*
                                                        *HARMONI SPICE CO., LTD.*