LINK:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

Present: The Honorable   **BEVERLY REID O'CONNELL, United States District Judge**

| Renee A. Fisher | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**      (IN CHAMBERS)

## ORDER RE DEFENDANTS' MOTIONS TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE PLEADINGS [123] [125] [126] [140]

## I.    INTRODUCTION

Pending before the Court are three Motions to Dismiss Harmoni International Spice, Inc. ("Harmoni International") and Zhengzhou Harmoni Spice Co., LTD's ("Zhengzhou Harmoni") (collectively, "Plaintiffs") Second Amended Complaint ("SAC"), filed by: (1) Defendant Wenxuan Bai, (Dkt. No. 123 ("Bai MTD" or "Bai's Motion")); (2) Defendant Robert T. Hume, (Dkt. No. 125 ("Hume MTD" or "Hume's Motion")); and (3) Defendants Stanley Crawford, Huamei Consulting Co., Inc., Avrum Katz, Kwo Lee, Inc., Shuzhang Li, and Joey C Montoya (collectively, the "Moving Defendants"), (Dkt. No. 126 ("Mov. MTD" or "Moving Defendants' Motion")).  Also pending before the Court is Plaintiffs' Motion for Leave to Amend the Pleadings to Assert a Claim Under RICO Section 1962(d).  (Dkt. No. 140 ("Plaintiffs' Motion").)

After considering the papers filed in support of and in opposition to the instant Motions, the Court deems these matters appropriate for resolution without oral argument of counsel.  *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **GRANTS** Defendant Bai's 12(b)(5) motion, **DENIES as moot** Defendant Bai's 12(b)(2) and 12(b)(6) motions, **DENIES** Defendant Hume's 12(b)(2) Motion, **GRANTS** Defendant Hume's 12(b)(6) Motion, **DENIES** Moving Defendants' 12(b)(2) Motion, and **GRANTS** Moving Defendants' 12(b)(6) Motion.

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

#### 1.    Plaintiffs

Plaintiff Harmoni International is a California Corporation with its principal place of business in California.  (Dkt. No. 98 ("SAC") ¶ 31.)  Harmoni International is engaged in the importation and sale of fresh garlic, including garlic bulbs and peeled garlic, dehydrated garlic, ginger, and paprika.  (*Id.*)  Plaintiff Zhengzhou Harmoni is a subsidiary of Harmoni International, has its principal place of business in the Henan Province of China, and is engaged in the production, sale, and exportation of fresh garlic, including garlic bulbs and peeled garlic, from China to the United States.  (SAC ¶ 32.)  Harmoni International acts as the exclusive importer of Plaintiff Zhengzhou Harmoni's fresh garlic for the United States market.  (SAC ¶ 31.)

#### 2.    Dismissed Defendants

Defendant C. Agriculture is a New York corporation with its principal place of business in New York City, New York.  (SAC ¶ 44.)  C. Agriculture does business in California and New York, and is a distributor of fresh garlic and other spices and vegetables.  (*Id.*)  Defendant Jin Xia Wen ("Wen") owns C. Agriculture, and Mingju Xu ("Xu") is its manager.  (SAC ¶¶ 50–51.)  Both Wen and Xu are individuals residing in New York.  (*Id.*)  On August, 5, 2016, this Court granted C. Agriculture, Xu, and Wen's (the "C. Agriculture Defendants") motion to dismiss Plaintiffs' SAC with prejudice.  (*See* Dkt. No. 121 (the "C. Agriculture Order").)

#### 3.    Moving Defendants Relevant to the Pending Motions

Defendant Hume ("Hume") is an attorney residing in El Prado, New Mexico.  (SAC ¶ 36.)  Hume is the principal founder of Hume & Associates.  (*Id.*)  At times relevant to this action, Hume resided in, and maintained his principal place of business in, Ojai, California.  (*Id.*)  At all relevant times, Defendant Montoya ("Montoya") was an

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

associate attorney with Hume & Associates.  (SAC ¶ 37.)  Plaintiffs represent that Montoya left Hume & Associates shortly after Plaintiffs filed this action.  (*Id.*)

Defendant Crawford ("Crawford") is an individual residing in Dixon, New Mexico.  (SAC ¶ 38.)  Crawford grows garlic and other produce on his two-acre farm, known as El Bosque Garlic Farm.  (*Id.*)  Defendant Katz ("Katz") is an individual residing in Llano, New Mexico, who, like Crawford, grows garlic and other produce on his farm, known as the "Boxcar Farm."  (SAC ¶ 39.)

Defendant Huamei Consulting Co., Inc. ("Huamei USA") is a California corporation with its principal place of business in Ojai, California.  (SAC ¶ 40.)  Huamei USA allegedly works with Hume & Associates and Huamei Consulting Co., Ltd. ("Huamei China")—a non-moving defendant and Huamei USA's affiliate—to provide producers, exporters, and United States importers of Chinese garlic with a variety of professional services related to antidumping matters.  (*Id.*)

Defendant Kwo Lee, Inc. ("Kwo Lee") is a California corporation with its principal place of business in St. Louis, Missouri.  (SAC ¶ 42.)  Shuzhang Li is an individual residing in St. Louis, Missouri, and is the owner of Kwo Lee.  (SAC ¶ 43.)  Kwo Lee is engaged in the importation of fresh garlic from China for a number of companies owned and/or controlled by non-moving defendants Wenxuan Bai and Ruopeng Wang.  (SAC ¶ 42.)

Defendant Wenxuan Bai ("Bai") is a businessman residing in China.  (SAC ¶ 33.)  According to Plaintiffs, Bai is the owner of, or is otherwise associated with, Defendant Qingdao Tiantaixing Co., Ltd. ("QTF"), Defendant Qingdao Lianghe International Trading Co., Ltd. ("Lianghe"), and non-defendant Qingdao Xintianfeng Foods Co., Ltd. ("QXF").  (SAC ¶ 15.)  Plaintiffs also allege that Bai has been actively involved in the business operations of Defendant Heibei Golden Bird Trading Co., Ltd. ("Golden Bird"), another large Chinese exporter whose business operations are allegedly intertwined with those of QTF, QXF, and Lianghe.  (*Id.*)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

### 4.    Non-Moving Defendants Relevant to the Pending Motions

Defendant Jicheng Ye ("Ye"), like Bai, is a businessman residing in China.  (SAC ¶ 34.)  Plaintiffs allege that Ye has been acting in concert with Bai "to destroy Plaintiffs' competitive position in the U.S. garlic market and to replace Zhengzhou Harmoni's exports with garlic exported by his own companies or those of his co-conspirators." (SAC ¶ 16.)  Ye allegedly owns and/or controls a number of different entities exporting fresh garlic to the United States, including Defendant Jinxiang Hejia Co., Ltd. and non-defendants Sunny Import and Export Limited.  (*Id.*)

Plaintiffs aver that Bai and Ye are "actively assisted" by Defendant Ruopeng Wang ("Wang"), a Chinese businessman who controls and operates Defendant Golden Bird, (SAC ¶ 17), with which Defendant Bai allegedly has close ties, (SAC ¶ 15).  Defendant Wang also allegedly controls Huamei China.  (SAC ¶ 18.)[1]

### B.    Factual Background

In 1994, the Department of Commerce ("DOC") issued an antidumping order covering fresh garlic from, among other places, the People's Republic of China (the "Chinese Garlic Order").[2]  (SAC ¶ 2.)  The purpose of the Chinese Garlic Order was to impose duties on exporters of Chinese garlic to prevent the "dumping" of low-priced garlic in the United States, which would effectively reduce the value of domestic-grown garlic and injure competition among domestic competitors unable to compete with the lower-priced Chinese garlic.  (*See* SAC ¶ 83.)  Plaintiffs note that

---

[1] Although there are other defendants named in this action, (*see generally* SAC), only the defendants discussed are relevant to the instant Motion pending before the Court.

[2] Plaintiffs allege that the country-wide rate for garlic exported from China is $4.71 per kilogram, which is roughly 2.5 times the amount the garlic could be sold for on the market, thereby effectively barring the legal importation of fresh garlic from China by producers and exporters subject to the country-wide rate.  (SAC ¶ 121.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

subtitle B of title VII of the Tariff Act of 1930 provides that antidumping duties will be imposed when two conditions are met: (a) the DOC determines that the foreign subject merchandise is being, or is likely to be, sold in the United States at less than fair value, and (b) the U.S. International Trade Commission ("ITC") determines that a domestic industry has been materially injured or is threatened with material injury by reason of imports of that merchandise.

(SAC ¶ 84 (citing 19 U.S.C. § 1673).)  Interested parties, usually comprised of commercial manufacturers, producers, or wholesalers of a product they believe is being imported and being sold at less than fair value, may file petitions to the DOC and the ITC alleging injury to a domestic industry as a result of "dumping" conduct.  (SAC ¶ 85.)  The DOC also initiates investigations *sua sponte*.  (*Id.*)

Since 1994, the DOC "has conducted annual administrative reviews of companies subject to the Chinese Garlic Order as well as reviews of 'new shippers' of Chinese garlic."  (SAC ¶ 4.)  Because of these reviews, most Chinese garlic is subject to high duties, due in part to Chinese garlic exporters' "persistent" antidumping violations.  (SAC ¶ 5.)  One notable exception is garlic imported by Plaintiff Harmoni International from Plaintiff Zhengzhou Harmoni, which has enjoyed a zero duty rate since it was a "new shipper" in 2001.  (SAC ¶ 6.)  Plaintiff Zhengzhou Harmoni has maintained that rate to the present day and is the only current Chinese exporter with a zero duty rate.[3]  (SAC ¶ 126.)  As Plaintiff Zhengzhou Harmoni's parent company and exclusive importer, Plaintiff Harmoni International allegedly enjoys an advantage in the marketplace because of its subsidiary's zero duty rate.  (SAC ¶ 8.)

---

[3] Specifically, Plaintiffs allege that Zhengzhou Harmoni received a zero duty rate in Period of Review ("POR") 8, the eighth year after the initial Chinese Garlic Order was issued and the first year in which Zhengzhou Harmoni was reviewed.  (SAC ¶ 124.)  In the next two consecutive administrative reviews, POR 9 and POR 10, the DOC calculated the same zero cash deposit rate for Zhengzhou Harmoni.  (SAC ¶ 125.)  Since POR 10, which was in 2004, the DOC has not reviewed Zhengzhou Harmoni, thereby allowing Zhengzhou Harmoni to maintain its zero duty rate.  (SAC ¶ 126.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

According to Plaintiffs, "[r]ather than comply with U.S. antidumping laws in order to improve their competitive position," each of the named defendants "participated in an [e]nterprise which embarked upon a series of unlawful and illegal acts designed to defraud the DOC, U.S. Customs and Border Protection ('Customs'), the agency charged with administering the DOC's antidumping orders, and the [United States Court of International Trade ("CIT")]." (SAC ¶ 9.) Plaintiffs allege that Defendant Bai has "driven" the scheme, (SAC ¶ 15), working closely with Defendants Ye and Wang, who, together, have been working through Hume & Associates to engage in the allegedly fraudulent conduct, (SAC ¶¶ 16–18).

In the most recent alleged "scheme," Hume & Associates, on behalf of Bai, Ye, and Wang, allegedly "recruited" Defendants Crawford and Katz, two garlic farmers from New Mexico, to petition the DOC to review Plaintiff Zhengzhou Harmoni's garlic exportations. (SAC ¶ 22.) According to Plaintiffs, these requests contain "false and misleading allegations against Plaintiffs." (*Id.*) Plaintiffs also aver that the DOC "filings are part of an ongoing effort to force Plaintiffs to incur the significant expense and burdens associated with an administrative review, strip Plaintiffs of their lawful competitive advantage due to their zero dumping duty rate, and increase the Chinese garlic market share of various Enterprise members." (*Id.*) Plaintiffs allege that the petition is being "bankrolled by a $1.6 million 'war chest' set up at Hume and Wang's instigation by the Chinese Garlic Association[4] in September 2014." (SAC ¶ 25.) "This war chest was created for the purpose of destroying Plaintiffs' business in the United States and replacing Zhengzhou Harmoni's exports with Chinese garlic exported by companies controlled by Bai, Ye, and Wang unless Plaintiffs would agree to meet the extortionate cash payment demands of the Enterprise." (*Id.*)

Plaintiffs allege that the C. Agriculture Defendants, which allegedly have close ties to Bai, Ye, Hume, and other defendants, purportedly sent a "false and extortionate" demand letter to Harmoni International and one of its largest United States customers,

---

[4] The term "Chinese Garlic Association" refers to a group allegedly comprised of "Chinese garlic exporters owned or controlled by Defendants Bai, Ye, and Wang." (SAC ¶ 20.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Christopher Ranch L.L.C. ("Christopher Ranch"), on November 18, 2015. (*See* SAC ¶¶ 26, 279.) According to Plaintiffs, "C Agriculture made these false claims [in the demand letter] in an effort to defame and extort Harmoni," and "C Agriculture knew it had no basis to claim that Harmoni used prison labor in the garlic it imported." (SAC ¶ 284.) Plaintiffs also allege that "C Agriculture's letter constitutes an extortionate threat to publicly accuse Harmoni of a crime it did not commit unless Harmoni pays it $32 million." (SAC ¶ 285.) Additionally, Plaintiffs aver that "[t]he letter was made for the purpose of interfering directly with Plaintiffs' business relationships, defaming and damaging Plaintiffs' relationships with their customer Christopher Ranch, as well as for the purpose of extorting Plaintiffs, and did not serve as a necessary, useful, or good faith step in any litigation process." (*Id.*)

Plaintiffs also imply that the C. Agriculture Defendants' demand letter was in furtherance of the alleged scheme that Bai controlled, alleging that "C Agriculture's principals and management, Wen and Xu, played an active role in the subject defamation and attempted extortion . . . [and] [b]oth have close business ties to Bai and Ye[] and have employed Hume as counsel in prior matters." (SAC ¶ 290.) Plaintiffs also claim that there is additional circumstantial evidence of the C. Agriculture Defendants' connection with the overarching scheme; namely, that "on March 9, 2016, Hume submitted a letter on behalf of QTF to the DOC, requesting the DOC to investigate the assertion in the C Agriculture [demand] letter that Plaintiffs use prison labor to process the Chinese garlic they imported to the United States." (SAC ¶ 291.)

Finally, Plaintiffs allege that the C. Agriculture Defendants, on eight separate occasions, made fraudulent statements via electronic interface to Customs in an effort to act as a "funnel" of garlic grown or exported by Chinese Enterprise members into the United States. (*See* SAC ¶¶ 150, 174–75, 178, 306.) "Under this funneling scheme, Bai and Wang, with the assistance of C Agriculture and others, were unlawfully selling Golden Bird's favorable dumping duty rate to other Enterprise members for the purpose of circumventing the anti-dumping deposit rate that would have ordinarily been applicable," (SAC ¶ 181), which purportedly harmed Plaintiffs by decreasing their "market share" due to the low costs at which competing garlic exporters were able to sell their products, (SAC ¶¶ 182–83). Thus, Plaintiffs seek damages in the amount of lost sales caused by the purportedly fraudulent scheme. (*See* SAC ¶ 183.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

## C.    Procedural Background

Plaintiffs initiated this action on January 27, 2016, filing their Original Complaint with this Court.  (Dkt. No. 1.)  Plaintiffs filed their First Amended Complaint ("FAC") on March 4, 2016, alleging the following six claims against all of the defendants: (1) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c), (Dkt. No. 26 ("FAC") ¶¶ 259–75); (2) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, (FAC ¶¶ 276–81); (3) unfair competition, under California common law, (FAC ¶¶ 282–86); (4) trade libel, under California law, (FAC ¶¶ 287–291); (5) tortious interference with contractual relations, pursuant to California law, (FAC ¶¶ 292–98); and, (6) intentional interference with prospective economic advantage, under California law, (FAC ¶¶ 299–307).

On March 4, 2016, Plaintiffs also filed a Motion for Preliminary Injunction, (Dkt. No. 27), asking the Court to issue an order requiring "Defendants Hume, Montoya, Crawford, and Katz to retract all false statements" made in their DOC petitions, (*see* Dkt. No. 27-8.  In the same Motion, Plaintiffs' also requested that the Court enjoin Defendants Hume, Montoya, Crawford, Katz, C. Agriculture, Wen, and Xu from making false statements in the future.  (*See id.*)

On March 18, 2016, the C. Agriculture Defendants filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) and (12)(f).  (Dkt. No. 37.)  The same day, the C. Agriculture Defendants also filed a Motion to Strike the second through sixth claims in Plaintiffs' FAC pursuant to California Civil Procedure Code section 425.16, also known as an "anti-SLAPP" Motion.  (Dkt. No. 39.)

Also on March 18, 2016, Defendants Hume, Shuzhang Li, and Huamei USA (collectively, the "Hume Defendants") filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Dkt. No. 44.)  The same day, Defendants Montoya, Crawford, and Katz (collectively, the "Montoya Defendants") filed a Motion to Dismiss Plaintiffs' FAC pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6).  (Dkt. No. 45.)  Finally, on March 25, 2016, the Hume and Montoya Defendants filed an anti-SLAPP Motion as well as a Motion to Strike certain

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

portions of Plaintiffs' FAC pursuant to Federal Rule of Civil Procedure 12(f).  (Dkt. No. 48.)

On May 26, 2016, the Court granted the Montoya Defendants' Rule 12(b)(2) Motion, granted the C. Agriculture Defendants' and the Hume and Montoya Defendants' anti-SLAPP Motions and therefore dismissed Plaintiffs' second through sixth claims with prejudice, denied as moot Plaintiffs' Motion for Preliminary Injunction, granted the C. Agriculture Defendants' Rule 12(b)(6) Motion as to Plaintiffs' RICO claim with leave to amend, denied the Hume Defendants' Rule 12(b)(6) Motion as to Plaintiffs' RICO claim, and denied as moot the moving parties' Rule 12(f) Motions to the extent they sought to strike portions of Plaintiffs' FAC the Court had already stricken by granting the anti-SLAPP Motions.  (Dkt. No. 90 (hereinafter, "Order").)

On June 24, 2016, Plaintiffs filed their SAC, omitting the state law causes of action, retaining the 18 U.S.C. § 1962(c) RICO claim, and adding an 18 U.S.C. § 1962(d) RICO claim.  (*See generally* SAC.)  On July 11, 2016, the C. Agriculture Defendants filed a Motion to Dismiss Plaintiffs' SAC, (Dkt. No. 108), which the Court granted on August 5, 2016, (Dkt. No. 121).  On August 8, 2016, Defendant Bai filed his Motion to Dismiss Plaintiffs' SAC.  (Dkt. No. 123.)  On August 10, 2016, Defendant Ted Hume filed his Motion to Dismiss Plaintiffs' SAC.  (Dkt. No. 125.)  Also on August 10, 2016, Moving Defendants Montoya, Crawford, Katz, Kwo Lee, Li, and Huamei USA filed their Motion to Dismiss Plaintiffs' SAC.  (Dkt. No. 126.)  Moving Defendants also filed a request for judicial notice on August 10, 2016.  (Dkt. No. 128 ("DRJN").)  Plaintiffs opposed Wenxuan Bai's Motion on September 1, 2016.  (Dkt. No. 138 ("Pls.' Opp'n to Bai's MTD").)  Also on September 1, 2016, Plaintiffs filed an omnibus opposition to Defendant Hume and Moving Defendants' Motions.  (Dkt. No. 137 ("Pls.' Om. Opp'n").)  Together with their oppositions, Plaintiffs also filed a request for judicial notice. (Dkt. No. 139 ("PRJN").)  Defendant Bai replied on September, 19, 2016.  (Dkt. No. 149.)  Defendant Hume and Moving Defendants replied jointly on September 19, 2016.  (Dkt. No. 146.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

## III.   REQUESTS FOR JUDICIAL NOTICE

In considering matters presented by the parties, a court may properly take judicial notice of (1) material which is included as part of the complaint or relied upon by the complaint, and (2) matters in the public record. *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001). Under Federal Rule of Evidence 201(b), a judicially noticed fact must be one "not subject to reasonable dispute in that it (1) is generally known within the territorial jurisdiction of the trial court; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Further, a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *See* Fed. R. Evid. 201(c)(2); *In re Icenhower*, 755 F.3d 1130, 1142 (9th Cir. 2014). However, a court may not take judicial notice of a fact that is 'subject to reasonable dispute.'" *Lee*, 250 F.3d 668 (quoting Fed. R. Evid. 201(b)).

### A.   Defendants' Request for Judicial Notice

As discussed above, the Moving Defendants have filed a Request for Judicial Notice. (DRJN.) Specifically, the Moving Defendants ask the Court to take judicial notice of (1) a June 3, 2016 Department of Commerce Memorandum deciding "Whether the members of the New Mexico Garlic Growers Coalition are U.S. Domestic Producers of Fresh Garlic . . ."; (2) a July 8, 2016 Fresh Garlic Producers Association (FGPA) filing in DOC, noting Harmoni's choice not to respond to the DOC's questionnaire in AR 21; (3) Index of Commerce filings in Case Number A-570-831 – through July 26, 2016; (4) Harmoni's letter to the DOC requesting an extension of time to respond to the DOC's questionnaire in AR 21 (June 30, 2016); (5) The DOC's denial of Harmoni's extension request (June 30, 2016); (6) Federal Register, Volume 76, excerpt; (7) Federal Register, Volume 77, excerpt; and (8) Hume & Associate's December 3, 2015, DOC filing on behalf of New Mexico Garlic Growers Association. (DRJN at 2.) "It is not uncommon for courts to take judicial notice of factual information found on the world wide web." *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007). This is particularly true of information on government agency websites, which have often been treated as proper subjects for judicial notice. *See, e.g., Kitty Hawk Aircargo, Inc. v. Chao*, 418 F.3d 453, 457 (5th Cir. 2005) (taking judicial notice of approval by the

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

National Mediation Board published on the agency's website); *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (per curiam) (taking judicial notice of Texas agency's website); *Denius v. Dunlap*, 330 F.3d 919, 926–27 (7th Cir. 2003) (taking judicial notice of information on official government website); *In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 754 n.2 (E.D. Pa. 2003) (taking judicial notice of the Food and Drug Administration's list of new and approved drugs); *United States ex rel. Dingle v. BioPort Corp.*, 270 F.Supp.2d 968, 972 (W.D. Mich. 2003) (citation omitted) ("Public records and government documents are generally considered not to be subject to reasonable dispute . . . . This includes public records and government documents available from reliable sources on the Internet."); *Cali v. E. Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 287 n.6 (E.D.N.Y. 2001) (taking judicial notice of documents from Pennsylvania state agencies and Federal Aviation Administration). One concern that cautions against taking judicial notice of websites, "as the Seventh Circuit recognized, [is that] the internet contains an unlimited supply of information with varying degrees of reliability, permanence, and accessibility."[5] *United States v. Kane*, No. 2:13-CR-250-JAD-VCF, 2013 WL 5797619, at *9 (D. Nev. Oct. 28, 2013) (citing *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 648 (7th Cir. 2011).

Given that documents (1), (2), and (4)–(8) appear to have been publicly filed or maintained as public record, the Court **GRANTS** the Moving Defendants' Request with regard to documents (1), (2), and (4)–(8). However, the Moving Defendants ask the Court to take notice of a website that appears to reflect a search index of DOC filings in Case Number A-570-831. Although judicial notice of government websites is not uncommon, the index search result may not be consistently available in the same form as presented by Defendants at this time. When a court takes judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true. *Heliotrope Gen. Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.118 (9th Cir. 1999). Because the

---

[5] Before taking judicial notice of facts contained in websites, the Third and Seventh Circuits advise authenticating printouts of the webpage under Rule 901, supporting the printouts with affidavits, or holding a hearing on the facts to be noticed in order to give the opposing party an opportunity to respond. *Kane*, 2013 WL at *9; *Pickett*, 664 F.3d at 648.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

particular search result may have "varying degrees of reliability, permanence, and accessibility," *see Kane*, 2013 WL at *9, based on changes to the underlying database, this Court **GRANTS** Defendants' request for judicial notice of document (3) only as to its reflection of filings indexed on July 26, 2016 in particular.

## B.  Plaintiffs' Request for Judicial Notice

Plaintiffs request that the Court take judicial notice of three Exhibits: (1) a true and correct copy of a Datamyne report regarding Nature Garden Farm Corporation's United States import statistics obtained from bills of lading publicly filed with the United States Customs and Border Protection; (2) a true and correct copy of a summary report of Nature Garden Farm Corporation's Corporate Filing with the California Secretary of State; and, (3) a true and correct copy of a letter, dated March 11, 2016, sent by Robert T. Hume addressed to the Honorable Penny Pritzker regarding "*Fraud Allegations of Harmoni International Spice Inc., and Zhengzhou Harmoni Spice Co., Ltd. In Connection with POR 21 and Prior Administrative Reviews of the Antidumping Duty Order on Fresh Garlic from the People's Republic of China*(A-570-831)."  (PRJN at 1.)

Because the summary report of Nature Garden Farm Corporation's corporate filing is a matter of public record, the Court **GRANTS** Plaintiffs' request for judicial notice of Plaintiffs' Exhibit 2.

Defendants object that Plaintiffs' Exhibit 1 is not judicially noticeable, because "[n]othing is known about the reliability of these two independent sources, or whether Datamyne's 'reports' process or manipulate the CPB data in any way."  (Dkt. No. 147 ("Def.'s Objs.") at 3.)  The Court finds that the Datamyne Report itself, as a publicly-filed document, can be accurately and readily determined from sources (here, the U.S. Customs and Border Protection) whose accuracy cannot reasonably be questioned, *see* Fed. R. Evid. 201(b); thus, the Court **GRANTS** Plaintiffs' request for judicial notice of Plaintiffs' Exhibit 1.  But the Court does not take notice of any underlying facts or other substantive assertions made within the report itself.

Defendants also object to judicial notice of Plaintiffs' Exhibit 3 on the grounds that (1) the Exhibit is a document that was sent by Zhenghou Harmoni to Hon. Penny Prizker,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | | Date | November 14, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

rather than from Robert Hume to Hon. Penny Prizker, and (2) the document represents a filing that was rejected by the DOC. When a court takes judicial notice of publications like websites and newspaper articles, the court merely notices what was in the public realm at the time, not whether the contents of those articles were in fact true. *Heliotrope*, 189 F.3d at 981 n.118. The document attached as Exhibit 3 is a letter that is publicly available on the DOC website; Defendants' contention that the substantive request in the letter was rejected by DOC does not affect the letter's status as a document that exists in the public realm. And the clerical error as to the sender is clarified on the next page of the request for judicial notice. (Dkt. No. 139 at 2.) As such, the Court **GRANTS** Plaintiffs' request for judicial notice of the letter's existence, but the Court does not take notice of any facts or other substantive assertions made within the letter itself.

## IV. LEGAL STANDARD

### A. Rule 15 Leave to Amend

Federal Rule of Civil Procedure 15 encourages courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In *Foman v. Davis*, the Supreme Court explained that Rule 15's objective is to give a plaintiff "an opportunity to test his claim on the merits." 371 U.S. 178, 182 (1962). As a result, district courts should consider the following factors in deciding whether to grant leave to amend: (1) undue delay; (2) evidence of the movant's bad faith or dilatory motive; (3) repeated failures to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and, (5) futility of amendment. *Id.* Not all factors are accorded the same weight and it is the consideration of prejudice to the opposing party that carries the greatest weight in denying leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). The party opposing amendment bears the burden of demonstrating prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. All inferences should be in favor of granting the motion. *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (citing *DCD*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

*Programs, Ltd.*, 833 F.2d at 186).  Courts retain discretion to deny leave to amend, but any denial made pursuant to Rule 15 must include a specific finding of prejudice, bad faith, or futility of amendment.  *DCD Programs, Ltd.*, 833 F.2d at 186–87.

## B.     Rule 12(b)(5) Insufficient Service of Process

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to file a motion to dismiss based on "insufficient service of process" as governed by the standards enumerated in Federal Rules of Civil Procedure 4.  *See* Fed. R. Civ. P. 12(b)(5).  A motion to dismiss pursuant to Rule 12(b)(5) "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint."  *Wasson v. Riverside Cty.*, 237 F.R.D. 423, 424 (C.D. Cal. 2006).

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  If service of process is insufficient, the district court has discretion to dismiss an action or quash service.  *S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006).  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."  *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  Further, "[t]he court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion."  *Artec Grp., Inc. v. Klimov*, __ F. Supp. 3d __, No. 15-cv-03449-RMW, 2016 WL 2593896, at *2 (N.D. Cal. May 5, 2016) (citation omitted).

### 1.     Rule 4 Service on a Foreign Individual

Federal Rule of Civil Procedure 4 governs service of process for all suits in federal court.  *See* Fed. R. Civ. P. 4.  Individuals may be served outside of the United States pursuant to Rule 4(f).[6]  Three methods for serving parties abroad exist, and each method

---

[6] Rule 4(f) provides the following:

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

"stands independently, on equal footing" with the others.  *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).  In other words, Rule 4(f)(3)'s method of service "is as favored" as that of Rule 4(f)(1) or Rule 4(f)(2).  *Id.*

Under Rule 4(f)(1), plaintiffs may serve foreign entities via the processes set out in the Hague Convention.

The primary method by which service is accomplished under the Hague Convention is by forwarding the summons and complaint to the "Central Authority" for the country in which service is to be made, along with a request for service.  *See* Hague Convention, Arts. 2, 3, and 5.  Once the Central

---

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

(3) by other means not prohibited by international agreement, as the court orders.

---

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | | Date | November 14, 2016 |
|---|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | | |

Authority receives a request that complies with the Hague Convention, the Central Authority must itself serve the documents or arrange to have them served by an appropriate agency. *See id*. at Art. 5. After service has been completed, the Central Authority must then "complete a Certificate in the form of the model annexed to the . . . Convention," detailing "the method, the place, and the date of service" or explaining why service did not occur, and thereafter forward the completed Certificate "directly to the applicant." *See id.* at Art. 6.

*OGM, Inc. v. Televisa, S.A. de C.V.*, No. CV 08-5742-JFW, 2009 WL 1025971, at *2 (C.D. Cal. Apr. 15, 2009). If a signatory country does not accept service of United States legal documents through its Central Authority, "Article 10 of the Hague Convention permits service of process by alternative methods, including personal service or service by mail '[p]rovided the State of destination does not object.'" *OGM, Inc.*, 2009 WL at *2 (quoting Hague Convention, art. 10).

If a country is not a signatory to the Hague Convention, under Rule 4(f)(2) a plaintiff may serve a foreign entity "by a method that is reasonably calculated to give notice." Fed. R. Civ. P. 4(f)(2). A common example of service under this provision is "substituted service . . . by delivery to the concierge of the building where the person to be served lives, as long as the method of service is likely to give the actual notice required by United States due process concepts." *Brockmeyer*, 383 F.3d at 806 (citing Gary N. Horlick, *A Practical Guide to Service of United States Process Abroad*, 14 INT'L LAW. 637, 640 (1980)). Thus, substitute service on foreign individuals is acceptable under Rule 4, unless prohibited by the foreign country's law. Fed. R. Civ. P. 4(f)(2)(C).

Additionally, a federal court may direct service under Rule 4(f)(3), even if a plaintiff has not yet attempted service under Rule 4(f)(1) or Rule 4(f)(2). *Rio Props*., 284 F.3d at 1015 ("[S]ervice of process under Rule 4(f)(3) is neither a 'last resort' nor 'extraordinary relief' . . . [i]t is merely one means among several which enables service of process on an international defendant.") (citation omitted). Rule 4(f)(3) permits service outside the United States "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Thus, under the provision's "plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

international agreement." *Rio Props.*, 284 F.3d at 1014. "No other limitations are evident from the text. In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) may be accomplished in contravention of the laws of the foreign country." *Id.*

Service complying with Rule 4(f)(3)'s two requirements "must also comport with constitutional notions of due process." *Id.* at 1016. "To meet this requirement, the method of service crafted by the district must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). "[T]he Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Id.* at 1017 (citing *Mullane*, 339 U.S. at 314).

### C.    Rule 12(b)(2) Lack of Personal Jurisdiction

A defendant may move to dismiss an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). Once a defendant challenges personal jurisdiction, the "plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). Where the motion is based on pleadings and affidavits rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010)). Although the court must accept all uncontroverted allegations in the complaint as true, "[t]he plaintiff cannot 'simply rest on the bare allegations of its complaint.'" *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Moreover, the court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1284 (9th Cir. 1977). But where both parties submit conflicting affidavits, the court must resolve factual disputes in the plaintiff's favor. *See Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *Schwarzenegger*, 374 F.3d at 800.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

In a diversity case, a federal court's power to exercise personal jurisdiction over a non-resident defendant is limited by the law of the forum state and federal constitutional principles of due process. *Data Disc*, 557 F.2d at 1286. California's long-arm statute "is coextensive with federal due process requirements." *Schwarzenegger*, 374 F.3d at 800–01; *see also* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Thus, a court in California need only analyze whether exercising jurisdiction over a non-resident defendant would comport with federal due process. *Schwarzenegger*, 374 F.3d at 800–01.

To exercise personal jurisdiction over a non-resident defendant, due process requires that the defendant have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Myer*, 311 U.S. 457, 463 (1940)). Thus, due process protects a defendant by limiting the fora where it must defend suit to those where it would be reasonably foreseeable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985).

Depending on the level of contacts with the forum state, general or specific jurisdiction may be proper. General jurisdiction arises where the defendant's contacts with or activities in the forum state are so "substantial" or "continuous and systematic" as to justify the exercise of jurisdiction over it with respect to all matters. *Data Disc*, 557 F.2d at 1287. Specific jurisdiction arises where the defendant's contacts with the forum state give rise to the plaintiff's suit. *Id.*

Several jurisdictions, including the Ninth Circuit, have held that Congressional authorization of nationwide service of process is a sufficient predicate for the assertion of personal jurisdiction over non-resident civil RICO defendants. *See Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255, 1258 (5th Cir. 1994) ; *United Liberty Life Ins. Co. v. Ryan*, 985 F.2d 1320, 1330 (6th Cir. 1993); *Go-Video, Inc. v. Akai Elec. Co.*, 885 F.2d 1406, 1414–16 (9th Cir. 1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

### D.   Rule 12(b)(6)

Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: first, the court must discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, the court must determine "whether they plausibly give rise to an entitlement to relief." *See id.* at 679; *accord Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

## V.   DISCUSSION

As discussed above, multiple motions are pending before the Court. Plaintiffs allege RICO claims against Defendants Hume, Bai, and the Moving Defendants. (*See generally* SAC.) Plaintiffs bring their first RICO claim pursuant to 18 U.S.C. § 1962(c), (*see* SAC ¶¶ 293–311). This Court previously denied Plaintiffs' attempt to join the second §1962(d) claim without leave of the Court, and instructed Plaintiffs to seek leave

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

to amend.  (C. Agriculture Order at 25.)  Thus, the Court will begin by addressing Plaintiffs' Motion for Leave to Amend.  Next, the Court will discuss Defendant' Bai's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5).  Then the Court will address Hume's, Moving Defendants' and Bai's Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) in view of the RICO nationwide jurisdictional authority in 18 U.S.C. § 1965.  Finally, the Court will address the Hume's, Bai's, and Moving Defendants' Motions to Dismiss Plaintiffs' RICO claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

### A.    Leave to Amend under Rule 15

Plaintiffs seek leave from this Court to add a new cause of action under 18 U.S.C. § 1962(d) to their SAC.[7]  Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within twenty-one days after serving it, or after a pleading or motion responsive to it has been filed, whichever is earlier.  Fed. R. Civ. P. 15(a)(1).  In all other cases, a party can amend its pleading only with the opposing party's written consent or leave of court.  Fed. R. Civ. P. 15(a)(2).  Given that Rule 15(a)(1) was inapplicable, Plaintiffs were required to seek either leave of Court or the named defendants' written consent to add a new cause of action.

Plaintiffs submitted their motion in a timely manner and without undue delay.  The Court perceives no bad faith or dilatory motive.  The section 1962(d) claim was included in the SAC without request for leave to do so, but the Court finds this deficiency insufficient to preclude granting leave to amend now.  The opposing parties here will suffer no undue prejudice; they have been on notice of Plaintiffs' intention to file the section 1962(d) claim, considering that it was improperly included in the SAC, which was filed on June 24, 2016.  (*See* Dkt. No. 98.)  And at this stage, the Court does not find amendment of a section 1962(d) claim to be futile as Plaintiffs have not previously pleaded this claim and the section 1962(c) claims are still pending against Defendant

---

[7] The Court previously struck Plaintiffs' 1962(d) claim from their SAC because Plaintiffs failed to apply for leave to amend pleadings to add that claim.  (C. Agriculture Order at 25.)  The Court instructed Plaintiffs that if they wished to add this claim, they must either file a Motion for Leave to Amend, or they must obtain written consent from the defendants in this action.  *See* Fed. R. Civ. P. 15(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Hume, Moving Defendants, and Defendant Bai.  Accordingly, the Court **GRANTS** Plaintiffs' Motion for Leave to Amend and substantively considers the section 1962(d) claim in this instant order.

## B.    Service of Process under Rule 12(b)(5)

Defendant Bai argues that he has not been properly served by Plaintiffs.  The Court agrees.  Federal Rule of Civil Procedure 12(b)(5) permits a motion to dismiss for insufficiency of service of process.  Fed R. Civ. P. 12(b)(5).  If service of process is insufficient, the district court has discretion to dismiss an action or quash service. *Issaquah*, 470 F.3d at 1293.  "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer*, 383 F.3d at 801.  Further, "[t]he court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Artec*, 2016 WL at *2.

Here, Defendant Bai argues that "he is a Chinese resident and citizen, and has never resided in or been a citizen of the United States or California.  (Bai's MTD at 2 (citing Dkt. No. 123-3 ("Bai Decl.") at 1.)  Bai further explains that the Proof of Service on him, filed on July 8, 2016, was accomplished "[b]y Substituted Service."  (Bai's MTD at 2 (citing Proof of Service, Dkt. No. 103 ¶ 4(b)).)  But according to Bai, Plaintiffs "fail to allege – either in the SAC or in the Proof of Service – that the Copus Road Address is affiliated with Bai."  (Bai's MTD at 2–3.)  And Bai adds that "[t]he Process Server further stated that on July 6, 2016, she mailed the Complaint and Summons to Bai not at an address in China, but to the Copus Road Address in Bakersfield.  (Bai's MTD at 3 (citing Proof of Service, Dkt. No. 103 at 4).)

An individual may be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. *LSJ Inv. Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322–23 (6th Cir. 1999); FRCP 4(e)(1).  Plaintiffs argue that they sufficiently served Defendant Bai under California's substituted service law.[8]  Plaintiffs have explained that "Bai is the

---

[8] If a country is not a signatory to the Hague Convention, under Rule 4(f)(2) a plaintiff may serve a foreign entity "by a method that is reasonably calculated to give notice."  Fed. R. Civ. P. 4(f)(2).  A

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

registered President of Nature Garden, a California company with its primary place of business in Bakersfield, California." (Pls.' Opp'n to Bai MTD at 7 (citing SAC ¶ 33).) Moreover, Plaintiffs "served the SAC upon Bai on July 5, 2016," which required their process server to "visit[] Bai's company four times to find that the property had been padlocked and all access to the property blocked." (Pls.' Opp'n to Bai's MTD at 2.) After being told by an office manager that Bai was "not in", Plaintiffs mailed copies of the summons and the SAC to Bai at the company's Bakersfield address. (*Id.*)

But this Court is unaware of federal or California law supporting substituted service on a place of business of a foreign defendant who resides abroad. And the only clearly applicable law here regarding service on foreign defendants is Fed. R. Civ. P. 4(f) governing service of foreign defendants. Under this rule of procedure, Plaintiffs have failed to make sufficient service upon Defendant Bai. Plaintiffs express that they have "begun the process to serve Defendant Bai, as well as the other eleven defendants that are residents of the People's Republic of China, with the Second Amended Complaint under the Hague Convention." (Dkt. No. 138-1, Declaration of John E. Schreiber ("Schreiber Decl.") ¶ 4.) But Plaintiffs have given no indication that service under the Hague Convention has been completed. Accordingly, the Court **GRANTS** Defendant Bai's Motion to Dismiss under Rule 12(b)(5), finding that Plaintiffs have not substantially complied with Rule 4(f) for service of the SAC and summons upon foreign resident Defendant Bai pursuant to the Hague Convention. Plaintiffs should proceed with service upon Defendant Bai pursuant to Rule 4(f)(1).

---

common example of service under this provision is "substituted service . . . by delivery to the concierge of the building where the person to be served lives, as long as the method of service is likely to give the actual notice required by United States due process concepts." *Brockmeyer*, 383 F.3d at 806. But China is a signatory to the Hague Convention; thus, Plaintiffs must first use the procedure for service outlined therein.

LINK:

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

**C.    Personal Jurisdiction and RICO's Nationwide Jurisdiction Provision**

**1.    This Court Lacks Specific Jurisdiction Over Defendants Montoya, Crawford, and Katz**

Defendants Montoya, Crawford, and Katz argue they are not subject to personal jurisdiction in California. (Mov. MTD at 20.)[9] Plaintiffs contend that the Court has personal jurisdiction over Defendants Montoya, Crawford, and Katz under RICO's nationwide jurisdiction provision. (Pls.' Om. Opp'n at 14–16.) Given that personal jurisdiction under California's long-arm statute would render moot the issue of whether RICO's nationwide jurisdiction provisions applies, the Court will first address California's long-arm statute.

The Court previously found that "Plaintiffs fail to demonstrate that the Montoya Defendants purposefully directed their acts toward California. The Court therefore does not have specific jurisdiction over the Montoya Defendants." (Order at 22.) Plaintiffs fail to articulate any new arguments in their Omnibus Opposition to Moving Defendants' Motion to support the Court's assertion of specific jurisdiction over the Montoya Defendants. (*See generally* Pls.' Om. Opp'n.) And in the SAC, the Plaintiffs make the same core allegations against the Montoya Defendants as in the FAC; the Court finds no new pleadings in the SAC to suggest that it now has specific jurisdiction over the Montoya Defendants. Thus, the Court here again finds that it does not have specific jurisdiction over the Montoya Defendants.

But the personal jurisdiction inquiry does not end here; the Court will evaluate whether Plaintiffs have sufficiently established that RICO's nationwide jurisdiction provision applies to permit this Court's exercise of jurisdiction over Defendants Montoya, Crawford, and Katz.

---

[9] Defendant Bai also challenged the Court's personal jurisdiction over him. In view of Plaintiffs' insufficient service of process on Bai, the Court will not reach the issue of its personal jurisdiction over Defendant Bai here. Moving Defendants do not dispute that this Court has personal jurisdiction over the Hume Defendants. (*See generally* Mov. MTD.)

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

#### 2.     Plaintiffs Establish That RICO's Nationwide Jurisdiction Provision Applies in the Instant Action

"In section 1965(b), Congress provided for service of process upon RICO defendants residing outside the federal court's district when it is shown that 'the ends of justice' require it." *Butcher's Union Local No. 498, United Food & Commercial Workers v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir. 1986) (citing 18 U.S.C. § 1965(b)).

> For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators.

*Id.* at 539.  "[M]erely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions," *id.*; in order to "take advantage of nationwide service under RICO, . . . a plaintiff must adduce evidence that there is no other district in the United States that would have personal jurisdiction over all of the alleged co-conspirators," *Barantsevich v. VTB Bank*, 954 F. Supp. 2d 972, 989 (C.D. Cal. 2013).

Here, Plaintiffs sufficiently allege that Kwo Lee, one of the Moving Defendants, is a California resident.  (SAC ¶ 42.)  Thus, at least one defendant in the alleged RICO enterprise is subject to personal jurisdiction in California.  Moreover, Plaintiffs have "adduce[d] evidence that there is no other district in the United States that would have personal jurisdiction over all of the alleged co-conspirators." *See Barantsevich*, 954 F. Supp. 2d at 989.  Plaintiffs plead that (unlike Defendants Crawford, Katz, Montoya, and Hume) each of Defendants Huamei USA, Kwo Lee, Li, Wen, Xu, Bai, Ye, Wang, Huamei China, Golden Bird, QTF, Hejia, Lianghe, Chen, Du, Zhang, Lucy Wang, "would not be subject to personal jurisdiction in New Mexico because [defendant] is not a resident of New Mexico and neither [defendant]'s conduct in nor connections to New

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

Mexico[10] are sufficient to establish minimum contacts there."  (*See* SAC ¶¶ 58–60, 62–75.)  These pleadings satisfy the requirement that Plaintiffs must adduce sufficient evidence in their complaint to show that no other district would have personal jurisdiction over all the defendants.  As such, Plaintiffs establish that the ends of justice here require the Court to exercise personal jurisdiction under RICO's Nationwide Jurisdiction Provision over Defendant Hume, and the Moving Defendants.  Moving Defendants' and Defendant Hume's pending Rule 12(b)(2) Motions are therefore **DENIED**.

### D.    Rule 12(b)(6) Failure to State a Claim Under 18 U.S.C. § 1962(c)

Title 18 provides a civil remedy for "[a]ny person injured in his business . . . by reason of a violation of section 1962."  18 U.S.C. § 1964(c).[11]  Pursuant to 18 U.S.C. § 1962, RICO makes it unlawful for a person "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise's affairs through a pattern of racketeering activity."  18 U.S.C. § 1962(c).

"The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to plaintiff's business or property."  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (internal quotation marks omitted).  To allege a violation of mail or wire fraud under 18 U.S.C. §§ 1341 or 1343, respectively, a plaintiff must show: (1) there was a scheme to defraud; (2) the defendants used the mail (or wire, radio, or television) in furtherance of the scheme; and, (3) the defendants acted with the specific intent to deceive or defraud.  *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 620 (9th Cir. 2004).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  To plead fraud with

---

[10] New Mexico is the only other relevant state in this case; the Court infers that no defendant has greater contacts to any other state.

[11] Section 1964(c) provides a private cause of action for RICO predicate offenses of mail and wire fraud in violation of § 1962(c).  *Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 6–7 (2010).

LINK:

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

particularity, the pleader must state the time, place, and specific content of the false representations. *Odom v. Microsoft Corp.*, 486 F.3d 541, 553 (9th Cir. 2007). The allegations "must set forth more than neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about the statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted). In essence, the defendant must be able to prepare an adequate answer to the allegations of fraud. *Odom*, 486 F.3d at 553. Where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). Rather, a plaintiff must identify each defendant's role in the alleged scheme. *Id.* at 765.

### 1.    Enterprise

"The term 'enterprise' is defined in 18 U.S.C. § 1961(4) as 'any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.'" *Living Designs*, 431 F.3d at 361; *see also Odom*, 486 F.3d at 552 ("[A]n associated-in-fact enterprise under RICO does not require any particular organizational structure, separate or otherwise."). In its previous Order, the Court declined to conclude whether that Plaintiffs had adequately alleged in their FAC that Defendants Hume, Shuzhang Li, and Huamei USA, Montoya, Crawford, and Katz were part of an associated-in-fact enterprise with a common purpose of "caus[ing] economic harm to Plaintiffs by instigating a DOC review and damaging Plaintiffs' reputation by alleging purportedly false and defamatory facts in the DOC filings." (*See* Order at 45.)

Now, Moving Defendants argue that Plaintiffs have not sufficiently identified each defendant's role in the alleged scheme. (Mov. MTD at 12–13.) In particular, Moving Defendants argue that "funneling" is only alleged against Defendants Hume and Kwo Lee, but not against the Montoya Defendants, Shuzhang Li, or Huamei USA. (Mov. MTD at 8.) Moving Defendants contend that "[t]he mere reference to 'the Enterprise' in addition to [Golden Bird, C. Agriculture and Hume] is not enough to drag the other Defendants into the funneling allegations without any claims that these other Defendants knew of or intended to further the funneling in any way." (Mov. MTD at 8.)

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

The Court disagrees with Moving Defendants fragmented framing of the alleged enterprise and conspiracy. Plaintiffs pleadings are not limited to funneling by particular defendants (although funneling plays a role in the alleged RICO violation). Rather, Plaintiffs allege facts, which, when accepted as true, establish the existence of an associated-in-fact enterprise. For example, Plaintiffs allege that: (1) Defendants Hume and Montoya "work together with Huamei to represent the Chinese Garlic Association companies before the DOC, Customs, and the CIT and to further the Enterprise's overall scheme against Plaintiffs," (SAC ¶ 144); (2) Defendant Kwo Lee facilitates QTF's and Golden Bird's exportation of fresh garlic, (SAC ¶ 147); (3) Defendant Huamei USA "works on behalf of members of the Chinese Garlic Association . . . to achieve the Enterprise's unlawful objectives," (SAC ¶ 143), and "provide[s] producers, exporters, and U.S. importers of Chinese garlic with a variety of services to help them increase their market share in the United States," (SAC ¶ 40); and, (4) Defendants Katz and Crawford filed administrative review requests against Plaintiffs as a front, acting under false pretenses for the Enterprise members who imported Chinese garlic, (SAC¶ 154). Thus, Plaintiffs have sufficiently pleaded each of the Moving Defendants' and Defendant Hume's involvement in an associated-in-fact enterprise.

## 2.    Pattern of Racketeering Activity

"Racketeering activity" is defined as any act indictable under specified provisions of Title 18 of the United States Code, "and includes the predicate acts of mail fraud [and] wire fraud." *Turner v. Cook*, 362 F.3d 1219, 1229 (9th Cir. 2004); *see also* 18 U.S.C. § 1961(1). To amount to a "pattern" of racketeering activity, there must have been "at least two [predicate] acts of racketeering activity" within ten years of each other. 18 U.S.C. § 1961(5). But although two predicate acts are necessary for a pattern, they are not sufficient alone. *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 237–38 (1989). Moreover, where, as here, a plaintiff alleges RICO claims against multiple defendants, the "plaintiff must allege at least two predicate acts by *each* defendant." *In re WellPoint, Inc.*, 865 F. Supp. 2d 1002, 1035 (C.D. Cal. 2011). Inherent in the requirement for a pattern of racketeering activity is the requirement of continuity. *See H.J. Inc.*, 492 U.S. at 237. "[T]o prove a pattern of racketeering activity a plaintiff [] must show that the racketeering predicates are related, and that they amount to or pose a threat of continued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

activity." *Id.* at 239.  These are two distinct requirements.  *See id.* at 242 ("[W]hat must be continuous, RICO's predicate acts or offenses, and the relationship these predicates must bear to one another, are distinct requirements.").

        Plaintiffs contend that "[b]ecause the Court already determined that Plaintiffs' allegations [of the pattern of racketeering element] were sufficient[12] . . . the Hume Defendants are barred from attempting to re-litigate [the element] now." (Pls.' Om. Opp'n at 5.)  This Court has not been divested of jurisdiction over this case, nor was the question of the pattern of racketeering decided by an appellate court.  In the prior Order, the Court noted that "the Hume and Montoya Defendants do not challenge the pleading sufficiency of Plaintiffs' FAC as to the pattern of racketeering requirement."  (Order at 46.)  In their instant Motion, Moving Defendants argue that the pattern of racketeering requirement is insufficiently pleaded.  The Court, in its discretion, will reconsider the issue.[13]

        Moving Defendants contend that Plaintiffs alleged only one predicate act against Kwo Lee, and zero predicate acts against Shuzhang Li and Huamei USA.  (Mov. MTD at

---

[12] With respect to Defendants Hume, Shuzhang Li, and Huamei USA, this Court in its prior Order found that Plaintiffs sufficiently pleaded a pattern of racketeering activity.  (*See* Order at 47.)  The Court explained that "[w]ith respect to the Hume Defendants, Plaintiffs have sufficiently pleaded a pattern of racketeering activity.  Specifically, Plaintiffs allege that the Hume Defendants have conspired to send multiple allegedly fraudulent emails and letters via first-class mail to the DOC in an attempt to harm Plaintiffs.  (*See* FAC ¶ 270.)  Plaintiffs also provide the dates the emails and letters were sent, who sent them, a general description of the contents of the allegedly fraudulent letters, and an explanation as to why they are allegedly fraudulent.  (*See id.*)  Accordingly, Plaintiffs satisfy Rule 9(b)'s heightened pleading requirement as to the Hume Defendants' alleged pattern of racketeering activity."  (Order at 47.)

[13] "All rulings of a trial court are subject to revision at any time before the entry of judgment.  A trial court may not, however, reconsider a question decided by an appellate court."  *United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004).  And "[t]he law of the case doctrine is 'wholly inapposite' to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction."  *See United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (citing *Santa Monica Baykeeper*, 254 F.3d at 888).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-00614-BRO (ASx)** | Date | November 14, 2016 |
|---|---|---|---|
| Title | **HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL.** | | |

18 (citing SAC ¶ 306).)  As a result, Moving Defendants argue that the claims against Kwo Lee, Shuzhang Li, and Huamei USA should be dismissed.  (Mov. MTD at 19.)  Moving Defendants assertion that only one predicate act is alleged against Kwo Lee is imprecise; one *type* of predicate act was alleged,[14] but viewing the pleadings in a light favorable to Plaintiffs, as the law requires, that particular type of act allegedly occurred "on at least two occasions."  (*See* SAC ¶ 248.)  But the Court agrees that the pleadings fail to establish at least two predicate acts by each of Defendants Shuzhang Li and Huamei USA.[15]

### a.   Relatedness

The United States Supreme Court held that, as to the relationship requirement, "[c]riminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events."  *H.J. Inc.*, 492 U.S. at 240.  Moving Defendants attempt to separate the predicate acts underlying the alleged RICO enterprise into several disconnected categories.  (*See* Mov. MTD at 4.)  But the alleged submissions of fraudulent statements to DOC via electronic and first class mail, (see SAC ¶¶ 296, 302, 306), as well as the use of such media to engage in alleged funneling activities have similar purposes, results, and victims.  The Court considers the alleged RICO enterprise to have embraced the singular purpose of reducing Plaintiffs competitiveness in the garlic market for the benefit of Defendant Hume and Moving Defendants (among others).  Thus, the relatedness requirement is satisfied here.

---

[14] Plaintiffs allege that "[o]n October 2, 2014, in further support of its lawsuit against Customs, Kwo Lee filed with the CIT an affidavit executed by Zhao, an individual purporting to be the Manager of QTF." (SAC ¶ 198.)

[15] The Court notes that Plaintiffs refers to Defendants Huamei USA and Huamei Consulting Co., Ltd. ("Huamei China") as one Defendant "Huamei."  (*See* SAC ¶ 18.)  But where multiple defendants allegedly engaged in fraudulent activity, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together."  *Swartz*, 476 F.3d at 764.  Rather, a plaintiff must identify each defendant's role in the alleged scheme.  *Id.* at 765.  Thus, this Court scrutinizes the SAC's pleadings with regard to Huamei USA and Huamei China separately, rather than "Huamei" jointly as defined by Plaintiffs.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

### b.    Continuity

A plaintiff alleging a RICO violation must also satisfy the "continuity" requirement.  *See H.J. Inc.*, 492 U.S. at 240.  "Whether the predicates . . . establish a threat of continued racketeering activity depends on the specific facts of each case."  *H.J. Inc.*, 492 U.S. at 242.  "Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement: Congress was concerned in RICO with long-term criminal conduct."  *Id.*  "A RICO pattern may surely be established if the related predicates themselves involve a distinct threat of long-term racketeering activity, either implicit or explicit."  *Id.*  "The continuity requirement is likewise satisfied where it is shown that the predicates are a regular way of conducting defendant's ongoing legitimate business (in the sense that it is not a business that exists for criminal purposes), or of conducting or participating in an ongoing and legitimate RICO 'enterprise.'"  *Id.* at 243.

"'Continuity' is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition."  *Id.* at 241 (citing *Barticheck v. Fid. Union Bank/First Nat. State*, 832 F.2d 36, 39 (3d Cir. 1987)).  "A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time.  Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement . . . ."  *Id.* at 242.

Moving Defendants also argue that Plaintiffs have not adequately alleged facts to plead the continuity requirement against Montoya, Kwo Lee, Inc, Shuzhang Li, and Huamei USA.  (Mov. MTD at 16.)  In support, Moving Defendants claim that continuity must be established separately for each individual defendant.  (*Id.* (citing *WellPoint*, 865 F. Supp. 2d at 1035).)  Moving Defendants maintain that "[t]he alleged predicate acts against Montoya consist of participating in three DOC filings dated November 28, 2015, December 3, 2015, and February 22, 2016 – spanning less than four months.  (Mov. MTD at 16 (citing SAC ¶ 306).)  Moving Defendants claim that this time span does not satisfy the open-ended or closed-ended continuity requirement under RICO.  (Mov. MTD at 16.)  According to Moving Defendants, closed-ended continuity has been held to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

satisfied only where a pattern of activity lasts at least a year. (Mov. MTD at 17 (citing *Religious Tech. Ctr. V. Wollersheim*, 971 F. 2d 364 (9th Cir. 1992)).)

The Court agrees that Plaintiffs' allegations regarding the Customs submissions fail to satisfy the closed-ended concept of continuity, as the alleged acts spanned a period of only four months. (*See* SAC ¶ 306.) But Plaintiffs argue that they satisfy the open-ended concept of continuity. (Pls.' Om. Opp'n at 9–11.) Open-ended schemes, Moving Defendants concede, may satisfy the continuity requirement regardless of their brevity. (Mov. MTD at 17.) But Moving Defendants argue that because "Montoya is no longer employed by Hume & Associates and withdrew from representation of Crawford and Katz" there "is no threat of continuing activity or participation in the alleged scheme . . . ." (Mov. MTD at 17.) The Court disagrees; Montoya's disaffiliation from Hume & Associates does not prevent him from continuing to undertake individual predicate acts that further the alleged scheme. Membership in a particular organization is not required in order to engage in the enterprise; to the contrary, each individual defendant must have performed at least two predicate acts in order to even be entwined in this alleged enterprise. And the Court finds no indication that any other Defendant will cease the alleged behavior.

In view of the foregoing, Plaintiffs have sufficiently pleaded the pattern of racketeering element with regard to Defendant Hume and the Montoya Defendants. Plaintiffs have failed to sufficiently plead the pattern of racketeering element with regard to Defendants Shuzhang Li and Huamei USA.

### 3.    Proximate Cause

The last element of a RICO claim is that the predicate acts must have caused the plaintiff's harm. *Living Designs*, 431 F.3d at 361. "[T]o state a claim under civil RICO, the plaintiff is required to show that a RICO predicate offense 'not only was a 'but for' cause of his injury, but was the proximate cause as well.'" *Hemi Grp.*, 559 U.S. at 9 (quoting *Holmes v. Sec. Inv'r Prot. Corp*, 503 U.S. 258, 268 (1992)). "Proximate cause for RICO purposes . . . should be evaluated in light of its common-law foundations; proximate cause thus requires 'some direct relation between the injury asserted and the injurious conduct alleged.'" *Id.* (quoting *Holmes*, 503 U.S. at 268). "A link that is 'too

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

remote,' 'purely contingent,' or 'indirec[t]' is insufficient." *Id.* (quoting *Holmes*, 503 U.S. at 271).

Moving Defendants assert that "the alleged funneling does not give rise to viable RICO damages pursuant to *Anza v. Ideal Steal Supply Corp.*[16] . . . . There is an intervening factor between Harmoni's claimed damages (loss of market shares) and the alleged funneling . . . . Just as in *Anza*, this intervening factor ensures that Harmoni cannot establish proximate cause between the alleged predicate acts of funneling and its claimed damages." (Mov. MTD at 3.)

Plaintiffs argue that Defendants' contention that the proximate cause element is not sufficiently pleaded with regard to the Montoya Defendants is a red herring and "cannot change the fact that this Court has *already found* that other predicate acts of wire and mail fraud . . . did in fact directly and proximately cause harm to Harmoni as alleged in the FAC *and* the SAC. (Pls.' Om. Opp'n at 21–22 (emphasis in original) (citing Order at 48).) As explained above, this Court has not been divested of jurisdiction over this case, nor was the question of proximate causation decided by an appellate court. Accordingly, in view of the *Anza* decision, the Court will reassess the particular facts previously relied upon in the Court's evaluation of whether Plaintiffs adequately pleaded the proximate cause element against Defendants Hume, Shuzhang Li, Huamei USA, Crawford, Montoya, and Katz.

In view of *Bridge v. Phoenix Bond & Indemnity Co.*[17], the Court previously rejected the Hume and Montoya Defendants' argument that "Plaintiffs must allege reliance on the misrepresentations to satisfy RICO's proximate cause requirement." (Order at 48.) Further, the Court found that "the instant action is closely analogous to *Bridge* with respect to both proximate cause and injury." (Order at 48.)[18] But in

---

[16] 547 U.S. 451 (2006).

[17] 553 U.S. 639 (2008).

[18] This Court previously reasoned that "as in *Bridge*, Plaintiffs allege that they were harmed by the purportedly fraudulent statements sent to the DOC because the allegedly false statements have harmed their business reputation, leading to lost profits; and because Plaintiffs will incur significant monetary

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | | Date | November 14, 2016 |
|---|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | | |

considering the C. Agriculture Defendants' motion to dismiss the SAC, (*see* C. Agriculture Order), the Court determined that the instant action is more like *Anza* than *Bridge*, because the harm suffered by the plaintiff in *Anza* is more akin to the harm suffered by Plaintiffs in the instant action. In *Bridge*, there was a quantifiable and direct loss, whereas here, the loss is much more speculative and attenuated given that the lost profits Plaintiffs allegedly incurred, as the *Anza* Court explained, *see Anza*, 547 U.S. at 459, could have been caused by a number of different factors. (*See* C. Agriculture Order at 22–23.)

The Court reaffirms its view that application of *Anza* is more appropriate here than application of *Bridge*. The harm suffered by the plaintiff in *Anza* is akin to the harm suffered by Plaintiffs in the instant action. Namely, the plaintiff in *Anza* alleged that it was harmed by the lost sales caused by the defendants' ability to charge lower prices due to its fraudulent practice of omitting sales tax and hiding that fact by submitting fraudulent tax returns. Similarly, here, Plaintiffs allege that they have been harmed by lost sales caused by the increased competition in the garlic market, which was made possible by the Defendant Hume's and Moving Defendants' allegedly fraudulent DOC filings and funneling, because those activities allowed the Chinese garlic exporters and growers to increase the Chinese garlic enterprise members' market share in the United States. (SAC ¶¶ 299, 302.)

Further, like the plaintiff in *Anza*, Plaintiffs' "lost sales could have resulted from factors other than [Defendant Hume's and the Moving Defendants'] alleged acts of fraud." *See Anza*, 547 U.S. at 459. As the *Anza* Court explained, "[b]usinesses lose and gain customers for many reasons, and it would require a complex assessment to establish what portion of [Plaintiffs'] lost sales were the product" of the competition the Moving Defendants and Defendant Hume allegedly made possible through their purportedly fraudulent conduct. *See id.*

---

costs in responding to the review and potentially lose their zero duty rate. (FAC ¶¶ 243–246, 274.) Accordingly, Plaintiffs have adequately pleaded an injury caused by the purported RICO violation." (Order at 48.)

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

In sum, the Court concludes that the connection between Plaintiffs' alleged harm of lost sales and profits that was purportedly caused by Defendant Hume's and Moving Defendants' DOC and CIT filings is too attenuated to satisfy the proximate causation requirement. As the *Anza* Court stated, "[a] RICO plaintiff cannot circumvent the proximate-cause requirement simply by claiming that the defendant's aim was to increase market share at a competitor's expense." *Id.* at 460. As previously stated, the *Anza* Court also instructed that "[w]hen a court evaluates a RICO claim for proximate causation, the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries." *Id.* at 461. As in *Anza*, the answer here is no.

In view of the foregoing, Defendant Hume's and the Moving Defendants' Defendants' Motions to Dismiss are **GRANTED WITH PREJUDICE** as to Plaintiffs' § 1962(c) claim, as amendment would be futile given the lack of proximate causation between the predicate acts and Plaintiffs' allegedly suffered harm. *See Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *see also Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("As here, where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad.").[19]

### E.    Failure to State a Claim under 18 U.S.C. § 1962(d)

As discussed above, Plaintiffs have sought leave to amend a § 1962(d) claim, alleging that the Defendants conspired to violate section 1962(c). (*See* discussion *supra* Section V.A; SAC ¶¶ 312–18.) As discussed above, this Court grants leave to amend; in view of Moving Defendants' substantive response to Plaintiffs' section 1962(d) allegations, (*see* Mov. MTD at 19), the Court will consider the section 1962(d) claim substantively here.

The amended section 1962(d) cause of action fails as applied to the Moving Defendants and Defendant Hume. Where a plaintiff "has failed to allege the requisite

---

[19] In light of the foregoing analysis, the Court here does not reach the issue of the applicability of *Noerr-Pennington* preclusion to Plaintiffs' RICO claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-00614-BRO (ASx) | Date | November 14, 2016 |
|---|---|---|---|
| Title | HARMONI INTERNATIONAL SPICE, INC. ET AL. V. WENXUAN BAI ET AL. | | |

substantive elements of RICO, the conspiracy cause of action cannot stand." *Wollersheim*, 971 F.2d at 367 n.8; *see also Neibel v. Trans World Assurance Co.*, 108 F.3d 1123, 1127 (9th Cir. 1997) (clarifying that, "if the section 1962(c) claim does not state an action upon which relief could *ever* be granted, regardless of the evidence, then the section 1962(d) claim cannot be entertained"), *implied overruling on other grounds recognized by United States v. Fernandez*, 388 F.3d 1199 (9th Cir. 2004).

Here, as discussed above, Plaintiffs' section 1962(c) claim cannot be entertained, as Plaintiffs have failed to adequately allege facts which—even accepting them as true—(1) demonstrate a pattern of racketeering with regard to Defendants Shuzhang Li and Huamei USA, and (2) satisfy the proximate cause element with regard to Moving Defendants and Defendant Hume.  Given that Plaintiffs' section 1962(c) claim fails with regard to Moving Defendants and Defendant Hume, Plaintiffs' section 1962(d) claim against them necessarily fails as well.  *See Wollersheim*, 971 F.2d at 367 n.8.  The Moving Defendants' and Defendant Hume's 12(b)(6) Motions are therefore **GRANTED** as to Plaintiffs' section 1962(d) claim.

## VI.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion is **GRANTED**, and Plaintiffs' sections 1962(c) and (d) claims against Moving Defendants and Defendant Hume are **DISMISSED WITH PREJUDICE**.  Plaintiffs' sections 1962(c) and (d) claims against Defendant Bai are **DISMISSED WITHOUT PREJUDICE**.  Any amended complaint is to be filed on or before November 28, 2016.

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | rf |